IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

TERRANCE ROBINSON )
Full name and prison number of )
plaintiff(s) )
 )
 )
v. )  CIVIL ACTION NO. 2:06CV358-WKW
Warden Arnold Holt et al., )  (To be supplied by the Clerk of the
 )  U.S. District Court)
_____ )
 )
_____ )
 )
_____ )
Name of person(s) who violated )
your constitutional rights. )
(List the names of all the persons) )

I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?   Yes ( )   No (✓)

B. Have you begun other lawsuits in state or federal court relating to your imprisonment?   Yes ( )   No (✓)

C. If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit
   Plaintiff(s) _____ N/A _____
   Defendant(s) _____ N/A _____

2. Court (if federal court, name the district; if state court, name the county)
   _____ N/A _____

3. Docket No. _____ N/A _____

4. Name of Judge to whom case was assigned _____ N/A _____

RECEIVED 2006 APR 19 P 2:13

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending? __N/A__

6. Approximate date of filing lawsuit __N/A__

7. Approximate date of disposition __N/A__

II. PLACE OF PRESENT CONFINEMENT __Bullock County Corr. Facility__
__P.O. Box 5107, Union Springs, AL - 36089__

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED __Bullock County__

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| | NAME | ADDRESS |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED _____

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: __SEE Attached Sheets;__

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place, manner, and person involved).
__SEE Attached Sheets;__

-2-

GROUND TWO: _See Attached Sheets;_

SUPPORTING FACTS: _See Attached Sheets;_

GROUND THREE: _See Attached Sheets;_

SUPPORTING FACTS: _See Attached Sheets;_

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

_Grant Relief;_

_____
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on _____
                    (date)

_____
Signature of plaintiff(s)

# In The United States District Court For The Middle District Of Alabama

Terrance Robinson,
  Petitioner,

vs.

Warden Arnold Holt,
  Respondent,

Case No. # CC-94.74

## Petition For Claim Under Actual Innocence

### Jurisdiction:

This Honorable Court has jurisdiction of the above styled action, and the subject matter jurisdiction contained within pursuant to the actual innocence claim;

### Argument On A.E.D.P.A.'s Time Limitations And Actual Innocence

A.E.D.P.A. requires that a petitioner file his writ of habeas corpus within one year of the date on which the judgement became final by the conclusion of direct review or the expiration of the time from seeking such review. 28 U.S.C. §2244(d)(1)(A). Although habeas petitions filed outside the one year period are generally time barred, two exceptions may excuse an untimely filing. The first exception allows an otherwise time barred petition to be heard when the petitioner shows that he is actually innocent of the crime

1.

charged; the second allows the statute of limitations to be equitably tolled when the petitioner belatedly files as a result of extraordinary circumstances beyond the petitioner's control and unavoidable despite due diligence. Both exceptions are met here.

### Argument In Support Of Petitioner's Actual Innocence

The United States Supreme Court has recognized that a habeas petitioner's failure to comply with procedural requirements may be excused in a narrow category of cases the court has deemed fundamental miscarriages of justice, Coleman-v-Thompson, 501 U.S. 722, 750 (1991). A fundamental miscarriage of justice occurs when a constitutional violation probably has caused the conviction of one which is actually innocent of the crime, Schlup-v-Delo, 513 U.S. 298, 325 (1995). A claim of actual innocence is a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits, Schlup-v-Delo, id. at 315, (quoting Herrera-v-Collins, 506 U.S. 390, 404 (1993). When an individual makes a colorable claim of actual innocence, the courts will forgive procedural defaults and hear the habeas petition.

A person is actually innocent of a crime if it is more likely than not, that no reasonable juror would have convicted the person of the underlying offense, Schlup-v-Delo,

2.

513 U.S. at 327. A petitioner must also establish that absent independant error, he or she would likely have been found . . . innocent of the crime or penalty. Calderon-v-Thompson, 523 U.S. 538 (1998). To be credible, a claim of actual innocence must be based on reliable evidence. Although a prototypical example of actual innocence is the case where the state has convicted the wrong person of the crime, the exception is equally applicable where, as here, the state has charged a person with the wrong crime. Sawyer-v-Whitley, 505 U.S. 333, 339-41 (1992). As the Eighth Circuit recognized in Jones-v-Delo, 56 F.3d 878 (8th Cir. 1995), one is also actually innocent if the state has the right person, but he is not guilty of the crime which he is charged.

The petitioner Terrance Robinson has been indicted on a two-count indictment before the Circuit Court of Bullock County, where he was found guilty of the offense of murder in count two of the indictment. The first count in the indictment charges Terrance Robinson with Capital murder under § 13A-5-40(a)(17), and count two charges Terrance Robinson with murder under § 13A-6-2, Code of Alabama 1975. (See Exhibit #1 & 2);

The true Bill that was returned by the Grand Jury of Bullock County, does not show that 12-or more jurors returned the two count indictment for capital murder and murder, which would make it void before the court on the finding of facts. (See Exhibit #2).

3.

The indictment states that Terrance Robinson did with the "intent" to cause the death of another person, cause the death of that person or of another person, to wit; Robert Charles Junior Grubbs, by shooting him with a gun, in violation of Section §13A-6-2, Code of Alabama 1975, as amended.

