Exhibit #19

1  -- if Mr. Grubb was in the passenger seat of the car he

2  could be facing out the driver's window and somebody could

3  shoot from that side with his head down like this to

4  accomplish that same path, or there could be somebody on

5  the passenger side.

6        Q        From your experience would that be the more

7  likely circumstance?

8              MR. WHIGHAM:  We object.

9              MR. JINKS:  Based on his opinion.

10             THE COURT:  Well, if he has any experience.

11             MR. JINKS:  If you have an opinion.

12             WITNESS:  It would be the passenger side.

13             MR. JINKS:  Thank you.  That is all.

14             MR. BOWDEN:  We have no questions.

15             MR. WHIGHAM:  That is all.  Thank you, sir.

16             THE COURT:  Thank you.  You may be excused.

17             WITNESS:  Thank you.

18                     (THEREUPON, the witness was excused

19                      from the stand.)

20             MR. WHIGHAM:  Judge, it's about time for a

21  break.  That is the last witness that we are going to

22  have.

23             THE COURT:  It is about time for a break.

24  Let's take about a ten-minute break.

25                     (THEREUPON, the jury retired from

1    the courtroom at which time the

2    following proceedings were had out

3    of their presence.)

4    <u>DEFENDANT NUNLEY'S MOTION FOR JUDGMENT OF ACQUITTAL</u>

5        MR. JINKS:  Judge, at this time the Defendant

6    Corey Nunley moves for a Judgment of Acquittal in the case

7    against him, and the reason, on the basis that the case

8    should not be submitted to the jury because the State has

9    failed to present legal evidence from which the jury could

10   by fair inference find him guilty.  Also, it should not be

11   submitted to the jury because the State has failed to meet

12   its burden of proof, and its evidence is not sufficient to

13   uphold the conviction of the defendant for murder; also, it

14   should not be submitted to the jury because the evidence

15   presented is insufficient to support a finding of guilty

16   beyond a reasonable doubt.

17        In order to defeat this motion the State

18   must prove by substantial evidence the elements of the

19   charge and the defendant's guilt beyond a reasonable doubt.

20   The evidence in this case against Corey Nunley is only that

21   taken in the light, you know, most -- best for the State,

22   he was in the back seat of the car.  I don't think that is

23   enough corroboration to support his conviction solely on

24   the testimony of a co-defendant.  I think there is a

25   statute on that.

1  you find them to be, and apply those true facts to the law

2  as I'm giving it to you now.

3              Now, let's talk for a minute about the crime

4  of murder with which these defendants are charged.  The

5  defendants are charged with murder.  Under the Code of

6  Alabama, Code Section 13A-6-2, and the particular section

7  of the Code under which they are charged or under which I'm

8  charging you, is (a)(3), which is also known as felony

9  murder.  "A person commits the crime of murder if he

10 commits or attempts to commit robbery in any degree."  Now,

11 there are some other felonies but that is the only one I'm

12 going to talk to you about.  "A person commits the crime of

13 murder if he commits or attempts to commit the crime of

14 Robbery in the First Degree, and in the course of the crime

15 or in the furtherance of the crime or in the immediate

16 flight therefrom he is committing or attempts to commit, he

17 or another participant causes the death of any person."

18 Okay.  Let's go over that one more time.  "A person commits

19 the crime of murder if he commits or attempts to commit

20 robbery in any degree, and in the course or furtherance of

21 the immediate flight from that crime he or another

22 participant -- another person in the attempt to commit the

23 crime of robbery causes the death of any person."

24             Okay.  So, what must the State of Alabama

25 have proved to you before you would be entitled to convict

1    either of these defendants?  Well, the first thing they

2    must have proved to you is that Robert Grubbs Junior is

3    dead.  Okay.  That is stipulated.  Nobody doubts that.

4    Secondly, that the defendant Corey Nunley and that the

5    defendant Terrence Robinson or that the defendant --

6    remember there are two cases, so you have got to decide

7    this for both gentleman, so the law as I'm giving to you

8    applies to both of them -- first, that Robert Grubbs Junior

9    is dead; that the defendant Corey Nunley or Terrence

10   Robinson either caused the death of him or participated in

11   the crime with the other gentleman that got on the stand by

12   shooting him -- by shooting Robert Grubbs, and that in

13   committing the act which caused the death of Robert Grubbs

14   the defendant or another participant in the crime was

15   acting in the course of and in the furtherance of the crime

16   of, or in the immediate flight of robbery in any degree,

17   and that in doing the act which constituted the commission

18   or the alleged commission of the felony robbery, during the

19   course of which or in the furtherance of which or in the

20   immediate flight of which the death of Robert Grubbs was

21   caused by O'Neal Jackson or any other participants.  A

22   participant in the context of this offense is one who would

23   be legally accountable either as being one of the procured

24   -- one who is procured, induced, or caused or the one doing

25   the procuring or causing or aiding and abetting the

Page 249

1    commission of the alleged offense.

