IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Terrance ROBINSON, #182958,<br>    Petitioner,<br><br>v.<br><br>Warden Arnold HOLT, et al.,<br>    Respondents. | )<br>)<br>)<br>) 2:06-cv-358-WKW<br>)<br>)<br>) |

**RESPONDENTS' ANSWER**

Come now the Respondents in the above-styled cause, by and through the Attorney General for the State of Alabama, and, in response to this Honorable Court's order to show cause why a writ of habeas corpus should not be granted, state as follows:

1. Terrance Robinson challenges his July 21, 1995 Bullock County, Alabama conviction for murder and his corresponding sentence to life imprisonment. Robinson makes only one claim for relief: Newly discovered evidence entitles him to relief on a claim of actual innocence.

2. The Respondents acknowledge that Robinson is presently incarcerated in a state facility pursuant to this murder conviction, but deny that Robinson is in custody in violation of the laws or

constitution of the United States. Robinson's jury conviction and corresponding sentence are valid and constitutional.

3. As detailed in the procedural history and argument following, Robinson's petition is due to be dismissed with prejudice because his petition does not state a ground for habeas corpus relief.[1]

## PROCEDURAL HISTORY

### A. Robinson's trial and direct appeal

4. Following a jury trial, Robinson was convicted of murder on July 21, 1995 and sentenced to life imprisonment. Robinson appealed, arguing – in addition to other claims – that he was prejudiced: 1) because the jury relied solely on the actions of his co-defendant Corey Nunley to find him guilty; and 2) by consolidation of his trial with co-defendant Nunley because their defenses were antagonistic and he was prevented from using his statement to police to impeach O'Neal Jackson's testimony.

5. In a published decision, the Alabama Court of Criminal Appeals rejected Robinson's arguments and affirmed his conviction. The

---

[1] Robinson has also failed to verify his petition, as required by 28 U.S.C § 2242 and Rule 2(c)(5) of the Rules Governing Habeas Corpus Cases Under Section 2254.

2

court ruled that: 1) Robinson's independent actions showed he "aided and abetted in the crime by handing a gun to another codefendant, O'Neal Jackson, and stating that he would show them how a robbery was done"; and 2) "[t]here was no evidence indicating the existence of antagonistic defenses . . . [because] [b]oth [defendants] denied any participation in the murder" and Robinson failed to preserve his claim he was thwarted from utilizing his own statement to police for impeachment of his third co-defendant, O'Neal Jackson. Robinson v. State, 686 So. 2d 522, 523-24 (Ala. Crim. App. 1996).

6. Robinson's conviction became final after the Alabama Court of Criminal Appeals denied his application for rehearing on August 23, 1996. Id.

### B. Robinson's state post-conviction petitions

### 1. First Rule 32 petition

7. Robinson filed his first state post-conviction petition in the Bullock County Circuit Court on or about June 6, 1997. (Ex. A, C. 23) He did not raise any claims relevant to the present litigation. The

3

circuit court denied relief on August 14, 1997. Robinson did not appeal.

### 2. Second Rule 32 petition

8. Robinson filed a second Rule 32 petition in the Bullock County Circuit Court on August 11, 2000. Among other issues argued, Robinson contended that he was innocent because he "did not pull the trigger that fired the shot which killed the victim"; and 2) he was improperly convicted of aiding and abetting and robbery when those charges were not specifically included in his indictment. (Ex. A, C. 16-18)

9. On August 25, 2000, Bullock County Circuit Court Judge Burt Smithart denied Robinson's petition as successive. (Ex. A, C. 1, 29) That same day, Robinson filed an amendment to his petition, contending – in addition to other claims – that: 1) he possessed newly discovered evidence – O'Neal Jackson's statement to the police given after a plea agreement was entered – which showed that Robinson was merely present when the crime occurred; and 2) his indictment was "false" because it stated Robinson shot the victim. (Ex. A, C. 1, 31-36)

4

10. On realizing he represented Robinson's co-defendant Nunley, Judge Smithart set aside his August 25, 2000 order on September 12, 2000 and reassigned the case to Bullock County District Court Judge Michael Emfinger. (Ex. A, C. 1, 57) On November 8, 2000, Robinson requested a hearing on his petition and appointment of counsel. (Ex. A, C. 61) Judge Emfinger granted Robinson's request for a hearing, but denied counsel. (Ex. A, C. 1, 61) Robinson followed the ruling by filing an additional pleading asserting his innocence and alleging various other claims unrelated to the present habeas litigation. (Ex. A, C. 62-66)

11. On December 1, 2000, Judge Emfinger held a hearing on Robinson's petition, during which Robinson did not present any additional or new evidence. (Ex. A, R. 1-7) On January 24, 2001, Judge Emfinger issued a written order ruling that Robinson did not raise a jurisdictional claim and failed to present any newly discovered evidence and, therefore, the petition was procedurally barred as successive. (Ex. A, C. 109-10)

12. Robinson raised only four issues on appeal, including the contention that "the statement of [O'Neal] Jackson constituted newly discovered evidence because . . . it was withheld by the

5

State at trial." (Ex. B at 2)  The Alabama Court of Criminal Appeals affirmed the denial of post-conviction relief in an unpublished decision filed on August 10, 2001.  (Ex. B)  It held that, "[b]ecause [Robinson] [did] not address the other issues previously argued in his petition and the amendments thereto, he [was] deemed to have abandoned them on appeal." (Ex. B at 2) The court rejected Robinson's "newly discovered evidence" argument, ruling:

> Robinson's final claim is that O'Neal Jackson's statement to the police constitutes newly discovered evidence. He argues that the State did not notify him of Jackson's testimony and plea bargain agreement. In his brief however, Robinson acknowledges that Jackson's statement was made in 1994, which was prior to his trial. Robinson's contention that he was unaware of this claim is further belied by his argument on direct appeal. Robinson [v. State, 686 So. 2d 522,] 524 [(Ala. Crim. App. 1996)]. Moreover, although Robinson has identified his fourth claim as one of newly discovered evidence, it is, in fact, a claim of prosecutorial misconduct. Because Robinson argued prosecutorial misconduct in his previous Rule 32 petition, that claim is barred as successive. See Rule 32.2(b).

(Ex. B at 2)

13. Robinson did not appeal and the denial of post-conviction relief became final on August 28, 2001, when the Alabama Court of Criminal Appeals issued its Certificate of Judgment.  (Ex. C)

6

### 3. Third Rule 32 petition

14. Robinson filed his third post-conviction petition in the Bullock County Circuit Court on October 14, 2003. He did not raise any claims in the petition relevant to this habeas action. On December 5, 2003, Judge Emfinger denied the petition as successive and time-barred.

15. The Alabama Court of Criminal Appeals affirmed the denial of post-conviction relief in an unpublished decision released on March 19, 2004. The denial of post-conviction relief became final when the Supreme Court of Alabama denied Robinson's petition for a writ of certiorari on August 13, 2004.

### 4. Fourth Rule 32 petition

16. Robinson filed his most recent – his fourth – Rule 32 petition in the Bullock County Circuit Court on February 14, 2005. None of the claims raised are pertinent to the present litigation. On March 8, 2005, Judge Emfinger denied the petition on grounds it was successive and time-barred.

17. The Alabama Court of Criminal Appeals affirmed the denial of post-conviction relief in an unpublished decision released on May 27, 2005. The court agreed that Robinson's claim was time barred.

7

The denial of post-conviction relief became final on October 14, 2005, when the Supreme Court of Alabama denied Robinson's petition for a writ of certiorari.

### C. Federal habeas corpus petition

18. Robinson filed the present -- his first -- habeas corpus petition challenging his Bullock County murder conviction on April 14, 2006.

## ARGUMENT

### A. Jurisdiction: Robinson has not invoked this Court's jurisdiction to conduct a habeas corpus review of his conviction.

19. 28 U.S.C. § 2254(a) stipulates that this Court's habeas corpus jurisdiction is solely invoked for those claims in which the petitioner establishes that he is "in custody in violation of the Constitution or laws or treaties of the United States." *E.g., Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

20. Robinson argues in his habeas corpus petition that his claim of actual innocence based on – what he contends is – "newly

8

discovered evidence" warrants habeas corpus relief. The United States Supreme Court held in *Herrera v. Collins*, 506 U.S. 390, 400, 113 S. Ct. 853, 860 (1993) – based in part on its previous ruling in *Townsend v. Sain*, 372 U.S. 293, 317, 83 S. Ct. 745, 759 (1963) – that, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."

21. Robinson acknowledges in his petition that – at present, at least – claims of actual innocence provide only a means by which to avoid procedural default and do not constitute a freestanding claim for relief. (Petition for Claim Under Actual Innocence at 1-2) *See Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995). The Respondents have not located a separate constitutional claim for which Robinson asserts actual innocence as a basis to avoid the federal procedural default. Instead, it seems, Robinson argues the very issue found to not warrant habeas consideration in *Herrera*. Accordingly, under *Herrera*, Robinson has not identified a claim that invokes this Court's habeas corpus jurisdiction.

9

### B. Remaining defenses

22. In the event this Court rejects the Respondents' argument that Robinson has not identified a viable habeas claim, they request this Court permit them to file a supplemental answer addressing the issues of exhaustion, procedural default, application of the federal one-year statute of limitation, and any other applicable defenses.

### CONCLUSION

For the foregoing reasons, the Respondents respectfully request this Court dismiss Robinson's habeas corpus petition with prejudice.

Respectfully submitted,
Troy King
*Attorney General*
By:

/s/ Stephanie N. Morman
Stephanie N. Morman (MOR105)
*Assistant Attorney General*

## EXHIBITS

| | |
|---|---|
| Exhibit A | Transcript of Robinson's second Rule 32 proceedings |
| Exhibit B | Alabama Court of Criminal Appeals's unpublished August 10, 2001 opinion affirming the denial of post-conviction relief |
| Exhibit C | Alabama Court of Criminal Appeals's August 28, 2001 Certificate of Judgment |

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2006, I electronically filed the foregoing (including exhibits) with the Clerk of the Court and also served a copy of the foregoing (excluding exhibits) on the Petitioner, by placing said copy in the United States mail, first class, postage prepaid, and addressed as follows:

Terrance Robinson
AIS #182958
Bullock Correctional Facility
P.O. Box 5107
Union Springs, AL 36089-5107

/s/Stephanie N. Morman
Stephanie N. Morman (MOR105)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: smorman@ago.state.al.us

130444/94491-001

12