The Petitioner Terrance Robinson never shot Charles Junior Grubbs, nor did Terrance Robinson kill Charles Junior Grubbs, as this court has indicted him in Count-Two of the indictment. The court has also indicted Terrance Robinson on Capital Murder of Charles Junior Grubbs, in Count-One of the indictment pursuant to §13A-5-40(a)(17) of the Code of Alabama 1975 as amended. (See Exhibit 1).

Petitioner states that he cannot be charged with an offense that he is not guilty of, and a void indictment gives the court no jurisdiction to impose the sentence, or render the judgement it did. Barbee-v-State, 417 So.2d. 611-13 (Ala. Crim. App. 1988); Ross-v-State, 529 So.2d. 1074-75 (Ala. Crim. App. 1988); Boykin-v-State, ___ So.2d ___ (Ala. Crim. App. 2002). Therefore, since Terrance Robinson did not shoot Robert Charles Junior Grubbs, and Terrance Robinson did not kill Robert Charles Junior Grubbs, then he could not be indicted for murder or capital murder in the two count indictment returned against him. (See Exhibits-1-thru-19). This would mean that the conviction and sentence is illegal against the petitioner, and the should be considered void before the finding of this Honorable court.

THERE IS NO WAY that TERRANCE ROBINSON COULD HAVE BEEN indicted for CAPITAL MURDER AND MURDER, WHEN he NEVER shot the victim, Rob the victim, OR PARTICIPATE IN the ALLEGED CRIME of MURDER that ONEAL JACKSON PLEADED GUILTY to for A LESSER OFFENSE to SAVE himself from the Electric chair (SEE Exhibit's #3,4,5,6,7,8,&9);

ONEAL JACKSON admitted to the JUDGE, JURY and other members that attended the Court PROCEEDING'S, that he did kill the victim in this CASE, while ATTEMPTING to Rob him and his cousin. THEREFORE, THERE could be NO WAY in which TERRANCE could have killed him, NOR WAS TERRANCE ROBINSON with ONEAL JACKSON when this killing occurred, (SEE Exhibit's #3,4,5,6,7,8,&9).

THE OTHER victim that was driving the CAR in which his cousin got killed in, testified that ONEAL JACKSON was the MAN that shot AND killed his cousin. HE also testified before the court AND JURY, that COREY NUNLEY was the ONLY PERSON who ASSISTED ONEAL JACKSON in the ATTEMPTED Robbery AND murder of his cousin (SEE Exhibits #10,11,12,13,14,15)

WILLIE JAMES BETHUNE NEVER implicated TERRANCE ROBINSON AS being with ONEAL JACKSON AND COREY NUNLEY, while they ATTEMPTED the Robbery on them, and while ONEAL JACKSON killed his cousin (SEE Exhibits #10,11,12,13,14,15).

4.

During the coarse of the trial proceeding, it was determined by Dr. Aguilar, that the cause of death resulted from a gunshot wound to the victims head. And scince the only man that was shooting in the car was Oneal Jackson, which he admitted to killing the victim, then Terrance Robinson could not be guilty of Capital murder, or murder in which he was indicted and convicted of. See the testimony of Dr. Aguilar in (Exhibits # 16, 17, 18 & 19).

The trial judge and prosecutor knew that they had no charge of capital murder, or murder as they indicted Terrance Robinson on, but the trial judge still charged the jury that they could find Terrance Robinson with a murder conviction. This was a form of malicious and vindictive prosecution, and was prejudicial, where Terrance Robinson was left without any constitutional right within the jurisdiction of the Bullock County Circuit Court. See Exhibits - 20-thru-34):

Although an actual innocence exception is not included in A.E.D.P.A.'s plain language, it's existance is necessarily follows from it's application in the context of procedural default cases. As one District Court has stated, the actual innocence exception to (A.E.D.P.A.'s) statute of limitations is a logical extension of the rule that a habeas petitioner may circumvent a procedural default by proving his actual innocence. O'Neal-v-Lampert, 199 F.Supp. 2d, 1064, 1066-67 (D.OR. 2002). In both arena's, an actual innocence exception

5.

balences to societal interest in finality, comity, and conservation of scarce judicial resources with the individual resources with the individual interest in justice that arises in the extraordinary case, Schlup v. Delo, 513 U.S. at 824; see also Jake Sussman, Note, Unlimited Innocence; Recognizing an Actual Innocence Exception to A.E.D.P.A.'s statute of limitation, 27 N.Y.U. Rev. L. & Soc. Change 343, 387 (2001-02)("The power of habeas corpus courts to vindicate an innocent prisoner's right to freedom and liberty has long been justified by the court, and is now sewn firmly into the fabric of habeas corpus jurisprudence.

Recent district court cases in this circuit apply to the actual innocence doctrine without questioning it's applicability, thereby implicitly recognizing it's validity. Sibley v. Culliver, 243 F.Supp.2d. 1278 (M.D. Ala. 2003). York v. Galetka, 314 F.3d. 422 (10th Cir. 2003).

The petitioner Terrance Robinson submit's that his argument submitted here, is the result of newly discovered evidence of these documents and facts before this court. Petitioner's counsel should have advised him of such facts that existed, which would make him ineffective of the Sixth Amendment. Petitioner is due relief in this action before the court, because he is actually innocent of the crime of Capital Murder and Murder for which he was indicted and convicted.

Respectfully Submitted,

Done this 14th day of April 2006;

Terrance Robinson
TERRANCE ROBINSON

6