2              Now, in order for you to decide whether the

3    crime of robbery was committed or either attempted to be

4    committed I need to read to you the definition of robbery.

5    "A person commits the crime of Robbery in the First Degree

6    if in the course of committing a theft he uses or threatens

7    the use of imminent force against the person, the owner of

8    the property or any person present with the intent to

9    overcome that person's physical resistance or physical

10   power of resistance, and in doing so he causes serious

11   physical injury to another person." That is robbery. So,

12   if you find that any of the three committed robbery on Pete

13   Bethune or attempted to commit robbery on Pete Bethune, and

14   that in the course of committing that robbery or attempting

15   to commit that robbery Robert Junior Grubbs was killed,

16   then anybody -- any participant in that robbery or

17   attempted robbery would be guilty of murder if they either

18   shot the gun or aided or -- had the gun or aided and

19   abetted the person that did the shooting in committing the

20   robbery or attempting to commit the robbery. So, what that

21   means in this case is, if you find that O'Neal Jackson

22   robbed or attempted to rob Pete Bethune, and during the

23   course of that robbery that he shot and killed Robert

24   Junior Grubbs, and further that either of the defendants

25   aided or abetted in the attempted commission of the

1   robbery, then they would be guilty of murder just as if

2   they pulled the trigger.

3                Now, I want to talk to you about what aiding

4   and abetting means.  What does that mean to aid and abet

5   somebody in the commission of a crime?  Well, "aiding and

6   abetting comprehends all assistance rendered by acts, words

7   of encouragement or support or presents actual or

8   constructive to render any assistance should it become

9   necessary and no particular acts are necessary."  Let me

10  read that to you one more time.  "A person aids and abets

11  another, and aiding and abetting as used in the law

12  comprehends all assistance rendered by acts, words of

13  encouragement or support."  It can be done by your acts or

14  just by you encouraging him to do it or supporting him in

15  his furtherance of that crime, "or the actual presence or

16  the constructive presence of a participant at the scene in

17  order to render assistance should it become necessary and

18  no particular acts are necessary."  So, that is the law of

19  aiding and abetting.

20               Now, if you find from the evidence that the

21  State has proved beyond a reasonable doubt each of the

22  elements of the offense of murder as charged, then you

23  should find the defendants guilty of murder.  If you find

24  the State has failed to prove beyond a reasonable doubt any

25  one or more of the elements of murder, as I have just

1   explained them to you, then you should find the defendants

2   not guilty.

3                Now, the lawyers have a right to ask me to

4   read written requested charges to you that they submit, and

5   if they are correct statements of the law, and I haven't

6   said them in my oral charge, I'm duty bound to read those

7   to you.  So, I'll read some written requested charges to

8   you now.

9                A person acts intentionally with respect to

10  a result or to conduct when his or her purpose is to cause

11  that result or engage in that conduct.

12               A person acts knowingly with respect to

13  conduct or to a circumstance which he or she is aware that

14  his or her conduct is of the nature or that the

15  circumstances exists.

16               The minimum requirement for holding a person

17  criminally liable is there must be at least: (1)

18  performance by that person or a voluntary act; and (2) the

19  voluntary omissionto to perform that an act which he is

20  physically capable of performing.

21               If a culpable mental state is required on

22  the part of the defendant with respect to any material

23  element of the crime charged, then the crime is said to be

24  one of "mental culpability".  It requires that at the time

25  of voluntary commission of an act or of voluntary omission

1  of an act which the person is physically capable of

2  performing, he must have acted: intentionally, knowingly,

3  recklessly, or with criminal negligence.

4              Where the crime charged requires some degree

5  of mental culpability on the part of the defendant, that

6  mental culpability is required as to every essential

7  element of the crime unless the statute defining the crime

8  indicates to the contrary.

9              A person is criminally liable for a result

10  if the result would not have occurred but for his conduct.

11              A person is criminally liable for a result

12  whether the result was caused by solely by the accused

13  person's conduct or was caused by his conduct and another

14  cause acting concurrently, unless the other cause, standing

15  alone, was sufficient to produce the result of the conduct

16  of the accused person was clearly insufficient to do so.

17              I wonder who wrote that law.

18              A person is not legally accountable for the

19  behavior of another person -- excuse me, I'm not going to

20  give that one.

21              If you entertain a reasonable doubt as to

22  any fact or element necessary to constitute the defendant's

23  guilt, it is your duty to give him the benefit of that

24  doubt and return a verdict of not guilty.  Even where the

25  evidence demonstrates a probability of guilt, if it does

Page 253

1    not establish such guilt beyond a reasonable doubt, you

2    must acquit the accused.  This doubt, however, must be a

3    reasonable one; that is, one that is founded on a real

4    tangible substantial basis and not upon mere caprice and

5    conjecture.  It is a doubt that a reasonable man can

6    seriously entertain.

7                Ladies and Gentlemen of the Jury, if the

8    State has failed in its burden to prove to you beyond a

9    reasonable doubt, based on all the evidence, that Corey

10   Nunley participated in a robbery or a theft of money from

11   Willie James Bethune which resulted in the death of Robert

12   Charles Junior Grubbs, you must acquit him and find him not

13   guilty of the offense charged in the indictment.

14                I charge the jury that the county in which a

15   witness resides is not a valid factor for you, the jury, to

16   consider in weighing the credibility or believability of

17   the witness.

18                Ladies and Gentlemen of the Jury, you are

19   the sole judges as to the weight that should be given to

20   all the testimony.  Whenever possible, you should attempt

21   to reconcile all the evidence.

22                If you are unable to reconcile the evidence,

23   however, then it is your job to weigh the evidence and to

24   give more weight to that evidence which you find to be more

25   believable.  If in making this determination, you should

1  leave all personal biases and prejudices outside the

2  courtroom.  You should be concerned solely with the

3  evidence which came forth from the witness stand.

4          You are permitted, however, to consider the

5  witness's demeanor and attitude on the stand, his

6  sincerity, and the credibility of what is said.  If, after

7  considering all the evidence in this case, you have a

8  reasonable doubt growing out of the evidence, you must

9  acquit the defendant.

10          The court charges the jury that, if you

11  believe any witness's testimony has been contradicted in

12  any material part, you could choose to believe all of that

13  witness's testimony.

14          The court chargesthe jury that, if you find

15  from the evidence that any witness has made contradictory

16  statements as to any material facts, you may look at these

17  contradictory statements in order to determine what

18  credence you will give to the testimony as a whole of the

19  said witness.

20          You, the jury, are instructed that proof of

21  contradictory statements or declarations of a material

22  point made by a witness may be sufficient to raise a

23  reasonable doubt in the minds of a jury as to the truth of

24  the testimony of that witness.

25          I charge you, Ladies and Gentlemen, that a

Page 255

1    reasonable doubt is sometimes said to be a doubt for which

2    a reason can be given.  It must spring from the evidence of

3    the case and the evidence only.  If after careful

4    consideration of the evidence you have a doubt arising from

5    the evidence or any part of the evidence of the defendant's

6    guilt, if such doubt seems to be reasonable to you, the

7    defendant should be acquitted.

8              I charge you, Ladies and Gentlemen, that the

9    burden is on the State to convince you by the evidence

10   presented in this case the guilt of the defendant to the

11   exclusion of every reasonable doubt.

12             Where there is reasonable doubt as to

13   whether the killing was done with intent, the accused

14   cannot be convicted of murder.

15             If there was reasonable doubt of the

16   accused's guilt upon the whole evidence he must be

17   acquitted.

18             The court charges you, the jury, are the

19   judge of the facts of the case and the credibility of the

20   witnesses who have testified.

21             I charge you that mere speculation,

22   conjecture, or surmise will not authorize you to return a

23   verdict of guilt.

24             I charge you that the mere possibility and

25   submissions -- excuse me, suspicions or guesswork will not

Page 256

1    overcome the presumption of innocence.

2                        Let me see the lawyers outside.

3                            (WHEREUPON, the following

4                            proceedings were held outside the

5                            presence of the jury as follows:)

6              THE COURT:  With that is the State satisfied?

7              MR. WHIGHAM:  State is satisfied.

8              THE COURT:  Is the Defendant Nunley satisfied?

9              MR. SMITHART:  Judge, we would like to ask for

10   additional charges to be given, Charges 12, 13, 14, 15, and

11   16.

12             THE COURT:  Well, I charged that.  13 is

13        reasonable doubt, I think I gave plenty of those on

14        that.  14, already given presumption of innocence.

15        Proof, I have already given that.  I told them that is

16        the evidence.  I already told them that.  16, I have

17        already talked about conjecture.  That is reasonable

18        doubt. I think I have covered that enough.

19             MR. SMITHART:  The only one left would be the

20        charge on the verdict.

21             THE COURT:  I'm going to tell them that when I

22        walk out.

23             MR. SMITHART:   That is all.

24             THE COURT:  Defendant Robinson?

25             MR. BOWDEN:  Satisfied, your Honor.

1          MRS. HICKS:  Satisfied.

2          THE COURT:  All right.

3               (THEREUPON, the hearing held out of

4               the presence of the jury was

5               concluded.)

6               (WHEREUPON, the following

7               proceedings were had in the

8               presence of the jury as follows:)

9          THE COURT:  Ladies and Gentlemen, you have

10   heard all the charges, all the testimony, and all the

11   arguments of the lawyers.  It is time now for you to retire

12   and begin your deliberations and reach a verdict. Take the

13   evidence and in an impartial and honest way determine what

14   you believe to be the truth.  If you find that any of the

15   testimony of any witness in this case was willfully false,

16   you may disregard any or all the testimony of that witness.

17   You take the testimony and reconcile it as you can do so

18   from the witnesses, but, as I told you, the credibility of

19   the witnesses is up to you, for you to decide.  As I told

20   you in my first statement to you, take your -- everything

21   in which you in your everyday lives would pass on whether

22   somebody was being truthful with you and determine what the

23   truth is.  And take the evidence with all the reasonable

24   and proper inferences therefrom, and in an impartial and

25   honest way determine what you believe to be the truth,

Page 258

1    apply that truth to the law as I have given it to you and

2    reach a verdict.

3              The first thing you should do is elect one

4    of your number as foreperson, begin your deliberations.

5    And your verdict must be the verdict of each and every one

6    of you.  It must be unanimous, all twelve of you must agree

7    on either a guilty or a not guilty verdict.

8              If you find the State has met its burden of

9    proof, and proved the defendants' guilt beyond a reasonable

10   doubt, the verdict would be, "We, the Jury, find the

11   defendant guilty of murder as charged in the indictment."

12   If, on the other hand, you find the State has failed to

13   meet its burden of proof and hasn't proved all the elements

14   of the crime of murder as charged, "We, the Jury, find the

15   defendant not guilty of murder as charged in the

16   indictment."  You have one form for each defendant.  One

17   form for Mr. Nunley, one form on Mr. Robinson.

18             Retire now and begin your deliberations.

19   You can take a break.  Any of you that need to take one,

20   take it at any time.  Ask the bailiff and he will let you

21   go, and then come back in.  But while anybody is out, don't

22   deliberate or discuss the case.  Don't discuss the case or

23   deliberate unless all twelve of you are in the room to

24   participate.

25             With that you may retire and begin your

1  deliberations.

2              (THEREUPON, the jury retired to
3               begin their deliberations at the
4               hour of 5:10 p.m.)

5              JURY VERDICT

6              (6:25 p.m.)

7          THE COURT:  Okay.  Ladies and Gentlemen, have
8   you reached a verdict in the case of State of Alabama
9   versus Corey L. Nunley, Case Number CC-94-76, and is this
10  your verdict:  "We, the Jury, find the Defendant Corey
11  Nunley guilty of murder as charged in the indictment,"
12  signed Emma Jean Frost, Foreperson?  I'm going to point to
13  each of you and ask if this is your verdict.  If it is,
14  yes; if not, no.

15             Is it yours, ma'am?

16             (THEREUPON, each of the twelve
17              jurors nodded their heads up and
18              down in response to the court's
19              question.)

20         All right.

21             In the case of the State of Alabama versus
22  Terrence Robinson, Case Number CC-94-74, "We, the Jury,
23  find the Defendant Terrence Robinson guilty of murder as
24  charged in the indictment," signed Imagene Sparks,
25  Foreperson.

1       Again, ma'am, is this your verdict?

2                    (THEREUPON, each of the jurors

3                     nodded their heads up and down in

4                     response to the court's question.)

5       THE COURT:  Okay.  Thank you very much.  You

6    have done your city, your county, and the state a service

7    of which we are all appreciative.

8            If you have another case, the cases for

9    tomorrow, Thursday, and Friday are still on.  So, if you

10   have one of those cases we will see you then; if not, you

11   are excused.  And thank you very much for participating.

12           In you need an excuse the clerk will give

13   you an excuse for your job; otherwise, he will mail you

14   your checks later.

15           Thank you very much.

16                   (THEREUPON, the jury departed the

17                    courtroom at which time the

18                    following proceedings were held out

19                    of the jury's presence.)

20           COURT'S ADJUDICATION OF GUILT

21       THE COURT:  Mr. Robinson, a jury of your peers

22   has found you guilty of the crime of murder, and the Court

23   does now adjudge you guilty of the crime of murder.

24           Y'all want a presentence report?

25       MR. BOWDEN:  Yes, your Honor.