COURT OF CRIMINAL APPEALS NO. _00-1058_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

## CIRCUIT COURT OF  _BULLOCK_  COUNTY, ALABAMA

CIRCUIT COURT NO.  _CC-1994-74.61_

CIRCUIT JUDGE  _Hon. Michae Emfinger_

**Type of Conviction / Order Appealed From:**  _Rule 32 Petition_

**Sentence Imposed:**  _Dismissed_

**Defendant Indigent:**  [X] YES   [ ] NO

_Terrance Robinson_

**NAME OF APPELLANT**

(Appellant's Attorney) _____ (Telephone No.)

(Address) _____

(City) _____ (State) _____ (Zip Code) _____

**V.**

## STATE OF ALABAMA

**NAME OF APPELLEE**

(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

I N D E X

Terrance Robinson  vs.  State of Alabama  CC-1994-74.61

CAS ------------------------------------------------------------------- 1-2

Rule 32 Petition ---------------------------------------------------- 3-21

Motion To Deny Petition For Relief From Conviction Or Sentence -------- 22-28

Order ----------------------------------------------------------------- 29

Motion To Amend Rule 32 ----------------------------------------------- 30-52

Motion For Judge To Set Aside And Vacate Order ------------------------ 53-56

Order ----------------------------------------------------------------- 57-58

Motion To Grant Continance And Affidavit In Support, Where Newly
  Discovered Evidence Exist And Answer ------------------------------- 59-60

Motion For Hearing And Appointment For Counsel And Answer -------------- 61

Motion For Relief From Illegal Conviction And Illegal Sentence -------- 62-102

Order To Transfer Inmate --------------------------------------------- 103

Motion To Amend Rule 32 Petition ------------------------------------- 104-108

Order  --------------------------------------------------------------- 109-112

Notice Of Appeal ----------------------------------------------------- 113

Reporter's Transcript Order ------------------------------------------ 114

Docketing Statement -------------------------------------------------- 115-116

Clerk's Notice Of Appeal --------------------------------------------- 117

Letter Of Transmittal ------------------------------------------------ 118

Certificate Of Completion -------------------------------------------- 119

```
ACR0372              ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 1994 000074.61
OPER: IRJ                    CASE ACTION SUMMARY
PAGE:   1                     CIRCUIT  CRIMINAL                  RUN DATE: 08/11/2000
```

● THE CIRCUIT COURT OF  BULLOCK                                              JUDGE: LBS

STATE  OF  ALABAMA            VS        ROBINSON TERRANCE
                                        P O BOX 56
CASE: CC 1994 000074.61
                                        ELMORE, AL  36025 0000

DOB: 07/28/1977        SEX: M  RACE: B  HT: 0 00  WT: 000   HR:      EYES:
SSN: 909540073  ALIAS NAMES: TERRANCE ROBINSON

CHARGE01: RULE 32-FELONY      CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE: 08/19/1994               AGENCY/OFFICER: 0090000 RODGERS

DATE WAR/CAP ISS:                      DATE ARRESTED: 08/23/1994
DATE     INDICTED:                     DATE     FILED: 08/11/2000
DATE     RELEASED:                     DATE   HEARING:
BOND       AMOUNT:        $.00         SURETIES:

DATE 1:            DESC:               TIME: 0000
DATE 2:            DESC:               TIME: 0000

TRACKING NOS: CC 1994 000074 00  /                        /

   DEF/ATY:                      TYPE:     HICKS DEBORAH A WHITMORE   TYPE: A
                                           1132 NORTH EUFAULA AVENUE
                                           HIGHWAY 431 NORTH
                        00000              EUFAULA       AL 36027

PROSECUTOR: WHISHAM BOYD


OTH CSE: CC199400007400 CHK/TICKET NO:                   GRAND JURY:
COURT REPORTER:                 SID NO:       000000000
DEF STATUS: PRISON              DEMAND:                        OPER: IRJ

DATE           ACTIONS, JUDGEMENTS, AND NOTES

8-24-00    Motion to Deny Petition filed.
8-25-00    Order filed - Copy to Petitioner + DA
8-25-00    Corr. filed as received from Judge
8-25-00    Motion to Amend Rule 32 filed
8-30-00    Motion to set aside + Vacate order filed.
9-12-00    Order filed Copies to Judge Emfinger,
           DA, Att. Hicks + Def.
9-15-00    Motion to Grant Continuance, etc.
10-23-00   Motion Granted. Case continued for the
           Defendant/Petitioner to file any additional
           motions related to and material to his
           current Rule 32 filing. Judge Emfinger
12-24-00   Copy of CAS to Def + DA.
11-8-00    Motion for Hearing + Appointment of Counsel.
 -1-00     Set for Dec 11th Judge Emfinger
12-4-00    Order to Transfer Inmate filed - Copies to Parties

ACR0369  A L A B A M A   J D I C I A L   I N F O R   A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1994 000024.63
JUDGE ID: MOE

STATE OF ALABAMA                    VS    ROBINSON TERRANCE

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|------------------------------|
| 1-11-01 | Motion To Amend Rule 32 |
| 1-24-01 | Order filed — copies to DA + Petitioner |
| 2-20-01 | Notice of Appeal, Docketing Statement, Reporter's Transcript Order Filed |
| 2-22-01 | Clerk's Notice of Appeal filed — copy to DA, AG, Court Reporter, Court of Criminal Appeals, Def. |

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

## (Pursuant to Rule 32,
## Alabama Rules of Criminal Procedure)

**Case Number**

CC ___94___ ___74.61___
ID      YR      NUMBER

IN THE ___CIRCUIT___ COURT OF ___BULLOCK___, ALABAMA

___TERRENCE ROBINSON___ vs. ___STATE OF ALABAMA___
Petitioner (Full Name)                Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number ___182958___ Place of Confinement ___STATON___

County of conviction ___BULLOCK COUNTY, ALABAMA___

### NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack ___UNION SPRINGS, ALABAMA___
___BULLOCK COUNTY, ALABAMA___

2. Date of judgment of conviction ___JULY 21, 1995___

3. Length of sentence ___LIFE___

4. Nature of offense involved (all counts) ___MURDER___
_____
_____
_____
_____

5. What was your plea? (Check one)

   (a) Guilty _____
   (b) Not guilty ___XX___
   (c) Not guilty by reason of mental disease or defect _____
   (d) Not guilty and not guilty by reason of mental disease or defect _____

4

6. Kind of trial: (Check one)

    (a)  Jury __XX__           (b)  Judge only _____

7. Did you testify at the trial?

    Yes _____           No __XX__

8. Did you appeal from the judgment of conviction?

    Yes __XX__           No _____

9. If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court __ALABAMA CRIMINAL COURT OF APPEALS__

        (2)  Result _____AFFIRMED_____

        (3)  Date of result ___UNKNOWN AT THIS TIME___

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court ___XXXXXXXXXXXX___

        (2)  Result ___XXXXXXXXXXXXX___

        (3)  Date of result ___XXXXXXXXXXX___

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court ___XXXXXXXXXXXXXXXX___

        (2)  Result ___XXXXXXXXXXXXX___

        (3)  Date of result ___XXXXXXXXXXXXXXX___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, application, or motions with respect to this judgment in any court, state or federal?

Yes __XX__          No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court ___BULLOCK CIRCUIT COURT___

(2) Nature of proceeding ___RULE 32___

(3) Grounds raised ___INEFFECTIVE ASSISTANCE OF COUNSEL___

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No __XX__

(5) Result ___DENIED___

(6) Date of result ___PRESENTLY UNKNOWN___

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court ___XXXXXXXXXXX___

(2) Nature of proceeding ___XXXXXXXXXX___

(3) Grounds raised ___XXXXXXXXXX___

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No __XX__

(5) Result ___XXXXXXXXXXX___

(6) Date of result ___XXXXXXXXXXX___

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court ___XXXXXXXXXXXX___

6

(2)  Nature of proceeding _____ XXXXXXXXXXXXXX _____ _____

(3)  Grounds raised _____ XXXXXXXXXXXXXX

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No __XX__

(5)  Result _____ XXXXXXXXXXXXXX _____

(6)  Date of result _____ XXXXXXXXXXXX _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes __XX__          No _____

(2)  Second petition, etc.          Yes _____          No _____

(2)  Third petition, etc.          Yes _____          No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____ CCCCCCCCCCCCCCCCC _____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

_____   A.   <u>The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.</u>

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1)  Conviction o ..ined by plea of guilty which was unla\. ..ly induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)  Conviction obtained by use of coerced confession.

(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)  Conviction obtained by a violation of the privilege against self-incrimination.

(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)  Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

YES    B.  **The court was without jurisdiction to render the judgment or to impose the sentence.**

    SEE ATTACHED MOTION IN SUPPORT
    If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  C.  **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

    If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  D.  **Petitioner is being held in custody after his sentence has expired.**

    If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_YES_  E.  **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**  TO  BE AMENDED LATER FOR FULL SPECIFIC FACTS

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

**The facts do not merely ar     nt to impeachment evidence; and**

**If the facts had been known at the time of trial or sentencing, the result would probably have been different; and**

**The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F.  **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> **"Successive Petitions.**  The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____                          No __XX__

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____XXXXXXXXXXXXX_____

(b)  Result _____XXXXXXXXXXXX_____

(c)  Date of result _____XXXXXXXXXXX_____
     (attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____                          No __XX__

15. Give the name and addr      if known, of each attorney who rep      ented you at the following stages of the case that resulted in the judgment under attack:

(a)  At preliminary hearing _____

_____

(b)  At arraignment and plea _____

_____

(c)  At trial _____ BOWDEN & HICKS _____

_____

(d)  At sentencing _____

_____

(e)  On appeal _____ SAME AS ABOVE _____

_____

(f)  In any post-conviction proceeding _____

_____

_____

(g)  On appeal from adverse ruling in a post-conviction proceeding _____

PRO SE _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____              No __XX__

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____              No __XX__

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____

_____ NONE AT ALL _____

(b)  And give date and length of sentence to be served in the future: _____

_____ NONE AT ALL _____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____              No __XX__

18. What date is this petition being mailed?
      AUGUST 7th , 2000
_____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____8-4-00_____.
(Date)

_____Terrence Robinson_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _8th_ day of _August_ ___ 19 2000

_____Jane E. Davis_____
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____.
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 _____.

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

by counsel. Rule 32.6(a) permits either petitioner or counsel to verify the

11

IN THE CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA

TERRANCE ROBINSON,
    Petitioner

-US-                            CC-94-74.60

STATE OF ALABAMA
    RESPONDENT

## RULE 32 PETITION

Comes Now, TERRANCE ROBINSON
And under Clear Jurisdictional
Grounds, File the Above Style
Rule 32 Petition. Petitioner
Further Provide Grounds under
Newly Discovered Evidence, To
Support And Show Actual
Innocence. The Following
To wit:

THE COURT WAS Without
Jurisdiction To Try
Petitioner

PAGE 2

1. THE CONSTITUTIONAL Right UNDER ALABAMA LAW TO HAVE FUll NOTICE OF THE STATE'S INTENT TO CONSOLIDATE MUST be GiveN beFore the CASe is Scheduled FOR TRiAl.

2. THE RecoRdS CleARly Show THAT THE CASE WAS Set FoR TRiAl MoNdAy, JuNe 19, 1995 See exhibit "A" [TR-5].

3. THE STATE'S MOtiON To CONSolidAte WAS Filed JuNe 16, 1995.

4. THE CouRT Allowed CoNSolidATioN To TAKe PlAce, where The Rules OF CouRT, ANd ALABAMA LAW FoRbids CoNSolidATioN oF A CAse, Without PRioR NoTice, ANd Serving by TiMe beFore TRiAl.

(A) PETiTioNeR WAS deNied equAl PRoTecTioN OF WHAT ALA-BAMA LAW PRovides FoR one who hAS A Right To A FAiR TRiAl.

PAge 3

5. THE STATe did Not give
AMPle sufficient Notice of
Any consolidation which is
A MANdatory Requirement
before Petitioner Could be
Placed on TRiAl with Another
Defendant on TRiAl And ChArged
with A Criminal ChARge.

        THe Court DePrived Petitioner
OF A New TRiAl By
    PlAcing FRAudently, Mislead-
    ing Documents before the
    Criminal Court of AppeAls.

1. Petitioner's Motion which
wAs Given To Counsel by
Alleged HANd mAil on June
16, 1995 At the morning
Session of TRiAl Court, wAs
Knowingly PlAced BAck before
the Court of Criminal AppeAls
in BAd Faith To deny Petitioner
A New TRiAl, To which And

PAge 4

eStablish Right exist.
2. Petitioner For Specific Proof
Provide Exhibit "D", MR.
Bowden Counsel For Petitioner
Placed Nothing in the Record
At the Consollidation Hearing
which was Conducted First
For Another Client of MR.
Bowden, A Charlie Tauel.
(A) In the Conclusion of the
motion For MR Tauel, MR.
Bowden merely Complied with
The Court's Answer, when
Question, if He was maning
The Same in Terrence Robinson
Case, CC-94-74.
   MR. Bowden Said: yes sir. -
To The Same Stuff.
3. The Court of Criminal Appeal
Wanted To Know whether Defense
Counsel Received Notice of the
State's Motion To Consolidate
before it was Granted.

Page 5

4. The Answer which went back on Remand by Circuit Court was done in Bad Faith to Deny Petitioner a New Trial.

(A) The Motion was not Given until Friday June 16, 1995, and in the Process of a Hearing with Charlie Tarver, See Page 3 of Exhibit "D" for Strict Proof.

Thereupon, a discussion was held off the Record between the Court and Counsel.

The Motion was Given in open Court and the Same Argument was Made, with Comment being "I assume you make the Same Argument in the Case of Terrence Robinson, CC-94-14, The Same Stuff, except it will be Terrence Robinson Instead of Charlie Mack Tarver.

PAge 6

5. THE COURT WAS WithOUT ANy
JURISdiction TO CONSOllDATE
PeTiTioNer'S CASE With ANy
PARTy CHARged.
(A) THe SAMe SET OF CIRCUM-
STANCeS Could NOT APPly when
iN FACT; TERRENCe RobiNSON
went ANd RepoRTed WHAT TOON
PLACe.
(B) TERRENCe RobiNSON did NOT
PUll The TRigger THAT FiRed
The SHOT which killed The
ViCTiM.
(C) TERRENCe RobiNSON WAS NOT
ON TRiAl FOR ATTempTed RobbeRy,
NOR did TERRENCe RobiNSON
PARTiCiPATe iN ACTUAl MURdeR.

PReJudice
l. THE iNFORMATiON which went
befoRe THE COURT OF CRIMiNAl
AppeAlS WAS knowiNgly FAlse,
misleAdiNg, ANd done iN BAd
FAiTh TO deny A NEW TRIAl,

Page 7

And To deny Constitutional
Rights under The 6th, And 14th
Amendments of The Constitution
of These United States.
2. Petitioner has been Prejudice
in All Forms, At Trial, And
on direct Appeal.
3. Petitioner has been Prejudice
Where All Three have Conspired
To Deny A Fair Trial, (1) William
H. Robertson, (2) Boyd Whigham,
And (3) Counsel Bowden
4. Petitioner was Totally Pre-
Judice where there was Nothing
Specifically hendehed in His
behalf For Consolidation Period,
And it was Known At All
Times That This Petitioner
was denied A Fair Trial
Altogether.
(A) Petitioner was made To defend
Against Robbery, which was Not
included in the Indictment.
(B) Petitioner had To defend Against
Aid And Abetting which was Not

Page 8

(C) Petitioner had to defend against Murder under actual being the person who fired the shot.

THE FACTS ARE SIMPLE the Court was without Jurisdiction To Have Petitioner on Trial With any Co-Defendant For Murder, As Charged Under 13A-6-2 For the Death of MR. Grubbs.

Wherefore in that it is Full Knowledge That A Great Miscarriage of Justice is Before This Court. Petitioner Seens the Court order to Timely Issue For A Speedy Hearing, And Grant the Rule 32 As Required by Law.

Terrence Robinson

Terrence Robinson

Sworn and Subscribed To Before me This 2nd Day of Aug 2000

Barry Smith

Notary Nov. 8, 2000

Case Number

| ID | YR | NUMBER |
|----|----|--------|

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

BULLOCK COUNTY CIRCUIT COURT

[Insert appropriate court]

TERRENCE ROBINSON

(Petitioner)

vs.

STATE OF ALABAMA

(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, __TERRENCE ROBINSON_____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No __XX__

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   __NONE UNEMPLOYED DUE TO IMPRISONMENT_____

   _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _____INCARCERATED_____

   _____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

   Yes _____        No __XX__

   b. Rent payments, interest, or dividends?

   Yes _____        No __XX__

   c. Pensions, annuities, or life insurance payments?

   Yes _____        No __XX__

   d. Gifts or inheritances?

   Yes _____        No __XX__

   e. Any other sources?

   Yes _____        No __XX__

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

*NONE*

Do you own cash, or do you have money in a checking or savings account?

Yes _____        No X        *See Attached*

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

*NONE*

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____        No X

If the answer is "yes", describe the property and state its approximate value.

*NONE*

List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

*NONE*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct

Executed on *AUGUST 3 2000*        *Terrence Robinson*
                    (Date)

                              *Terrence Robinson #182958*
                              Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _____ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _____ institution:

*See attached financial
info    dated 8/3/00.*        *Martha Rayburn*

_____
DATE                                AUTHORIZED OFFICER OF INSTITUTION

21

8/3/2000

*Martha Rayburn*

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
STATON CORRECTIONAL FACILITY

AIS #:  182958              NAME:   ROBINSON, TERRANCE

THESE FIGURES ARE AS OF:   08/03/2000

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| FEB   | 25        | $0.00             | $0.00            |
| MAR   | 31        | $0.00             | $0.00            |
| APR   | 30        | $0.00             | $0.00            |
| MAY   | 31        | $0.00             | $0.00            |
| JUN   | 30        | $0.00             | $0.00            |
| JUL   | 31        | $3.08             | $20.01           |
| AUG   | 3         | $0.00             | $0.00            |

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | | |
|---|---|---|
| TERRANCE ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. CC-94-74.61 |
| | ) | (Prior Rule 32 Case No. CC-94-74.60 |
| STATE OF ALABAMA, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO DENY
## PETITION FOR RELIEF FROM CONVICTION OR SENTENCE
### (PURSUANT TO RULE 32)

Comes now the State of Alabama, by and through its District Attorney, Boyd Whigham, and says as follows:

1. The Petitioner filed a Rule 32 Petition, dated June 6, 1997, and the State filed a response dated August 11, 1997, "Exhibit A". The Court dismissed the Petition on August 14, 1997, "Exhibit B".

2. The Petition filed on or about August 11, 2000, is a Successive Petition and is precluded pursuant to Rule 32.2 (b).

3. The Petitioner alleges jurisdictional issues and newly discovered evidence on page 5 of his Rule 32 Petition solely for the purpose of invoking Rule 32.1 (b), to circumvent Rule 32.2, Preclusion of Remedy.

4. The Petitioner alleges that consolidation of his trial was jurisdictional. The issue of consolidation of the Defendants for trial was raised on Petitioners Direct Appeal, is not jurisdictional and is precluded under Rule 32.2.

5. The Petitioner states that this Rule 32 Petition is based on newly discovered evidence and thereafter makes no statement that conforms to newly discovered evidence under Rule 32.1 (e).

6. The Petition should be denied as Successive Petition.

Respectfully submitted this 23 day of August, 2000.

Boyd Whigham, District Attorney
P. O. Box 61
Eufaula, Alabama 36072-0061

## CERTIFICATE OF SERVICE

I hereby certify that I have this *23* day of August, 2000, served a copy of the above and foregoing pleading on Terrance Robinson, AIS #182958, by placing a copy of same in the United States Mail, postage prepaid and addressed to him in care of Bullock County Correctional Facility, Post Office Box 5107, Union Springs, Alabama 3608

Boyd Whigham

"EXHIBIT A"

## IN THE CIRCUIT COURT OF
## BULLOCK COUNTY, ALABAMA

TERRANCE ROBINSON,      )
                         )
    Petitioner,         )
                         )
vs.                   )     CASE NO. CC-94-74.60
                         )
STATE OF ALABAMA,      )
                         )
    Respondent.      )

## MOTION TO DISMISS
### PETITION FOR RELIEF FROM CONVICTION OR SENTENCE
(PURSUANT TO RULE 32)

Comes now the State of Alabama, by and through its District Attorney, Boyd Whigham, and says as follows:

1. Petitioner alleges the following issues:

    A. Ineffective assistance of counsel.

    B. Prosecutors misconduct.

2. The Petitioner's allegation of prosecutors misconduct is raised as an issue relating to ineffective assistance of counsel. The allegations of prosecutors misconduct are without merit and the Code of Alabama Section 15-14-53, provides that the victim's family member may sit at the table with the prosecutor, to-wit:

> **Section 15-14-53. Right of victim to be present in courtroom.**
>
>     *The victim of a criminal offense shall be entitled to be present in any court exercising any jurisdiction over such offense and therein to be seated at the counsel table of any prosecutor prosecuting such offense or other attorney representing the government or other persons in whose name such prosecution is brought. (Acts 1983, No. 83-622, p. 971, Section 4.)*

3. The only issue that the Petitioner sets forth any facts in support thereof is "ineffective assistance of counsel", which fails to meet the requirements of Rule 32.6 (b). The grounds raised as to ineffective assistance of counsel fail to rise to the level that the courts have recognized as ineffective. The

Petitioner alleges numerous reasons why counsel was ineffective, however, the allegations are not supported by the record.

In order to constitute cause sufficient to overcome procedural default, a counsel's performance must be <u>constitutionally</u> ineffective under the standards of <u>Strickland v. Washington</u>, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). <u>Jackson v. Herring</u>, 42 F. 3d 1350, 1358 (11th Cir. 1995); <u>Devier v. Zant</u>, 3 F. 3d 1445, 1456 (11th Cir. 1993); <u>Smelchor v. Attorney General of Alabama</u>, 947 F. 2d 1472, 1475 (11th Cir. 1991).

In <u>Strickland</u>, the Court set forth the test for determining whether counsel's performance "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Id.</u> 466, 104 S. Ct. at 2064. This test has two prongs:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable.

Under <u>Strickland</u>, counsel's performance is measured for "reasonableness under professional prevailing norms".

### 4. COUNSEL'S PERFORMANCE

"When reviewing whether an attorney is effective, courts 'should always presume strongly that counsel's performance was reasonable and adequate'." <u>Rogers v. Zant</u>, 13 F. 3d 384, 386 (11th Cir. 1994). Further, "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one." <u>Id</u> at 386. The <u>Rogers</u> court additionally noted that "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." <u>Id</u>.

Applying the foregoing principles to the instant case, it is clear that Petitioner has failed to prove the first prong of Strickland v. Washington, and thus he has failed to establish cause for the procedural default.

The Petitioner contends he was denied effective assistance of counsel at trial for the following reasons:

1. Adequate prepare for trial.

2. Inadequate pretrial investigation (to include plea of guilt).

3. Failed to investigate State's key witness.

4. Failure to familiarize with laws and facts.

5. Fail to request charge on manslaughter.

6. Fail to object in closing arguments to vouching for State's witnesses.

7. Fail to object to Court's charge on reasonable doubt.

8. Failure to charge jury on charge of capital murder and robbery.

9. Fail to object to prosecutor's improper argument.

5. All matters raised as to ineffective assistance of counsel are not supported by the record.

6. Petitioner was represented by two skilled and experienced trial lawyers who provided able assistance of counsel.

7. If the allegation concerning the class of felony for manslaughter and the punishment for manslaughter had any merit, they could have been raised at trial and on appeal.

8. The Petitioner fails to state a claim upon which relief may be granted.

9. No material issue of fact or law exists which would entitle Petitioner to relief.

10. The Petitioner is not entitled to relief because the grounds for relief stated in the Petition:

(a) May still be raised on appeal or by post-trial motion;

(b) Were raised or addressed at trial;

(c) Could have been but were not raised or addressed at trial;

(d) Were raised or addressed on appeal or in a previous collateral proceeding;

(e) Could have been but were not raised on appeal.

That the Petition should be dismissed or in the alternative each ground should be denied.

Respectfully submitted this ___11___ day of August, 1997.

Boyd Whigham, District Attorney
P. O. Box 61
Eufaula, Alabama 36072-0061


## CERTIFICATE OF SERVICE

I hereby certify that I have this __12__ day of August, 1997, served a copy of the above and foregoing pleading on Terrance Robinson, AIS #182958, by placing a copy of same in the United States Mail, postage prepaid and addressed to him in care of Holman Correctional Facility, Holman 3700, Atmore, Alabama 36503.

Boyd Whigham

"EXHIBIT B"

# IN THE CIRCUIT COURT OF
# BULLOCK COUNTY, ALABAMA

TERRANCE ROBINSON,                    )
                                      )
      Petitioner,                   )
                                      )
vs.                                   )          CASE NO. CC-94-74.60
                                      )
STATE OF ALABAMA,                     )
                                      )
      Respondent.                   )

## O R D E R

This matter coming before the Court on Rule 32 Petition and a response by the State, the Court makes findings of facts and conclusion of law as follows:

The Court finds that the Petition is without merit in that the Petitioner was represented by two experienced attorneys and the record does not support the allegations of ineffective assistance of counsel. The Court finds that the Petitioner's claim of ineffective assistance of counsel is without merit and no material issue of fact or law exists which would entitle the Petitioner to relief.

The Court finds that issues raised by the Petition fail to contain a clear and specific statement of the grounds upon which relief is sought to include a factual basis of the grounds, as required by Rule 32.6 (b).

The Court further finds that all other issues raised are precluded under Rule 32.2 (a)(3) and Rule 32.2 (a)(5).

It is therefore **ORDERED and ADJUDGED** that the Petition be dismissed pursuant to the provisions of Rules 32.6 (b), 32.2 (a)(3), and 32.2 (a)(5). All issues are hereby **DISMISSED** pursuant to Rule 32.7 (d), Alabama Rules of Criminal Procedure.

**ORDERED and ADJUDGED** this _14th_ day of August, 1997.

_____
W. Thomas Gaither
Circuit Court Judge

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

TERRENCE ROBINSON,              )
      Petitioner,             )
                       )
vs.                          )     CASE NO. CC-94-74.61
STATE OF ALABAMA,          )     (Prior Rule 32 Case No. CC-94-74.60)
      Respondent.          )

## ORDER

This matter being presented to the Court by Petition filed August 11, 2000, and a response by the State dated August 22nd, 2000, the Court makes findings of fact and conclusions of law as follows:

The Court finds that the Petition has raised no jurisdictional issue and did not present any newly discovered facts that meet the requirements of Rule 32.1 (e).

The Court finds that the Petition filed August 11, 2000, is a second Petition under Rule 32.2 (b) and the Petitioner shows no good cause exists why and new grounds were not known when the first Petition was filed.

It is therefore **ORDERED and  ADJUDGED** that the Petition be precluded pursuant to the provisions of Rule 32.2 (b).  All issues are **DISMISSED** pursuant to Rule 32.7 (d) A. R. Cr. P.

**ORDERED and ADJUDGED** this 25th day of August, 2000.

Burt Smithart
Circuit Court Judge

IN THE CIRCUIT COURT
OF Bullock County,
ALABAMA

TERRENCE Robinson
     Petitioner
     US                        CASe No. CC-94-74
STATE OF ALABAMA
     Respondents

MOTION TO AMEND Rule 32

COMes NOW Petitioner And
Petition THe HONORAble Judge
TO GRANT the Amending of the
Rule 32 Petition, And Request
THe Judge issue AN order FOR
THe District Attorney TO
Produce All Relevant Discovery
Request FOR ACTUAl innocence,
And Newly Discovered Evidence
THe Following:

Ground one
THe Court WAS Without Juris-
Diction TO ~~Impose~~ Sentence

Page 2

1. Terrence Robinson being a citizen of the State of Alabama, and at the time of this alleged offense was 17 years of age.

2. Code of Alabama 1975 Section 12-15-1(3) defines a child by age.

3. Petitioner is legally a child as defined by law.

(A) The Court was without jurisdiction where petitioner was never transfered from juvenile court to district, or circuit court.

(B) The State never afforded petitioner any of his constitutional rights to which Alabama by law affords all children who are charged with a criminal offense.

(C) The State never advised petitioner of his juvenile Miranda rights before questioning, and taking of any statements.

PAge 3

FoR CleaR PRoof PetiTioneR
AttAch exhibit "A".
4. PetiTioneR WAS NeveR
Given A ProbAble CAuse
HeARing, NoR WAS There ANy
Rights AffoRded To whAt Code
oF ALABAMA 1975 Section
12-15-33, 12-15-34 RequiReS.
See <u>Cleveland v. STATe</u>, 555 So.2d
302.
(A) PetiTioneR hAS been PReJudice
AS A Result of the ActionS
by STATe oF ALABAMA QuestioNing,
INteRRogATing, And INteRViewing
ChildReN without FiRST AdViSing
Them of theiR legAl RightS.
(B) The CouRT WAS without
JuRiSdiction Whele There WAS
NO TRANSFeR PRoceeding FRom
Juvenile CouRT To DiSTRict, And
CiRcuit CouRT AS RequiRed by
LAw.

page 4

5. The records which are attached to the Rule 32 petition shows that Officer Wilbert Jernigan, was the Officer who conducted the questioning, and interrogation of Petitioner. These records show that Officer Jernigan knew that Petitioner was only 17 Years of age at the time he conducted the questioning of Petitioner.

(A). The Statute requirements under Code Of Alabama 1975 § 12-15-33 and 12-15-34 were never met to afford the Consttitutional rights to which this Petitioner was entitled by law.

RELIEF WHICH IS DUE

1. The Court grant a hearing of the issue which demands relief by law.

2. The Court issue an order for transporting Petitioner before the Court for a full hearing of all issues.

3. The Court appoint Counsel for the rights of this Petitioner.

4. To any and all relief that Petitioner is entitled.

GRÜUND TWO NEWLY DISCOVERED EVIDENCE

1. Petitioner for proof that at the time of trial there was no way of this Petitioner having any knowledge that a deal had been made with O'Neal Jackson, by and through State Agents for the actual false testimony and to conspire to make it appear that, Petitioner was the one who was a Co-Defendant with the murder that took place.

page 5.

2. The date of Petitioner receiving the information comes from documents which were mailed from Attorney Bowden, and dated for proof for within Six Months, this was made known for Newly Discovered Evidence.

(A). O'Neal Jackson's testimony which was given on 12/09/1994. The information is a Statement : It says; Terrance Robinson told me and Corey Nunley that he was going to show us how to do a real robbery.

The statement at this point does not say anything, not one iota of facts that Terrence Robinson was going to show any person how to do an act of murder. There is nothing which implies that Terrence Robinson even showed O'Neal Jackson to hold a gun on any person at all, and to pull the trigger.

O'Neal Jackson futher said ; Two Black males pulled up. Me and Corey got in the car. we both got out. I went to the passenger side Corey went to the rear of the drivers side. We got into an argument with the two Black Male. I had a 380 and started shooting. The driver of the car also shot. I gave the gun to Terrance Robinson the same night that this occured.

The statement does not show one act that Terrence Robinson did to even be arrested for an accomplice to what O'Neal Jackson

page 6

and Corey Nunley did by their own independent acts.

3.  Petitioner was placed before the Grand Jury under acts that were done independently by O'Neal Jackson, and Corey Nunley who were the only ones that went to the car, and made the acts to take and or to attempt to take drugs, and or money. The mind acts of O'Neal Jackson were never known by Terrence Robinson, and there is nothing by way of statement that O'Neal Jackson made that shows and provides that Terrence Robinson said if they don't give it up shot them, and take it.

4. The Newly Discovered evidence shows that on 12/09/94, that a deal was made between State Agents and O'Neal Jackson, a deal to prevent the electric chair, and Life Without Parole. The evidence which was unknown to Petitioner and knowledge that Attorney Bowden knew of and concealed from Petitioner at all times.

(A). If Petitioner had known these facts it would have been made known at trial. Petitioner would have stood before the Court in his own behalf and asked questions to State's witnesses. These are questions which any Jurors would and should have known for actual innocence. There's a planned scheme shown where the State used the real Murders to take an innocent person to prison for their acts which were done to commit the crime.

page 7

5. The use of a deal to knowingly have O'Neal Jackson lie, and
commit prjury duribg trial, and to use others for false testi-
mony to make it appear that Terrence Robinson shot and killed
Mr. Grubbs is a violation of Alabama law.

(A). The Indictment which was returned stated by specifics that
Terrence Robinson Shot Mr. grubbs with a gun. The indictment is
false and all other information which went before the Grand Jury
to have an Indictment rturned was done illegally.

(B). The information was not known at trial, and was not available
for Petitioner, where at all times it was known by Counsel but
never made known to Petitioner. See letter which was written to
Petitioner from Attorney. There were never any documents given to
Petitioner from all the records that Mr. Bowden had until this Peti-
tioner wrote both Counsels and requested all the information which
they had in his case files.

6. The newly discovrede evidence grants relief where there's act-
ual innocence that can be proved.

                              Respectfully

                              *Terrence Robinson*
                              TERRENCE ROBINSON

SWORN AND SUBSCRIBED TO BEFORE ME THIS
          DAY OF *August*             2000

*Charles Earl Grim*
NOTARY

STATE OF ALABAMA )
ELMORE COUNTY    )

## AFFIDAVIT OF TERRENCE ROBINSON

Personally appeared before me the below named Notary, comes Terrence Robinson, who first being duly sworn under oath, and for truth and honesty, does says the following :

I am Terrence Robinson, and I am over the age of Twenty-One.

I have facts which now come by way of documents that were mailed to me by Attorney Bowden. I never received any information in the past which contained the deals which were made with O'Neal Jackson for his testifying against me in a trial before a jury. I know for the real truth now that O'Neal Jackson lied to get the Thirty Years for actual Murder that he did by his own motives.

I never told any person living to go and rob anyone, and I did not tell O'Neal Jackson to shot Mr. Grubbs nor any other person with a gun. There's facts which I am going to show by way of documents that were mailed to me by Attorney Bowden that it was made known that O'Neal Jackson bragged about his shooting the man, and that it was not called for, that they asked him, Why did you shoot the man O'Neal, and O' Neal said he blasted him away. There's not one single evidence which shows that I was present when the questions were asked by the people who did the shooting and ran from the car.

page 2

I am innocent of the crime that I have been falsely accused of and conspired against to be placed in prison. The only reason that I am in prison this day is based on my race, and race alone. I did not tell O'Neal Jackson to shot any person, and I did not give him a gun for any murder, nor for any reason was a gun given to commit a felony offense. Any person who reads the statements that were given, it is clear that I served no acts of any criminal acts that were done, I did not walk with O'Neal Jackson, and I did not assist him in any form to go to any car. O'Neal Jackson did what he did by his own acts and not anyone telling him what to do, the statements shows that each person that left with O'Neal asked him why did he do it. These are the ones who were worried because they were with O'Neal and felt their acts were criminal in nature.

I did not have anything to do with a murder.

Further I say no more at this time.

*Terrence Robinson*
TERRENCE ROBINSON


SWORN AND SUBSCRIBED TO BEFORE ME THIS

_23_ DAY OF _August_ _____ 2000.

_Charles Enchburn_
NOTARY

EXHIBIT "A"
# VOLUNTARY STATEMENT

DATE 8-19-94     PLACE Union Springs P.O.     TIME STARTED 11:12 P .M.

I, the undersigned Terrence Robinson , am 17 years of age, my date and place of

birth being the 28 day of July 19 77 , at Macon County, Al.

now live at Rte 2, Box 370-D Tuskegee, Al.

Wilbert Jernigan

Before answering any questions or making any statements,

a person who identified himself as a Police Officer

duly warned and advised me, and I know and understand that I have the following rights: That I have the right to remain silent and I do not have to answer any questions or make any statements at all; that any statement I make can and will be used against me in a court or courts of law for the offense or offenses concerning which the following statement is hereinafter made; that I have the right to consult with a lawyer of my own choice before or at anytime during any questioning or statements I make; that if I cannot afford to hire a lawyer, I may request and have a lawyer appointed for me by the proper authority, before or at anytime during any questioning or statements that I make, without cost or expense to me; that I can stop answering any questions or making any statements at any time that I choose, and call for the presence of a lawyer to advise me before continuing any more questioning or making any more statements, whether or not I have already answered some questions or made some statements

I do not want to talk to a lawyer, and I hereby knowingly and purposely waive my right to remain silent, and my right to have a lawyer present while I make the following statement to the aforesaid person, knowing that I have the right and privilege to terminate any interview at any time hereafter and have a lawyer present with me before answering any more questions or making any more statements, if I choose to do so.

I declare that the following voluntary statement is made of my own free will without promise of hope or reward, without fear or threat of physical harm, without coercion favor or offer of favor, without leniency or offer of leniency, by any person or persons whomsoever.

Tonight (8-19-94) approximately 10:00 PM my girlfriend dropped me off on Martin L. King Blud in front of McGowan Service Station. Once out I (Terrence Robinson) saw Corey Nunley who had on short pants sitting in the back seat of a gray saab in front of the station. I spoke to the driver of the saab and kept walking to the rear of the car. Oneal Jackson was standing on the passenger side of the saab. Oneal Jackson had a scarf on his head and Corey got out of the car, then he (Corey) walked to the driver's side of the saab. I started running south on Martin L. King Blud and when I looked back I saw Oneal Jackson shooting the man that was on the passenger side. Oneal shot seven or eight

I have read each page of this statement consisting of 3 page(s), each page of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct. I further certify that I made no request for the advice or presence of a lawyer before or during any part of this statement nor at any time before it was finished did I request that this statement be stopped. I also declare that I was not told or prompted what to say in this statement.

This statement was completed at 11:38 P .M. on the 19 day of August , 19 94

WITNESS: _____

WITNESS: _____

Terrence Robinson
Signature of person giving voluntary statement

## VOLUNTARY STATEMENT
### (NOT UNDER ARREST)

Terrence Robinson _____ am not under arrest for, nor am I being detained for any criminal

enses concerning the events I am about to make known to _Captain Wilbert Jernigan_

ithout being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the fol-

ving information of my own free will, for whatever purposes it may serve.

m __17__ years of age, and I live at _Rte 2, Box 370-D Tuskegee, Al._

imes and Corey shot once. Oneal was shooting
380 and Corey was shooting a 38 caliber
istol. The gray saab pulled off and everyone
an up to Oneal and Corey. Oneal shouted "I
illed that nigger, I shot that nigger in the
hest." Oneal and Corey got into the car with
ames and left. I went to Hardee's.

ave read each page of this statement consisting of __2__ page(s), each page of which bears my signature, and corrections, if
y, bear my initials, and I certify that the facts contained herein are true and correct.

ated at _Union Springs P.D._ _____, this __19__ day of _August_ 19__94__

TNESS:_____

TNESS:_____

Terrence Robinson
Signature of person giving voluntary statement.

41

# ALABAMA UNIFORM ARREST REPORT

☑ No   ☑ No

**OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION**

| | | | |
|---|---|---|---|
| 1 ORI # 0.0.9.0.1.00 | 2 AGENCY NAME Union Springs Police Dept. | 3 CASE # 94.08.19-18 | 4 SFX B |

**IDENTIFICATION**

| | | | |
|---|---|---|---|
| 5 LAST, FIRST, MIDDLE NAME Robinson, Terrance | | 6 ALIAS AKA Terry | |

| 7 SEX | 8 RACE | 9 HGT | 10 WGT | 11 EYE | 12 HAIR | 13 SKIN | 14 | ☐ SCARS | ☐ MARKS | ☐ TATOOS | ☐ AMPUTATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☑M ☐F | ☐W ☐B ☐N ☐A | 6'2" | 175 | Brn | Blk | Med | | | | | |

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) Fort Myers, Florida | 16 SOCIAL SECURITY NUMBER 261-71-851-81060 | 17 DATE OF BIRTH ☑M ☐F 7-28-77 | 18 AGE 17 | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|

| 20 SID # | 21 FINGERPRINT CLASS   KEY   MAJOR   PRIMARY   SCDV   SUB-SECONDARY   FINAL | 22 DL # | 23 ST |
|---|---|---|---|

| 24 FBI # | HENRY CLASS / NCIC CLASS | 25 IDENTIFICATION COMMENTS |
|---|---|---|

| 26 ☐ RESIDENT ☑ NON-RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) Rte 2, Box 370D Tuskegee, Al | 28 RESIDENCE PHONE ( ) 727-3468 | 29 OCCUPATION (BE SPECIFIC) None |
|---|---|---|---|

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32 BUSINESS PHONE |
|---|---|---|

**ARREST**

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) Prairie Street | 34 SECTOR # | 35 ARRESTED FOR YOUR JURISDICTION? ☑ YES ☐ NO |
|---|---|---|

| 36 CONDITION OF ARRESTEE | 37 RESIST ARREST? | 38 INJURIES? | 39 ARMED? | 40 DESCRIPTION OF WEAPON |
|---|---|---|---|---|
| ☐ DRUNK ☐ DRINKING ☑ DRUGS | ☐ YES ☑ NO | ☑ NONE ☐ OFFICER ☐ ARRESTEE | ☐ Y ☑ N | ☐ HANDGUN ☐ RIFLE ☐ SHOTGUN   ☐ OTHER FIREARM ☐ OTHER WEAPON |
| ☐ IN STATE ☐ OUT STATE ☐ AGENCY | | | | |

| 41 DATE OF ARREST 08.23.94 | 42 TIME OF ARREST 1:00 ☑1. AM ☐2. PM ☐ MIL. | 43 DAY OF ARREST S M T W T☑ F S | 44 TYPE ARREST ☐ ON VIEW ☐ CALL ☐ WARRANT | 45 ARRESTED BEFORE? ☑ YES ☐ NO ☐ UNKNOWN |
|---|---|---|---|---|

| 46 CHARGE – 1 ☑ FEL ☐ MISD Attempted Robbery | 47 UCR CODE | 48 CHARGE – 2 ☑ FEL ☐ MISD Capitol Murder | 49 UCR CODE |
|---|---|---|---|

| 50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED M D Y | 53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED M D Y |
|---|---|---|---|---|---|

| 56 CHARGE – 3 ☐ FEL ☐ MISD | 57 UCR CODE | 58 CHARGE – 4 ☐ FEL ☐ MISD | 59 UCR CODE |
|---|---|---|---|

| 60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED M D Y | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED M D Y |
|---|---|---|---|---|---|

| 66 ARREST DISPOSITION ☑ HELD ☐ BAIL ☐ RELEASED ☐ TOT–LE ☐ OTHER | 67 IF OUT ON RELEASE WHAT TYPE? | ARRESTED WITH (1) ACCOMPLICE (FULL NAME) Oneal Jackson ARRESTED WITH (2) ACCOMPLICE (FULL NAME) Corey Nunley |
|---|---|---|

**VEHICLE**

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|

| 78 VIN | 79 IMPOUNDED? ☐ YES ☑ NO | 80 STORAGE LOCATION/IMPOUND # |
|---|---|---|

| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | ☐ CONTINUED IN NARRATIVE |
|---|---|

**JUVENILE**

| 82 JUVENILE DISPOSITION | ☐ HANDLED AND RELEASED ☐ REF. TO JUVENILE COURT | ☐ REF. TO WELFARE AGENCY ☐ REF. TO OTHER POLICE AGENCY | ☐ REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|---|---|---|

| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( ) |
|---|---|---|

| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( ) |
|---|---|---|---|

**RELEASE**

| 91 DATE AND TIME OF RELEASE M D Y : ☐ AM ☐ PM ☐ MIL | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|

| 95 RELEASED TO: | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS |
|---|---|---|

| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE ☐ YES ☐ NO ☐ PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY # |
|---|---|---|

| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) | LOCAL USE |
|---|---|

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER | STATE USE |
|---|---|---|

| MULTIPLE CASE CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE |
|---|---|---|---|---|---|---|---|

| 111 ARRESTING OFFICER (LAST, FIRST, M.) Jernigan, Wilbert | 112 ID # 7 | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR ID # | 116 WATCH CMDR. ID # |
|---|---|---|---|---|---|

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC–34 REV. 10-90

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

**ADDITIONAL ARREST NARRATIVE CONTINUED**

| 117 DATE AND TIME OF ARREST | | 118 CASE # | 119 SFX |
|---|---|---|---|
| 08 23 94 | 1:00 ☒ PM | 94 08 191-118 | B |

120 ADDITIONAL ARREST INFORMATION

Terrance Robinson was arrested for Attempted Robbery and Capital Murder after evidence revealed he was involved with Oneal Jackson and Corey Nunley.

☐ CONTINUE ON ADDITIONAL SUPPLEMENT

**TYPE OR PRINT IN BLACK INK ONLY**

Statement of Corey L. Nunley
8-21-94

EXHIBIT "B"

On Friday night (8-19-94) approximately 10:00 or 10 PM - I (Corey Nunley) was standing next to the street in front of McGowan talking to Gary Washington when a saab pulled up. When the car stopped Terrence walked up to the car, the guy asked Terrence about some drugs, Terrence told the guy he didn't have any. Terrence left the car and Oneal Jackson came up and they talked (Oneal & Terrence). After they talked for a few minutes Terrence gave Oneal a pistol. Oneal came to me and said let's ride with these guys, I said no and the driver of the car said two of y'all ain't going to get in my car anyway. Oneal went to the passenger side and started talking to the driver. As they were talking Oneal pulled out a pistol, stuck it in the car, Oneal shouted "give it up man," give it up man. Oneal shot and I ran. While running I looked back and I saw the driver get out shooting. I ran beside an old house until the saab left. Nick Martin and Lorenzo Nunley pulled up, Gary Washington, Oneal Jackson and me jumped on the truck. Once on the truck, Neal said I shot that man in the chest, I shot that nigger. I asked Oneal why did you shoot the man? Oneal said he wouldn't give it up, man he wouldn't give it up. I said man you didn't have to shoot him.

We rode to Beeline where Oneal rinsed his finger off with cold water because he said he got shot in the hand. We rode to my house where Oneal was given a band aid then we went to John inClich.

That I have the right to remain silent and not make any statement at all nor incriminate myself in any manner that nothing I say can and will be used against me in any court or courts of law for the offense or offenses concerning which any statement is hereinafter made.

That I can have a lawyer of my own choosing to be present with me to advise me before and during any time I answer any questions or make any statements.

That if I cannot afford to hire a lawyer, I can request and receive appointment of a lawyer by the proper authority, without cost or charge to me, to be present with me to advise me before and during any time I answer any questions or make any statements.

That I can before or during the answering of questions or stop making any statements at any time I choose so.

That no law enforcement officer can compel me what to say in any statement or manner unless I choose for him to do so.

I do want to talk to a lawyer before or during any questioning or statements I do knowingly and purposely waive my right to remain silent and to the advice of a lawyer. I make the attached signed statement.

I have understood that at any time during the course of the interview that I could stop answering any questions or statements whether or not I had already answered any questions or made some statements, and ask for the presence of an attorney to advise me, before continuing any further with this interview.

I certify that the attached signed statement was made by the aforesaid person of his own free will, without promise of hope or reward, without fear or threat of physical harm, without coercion, favor or offer of favor, without duress or offer of duress by any person or persons whomever.

I have read this page, and the other page(s) of the attached signed statement, which is made a part hereof, consisting of ____ pages, each page of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained therein are true and correct.

I further certify that no law enforcement officer threatened or promised me anything to make they statement, refused any request that the attached signed statement be stopped, nor at any time did I request for the presence of a lawyer.

This statement was completed at _____ M. on _____

*To megan Report*

**WAIVER OF COUNSEL**

*6-23-96*

EXHIBIT "C"

Sent ; on 12-9

PLACE ∠ 30 Yrs + Testi/y/π

DATE ___ nat lef w/o P or

TIME ___ C Clai

*Before we ask you any questions, you must understand your rights:*

1. *You have the right to remain silent.*

2. *Anything you say can and will be used against you in court.*

3. *You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.*

4. *If you cannot afford a lawyer, one will be appointed without cost to you before any questioning if you wish.*

5. *If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time you wish.*

## WAIVER OF RIGHTS

*I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercision of any kind has been used against me.*

Signed *O'neal Jackson*

Date *12-09-94*

WITNESS

# Office of the District Attorney
## 3rd Judicial Circuit

| NAME (Last,First, Middle) Jackson, Oneal | | | | FILE NUMBER | |
| ALIAS (ES) / NICKNAME (S) | DATE 12-9-94 | S T T S M W (E) | TIME 11:20 | PLACE OF INTERVIEW D A's office | |
| HOME ADDRESS | | | | HOME PHONE | |
| NAME AND ADDRESS OF EMPLOYER | | | | BUSINESS PHONE | |

| RACE B | SEX M | DOB 10-16-78 | POB | SSN | DLN |
| --- | --- | --- | --- | --- | --- |

STATEMENT

Terrance Robinson told me and Corey Nunley that he was going to show us how to do A Real Robbery. Two Black males pulled up. MB and Corey got in the Car. We both got out. I went to the passengers side Corey went to the rear of the drivers side. We got into An Argument with the two Black male. I had A 380 and started Shooting. the driver of the Car Also shot. I gave the gun to Terrance Robinson the same Night that this occured.

Witnessed: _____     Signed: X Oneal Jackson

| SUBJECT | VICTIM ( ) | WITNESS ( ) | DATE ENDED 12-09-94 | TIME ENDED     AM PM | INTERVIEW CONDUCTED BY INV. _____ |
| RIGHTS GIVEN BY: | | | | | |

# ALABAMA UNIFORM ARREST REPORT

47

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| 1 ORI# | 2 AGENCY NAME | 3 CASE # |
|---|---|---|
| 009.01.00 Union | Springs Police Dept. | 94.08.19 - 18 |

**IDENTIFICATION**

4 LAST, FIRST, MIDDLE NAME: Jackson, Oneal
6 ALIAS AKA: Neal

| 9 | 10 | 11 EYE | 12 HAIR | 13 SKIN | 14 | SCARS | MARKS: Hands | TATOOS | AMPUTATIONS |
|---|---|---|---|---|---|---|---|---|---|
| ☒M ☐F | ☒W ☐B ☐A | 6'1" | 165 | Brn | Blk | Med. | | | |

15 DATE OF BIRTH (CITY, COUNTY, STATE): Macon County
16 SSN: 4211-06-51858
17 DATE OF BIRTH: 01/67/8 16
18 AGE: 16
19 MISCELLANEOUS ID #

20 SID # | 21 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDV | SUB-SECONDARY | FINAL | 22 DL # | 23 ST

24 FBI # | HENRY CLASS | NCIC CLASS | 25 IDENTIFICATION COMMENTS

26 ☐ RESIDENT ☒ NON—RESIDENT
27 HOME ADDRESS (STREET, CITY, STATE, ZIP): 13 Cherry Laurel
28 RESIDENCE PHONE: 738-3693
29 OCCUPATION (BE SPECIFIC): Student

30 EMPLOYER (NAME OF COMPANY/SCHOOL): Bullock County High
31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP): Old Sardis Road Union Spgs. A
32 BUSINESS PHONE: 738-2198

**ARREST**

33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) | 34 SECTOR # | 35 ARRESTED FOR YOUR JURISDICTION? ☒ YES ☐ NO

36 CONDITION OF ARRESTEE: ☐ DRUNK ☒ SOBER ☐ DRINKING ☐ DRUGS
37 RESIST ARREST? ☐ YES ☒ NO
38 INJURIES? ☒ NONE ☐ OFFICER ☐ ARRESTEE
39 ARMED? ☐ Y ☒ N
40 DESCRIPTION OF WEAPON: ☐ HANDGUN ☐ RIFLE ☐ SHOTGUN ☐ OTHER FIREARM ☐ OTHER WEAPON

| 41 DATE OF ARREST | 42 TIME OF ARREST | 43 DAY OF ARREST | 44 TYPE ARREST | 45 ARRESTED BEFORE? |
|---|---|---|---|---|
| 08 12 94 | 1100 ☐ 1. AM ☒ 2. PM ☐ MIL | S M T W T F S | ☒ ON VIEW ☐ CALL ☐ WARRANT | ☒ YES ☐ NO ☐ UNKNOWN |

46 CHARGE—1 ☒ FEL ☐ MISD: Attempted Robbery
47 UCR CODE
48 CHARGE—2 ☒ FEL ☐ MISD: Capitol Murder
49 UCR CODE

50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED M D Y
53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED M D Y

56 CHARGE—3 ☐ FEL ☐ MISD | 57 UCR CODE | 58 CHARGE—4 ☐ FEL ☐ MISD | 59 UCR CODE

60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED M D Y
63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED M D Y

66 ARREST DISPOSITION: ☒ HELD ☐ BAIL ☐ RELEASED ☐ TOT—LE ☐ OTHER
67 IF OUT ON RELEASE WHAT TYPE?
68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME): Corey L. Nunley
69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME): DeTerrence Robinson

**VEHICLE**

70 YR | 71 YMA | 72 YMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY

78 VIN | 79 IMPOUNDED? ☐ YES ☒ NO | 80 STORAGE LOCATION/IMPOUND #

81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | ☐ CONTINUED IN NARRATIVE

**JUVENILE**

82 JUVENILE DISPOSITION: ☐ HANDLED AND RELEASED ☐ REF. TO JUVENILE COURT ☐ REF. TO WELFARE AGENCY ☐ REF. TO OTHER POLICE AGENCY ☐ REF. TO ADULT COURT
83 RELEASED TO

84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( )

87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( )

**RELEASE**

91 DATE AND TIME OF RELEASE ☐ AM ☐ PM ☐ MIL | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID #

95 RELEASED TO: | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS

98 PERSONAL PROPERTY RELEASED TO ARRESTEE ☐ YES ☐ NO ☐ PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY #

101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE)

LOCAL USE

STATE USE

102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER

MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE ☐ Y ☐ N

111 ARRESTING OFFICER (LAST, FIRST, M.): Jernigan, Wilbert | 112 ID # 7 | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR ID # | 116 WATCH CMDR.

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC—34 REV. 10-

48

OFFICER WORK PRODUCT MAY NOT BE PUBLIC INFORMATIO

**ADDITIONAL ARREST NARRATIVE CONTINUED**

| 117 DATE AND TIME OF ARREST | | | 118 CASE # | 119 SFX |
|---|---|---|---|---|
| 08 29 94 | 11:00 | AM / PM / MIL | 94 08 19 -118 | 1 |

120 ADDITIONAL ARREST INFORMATION

Oneal Jackson was arrested for Attempted Robbery and Capitol Murder after evidence revealed he was involved with Robert Grubbs murder.

NARRATIVE

NARRATIVE

NARRATIVE

☐ CONTINUE ON ADDITIONAL SUPPLEMENT

**TYPE OR PRINT IN BLACK INK ONLY**

49

## VOLUNTARY STATEMENT
### (NOT UNDER ARREST)          EXHIBIT "D"

I, *Tawanda Shepherd* am not under arrest for, nor am I being detained for  ,y criminal offenses concerning the events I am about to make known to *Captain Wilbert Jernigan* . Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve.

I am *16* years of age, and I live at *605 Martin L. King, Jr Blvd Union Spgs, Al.*

On Friday night (8-19-94) I (Tawanda Shepherd) picked up Terrence Robinson on M.L.K. Blvd in front of McGowan Service Station and I drove him to Greg Tellis's house. Once at Greg's house, I blew the horn and Greg came out. ~~Gre~~ Terrence got out of the car and they (Greg & Terrence) talked for about five or ten minutes. Terrence got back into the car, we rode around for about five minutes and then I took him back to McGowan Service Station.

I have read each page of this statement consisting of _1_ page(s), each of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Dated at *Union Springs Police Dept.* , this *25* day of *August* , 19*94*

WITNESS: *Keesha L. Shepherd*     *Tawanda Shepherd*
                                   Signature of person giving voluntary statement.

WITNESS: _____

FORM LE 79-3

MR. TERRENCE ROBINSON # 182958
POST OFFICE BOX 56
ELMORE, ALABAMA 36025
AUGUST 10th, 2000

TO: PRESIDING CIRCUIT JUDGE
RE:CC-94-74.60
FROM: TERRENCE ROBINSON

     TO THE HONORABLE JUDGE GREETINGS;

     I file this complaint with your Court for investigation of
justice which was denied to this writer. I have come to learn
by way of evidence which was knowingly withheld, by the District
Attorney, Police Officers, and other State Agents involved with
the case which was made against me. The true facts are that the
District Attorney to get more convictions for one single act to
which was done independently by O'Neal Jackson, and or the person
that was driving the car, Willie James Bethune.

     The writer has filed a timely Rule 32, and I am requesting
that before the State be ordered to respond that, I be granted
full discovery which is being drafted, and also to amend the Rule
32 petition which is coming before this Court for review.

     The truth can't be ignored when all signatures, and Police
Officers name appear in the reports, and the investigation to
which was done. The very indictment itself is illegal, where I

*51*

page 2

did not shoot nor kill Mr. Grubbs. The evidence which went before the Grand Jury was false against this writer, and the facts which were sworn to before the Grand Jury was actual perjury.

Facts which I received from now District Court Judge Bowden from the files he had of my case, reveals there was solid concrete evidence of my innocence. I don't know your position in this matter but I am also contacting the Alabama Court of Criminal Appeals of the wrong doing which was done, and in that they had the case before them for review, and did not consider vital evidence which was before them that requires complete rendering of justice altogether.

I am in prison this day merely because I am a Black Man, who did not have the benefit of justice. I don't hide any facts at this time, nor am I afraid to speak the truth. I trust nobody but God above to make the truths be brought forth,and what ever publicity I need I am writing all News, and local News Papers to let it be known what took place, and how the wrong was done in Union Springs, Alabama.

I would request that you contact Judge Bowden, and ask him about the matter since he was Counsel, and Ms. Hicks also. I am writnig each party who had a hand in not bringing forth the truth

page 3


and taking a stand for righteousness in my behalf. It is a
gross wrong to place an innocent man behind prison walls.
I await to hear from you as soon as possible.

                                        Sincerely,
                                    *Terrence Robinson*
                                    Terrence Robinson

IN THE CIRCUIT COURT OF BULLOCK COUNTY,

ALABAMA

TERRENCE ROBINSON,

     Petitioner

VS.                                  CASE NO. CC-94-74

STATE OF ALABAMA

     Respondents

_____/

## MOTION FOR JUDGE TO SET ASIDE AND VACATE ORDER

Comes Now, Terrence Robinson, and request the Honorable Judge to reconsider the order which was entered, August 25, 2000. The Judge has complete jurisdiction to vacate the order which was entered, and to require the State to respond to the merits of the allegations which are now before this Court. There exist a great miscarriage of justice, in that Petitioner is actually innocent of the crime to which he has been found guilty of, and there exist evidence which Respondents have in their possession which will prove true facts to prove that Petitioner is innocent.

The Motion is well taken where the true issues which went before the Alabama Criminal Court of Appeals were not presented by Counsel to show the grat miscarriage of justice, that took place. Great

page 2

The only means to address and resolve the true facts is by way
of Rule 32. The following in support by law.

1. Counsel Robert L. Bowden on August 3rd, 2000 mailed Petitioner
exhibits, (1) statements, (2) Forsenic Reports, and other medical
evidence, and (3) Investigative reports.

The information which was delivered by Staton legal mail was
Petitioner's first of knowing the newly discovered evidence which
was filed in this Court, about the time the Judge had issued his
order denying the Rule 32. There was no way Petitioner could have
known of these facts before now, where Counsel did not reveal nor
did he advise Petitioner of any facts that he had by way of actual
discovery.

2. Petitioner can show and prove by Alabama Department Of Corrections
Legal Mail records that Attorney Bowden has never made available
before August 3, 2000 the documents which are before this Court
by way of exhibits to prove Newly Discovered Evidence. [ See
attached exhibit for proof "AA". ]

3. Petitioner can show and prove that the Court never had any juris-
diction to have him before Circuit Court. There were never any
juvenile transfer hearing which was conducted. Second the entire
arrest, and interrogation was done in violation of all juvenile
rights which Petitioner must receive.

page 3

4. Respondents have in their possession records, documents, and investigative evidence which proves that Terrence Robinson is innocent of any charge for Murder, Capitol Murder, and any other form of Murder.

(A). The State has evidence by way of O'Neal Jackson himself that Terrence Robinson was not the one who fired the shot and killed mr. Grubbs. O'Neal Jackson is the one who has told District Attorney, Investigator, and other State Officals that he and Nunley were the ones who went to the car with guns. It was made known that each and every party who was in close proximity and was apart of the scheme, saw and watched O'Neal Jackson, and the other party , Mr. Bethune have a gun battle, where O'Neal Jackson walked away and bragged he killed, he shot that person. The State has withheld evidence which they personally knows that implicates O'Neal Jackson as the sole person who was saying that he shot the man in his chest.

(B). The State has facts which they have concealed that proves that Terrence Robinson did not stay at the scene, but after seeing that O'Neal Jackson and others were about to engage in criminal acts Terrence Robinson left and ran away.

The State has facts which support there were no criminal intent by Terrence Robinson, when at all times this Petitioner reported

page 4

what had taken place to the Police Officers in Union Springs.

5. The Indictment which was returned was product of illegal acts, and there was no challenge made of the indictment prior to this Petitioner being placed on trial.

(A). Counsel knew that the indictment was illegal and did nothing to protect the rights of this Petitioner.

(B). Counsel knew that during trial there was constructive amendment of the indictments. Petitioner was on trial for Robbery, Murder, and Capitol Murder all in one charge. Counsel did nothing to protect the rights of Petitioner to what he was going to have to defend against. Counsel didn't file any Motion to Dismiss, and to have the State elect which charge they were going to try by way of indictment.

Wherefore in that discovery, and amending the Petition is necessary to prove the issues, and allegations that warrants a New trial, and or the complete releasing of Petitioner from prison, the Judge has full authority to vacate the order which was entered.

Respectfully

Terrence Robinson
TERRENCE ROBINSON
POST OFFICE BOX 56
ELMORE, ALABAMA 36025
AUGUST 29, 2000

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

TERRANCE ROBINSON,      )
                  )
     Petitioner,       )
                  )
vs.                   )     CASE NO. CC-94-74.61
                  )     (Prior Rule 32 Case No. CC-94-74.60
STATE OF ALABAMA,     )
                  )
     Respondent.    )

## ORDER

This matter coming before this Court on Petitioner's Motion for Judge To Set Aside and Vacate Order, dated August 25, 2000, and the Court having reviewed the Order and other documents in the Courts file, makes the following finding of fact and conclusions of law:

The Court finds that the Judge to whom this Petition was directed, Burt Smithart, and the Judge signing the Order, dated August 25, 2000, was counsel for a Co-Defendant, in the trial of this case, Corey Nunley, Case Nos. CC-94-76 and CC-94-77.

The Court did not consider the potential conflict at the time of reviewing the Petition prior to signing the Order, dated August 25, 2000.

The Court finds that the Order, dated August 25, 2000, should be set aside for the reasons set forth above and not for the reasons set forth by the Petitioner in his Motion To Set And Vacate Order. The Court further finds that the Petition filed August 11, 2000 and the allegation and arguments set forth in Motion For Judge To Set Aside And Vacate Order, be assigned to the District Judge of Bullock County, Michael Emfinger, for his consideration.

It is **THEREFORE ORDERED and ADJUDGED** that the Order dated August 25, 2000, is hereby set aside for the reasons set forth above.

It is further **ORDERED** that District Judge Michael Emfinger shall consider the Petition filed August 11, 2000 and any allegations contained in the Motion To Set Aside Order, and make appropriate ruling upon consideration of the Petition, response by the State, and all other matters

contained in the Court file, and said District Judge shall consider all other matters that might come

before the Court in regard to Terrance Robinson, Case Nos. CC-94-74.60, CC-94-74.61.

**ORDERED** this ___/1ᵗʰ___ day of September, 2000.

_Bt SH_

Burt Smithart, Circuit Judge
Third Judicial Circuit

cc: Judge Michael Emfinger
     District Attorney Boyd Whigham
     Clerk of Courts, Wilbert Jernigan
     Terrance Robinson

59

IN THE CIRCUIT COURT OF BULLOCK COUNTY,

ALABAMA

TERRANCE ROBINSON,

    Petitioner

VS.

STATE OF ALABAMA

    Respondent

CASE NO. CC-94-74.61

_____/

## MOTION TO GRANT CONTINUANCE AND AFFIDAVIT IN SUPPORT, WHERE NEWLY DISCOVERED EVIDENCE EXIST

Comes Now, Terrance Robinson, and petitions the Honorable Judge to consider the Motion now before this Court. The Judge has issued an order dated August 11, 2000 to vacate, and for this Judge to consider the Rule 32. In that Alabama law provides the right to amend, based on Rule 32.7(d), and case law supports that where a Court has judicial authority a Motion to Amend should be granted. MARKES V. STATE, 739 SO.2d 1141 (Ala. Crim. App. 1999) id at 1142. Petitioner has actual innocenec which can be proven, and facts which were made known by Counsel who in fact supplied Petitioner with facts and evidence to which Petitioner had no knowledge of at trial nor before trial. The Motion should be granted to allow 14 days for the amending of the petition to be made.

page 2

1. Petitioner's Rule 32 has exhibits which proves that actual innocence exist in his case.

2. A continuance of 14 days will not prejudice the State in any form, nor obstruct the orderly process of Court.

Wherefore in that the dismissal has been set aside, and there exist at this time facts to prove that illegal acts were done against this Petitioner to include him in a crime that he had nothing to do with, and there's evidence that independent acts were done which caused the death of said victim, 14 days will not delay nor hinder any party in this action.

## AFFIDAVIT OF PETITIONER

I swear before the below named Notary that I am innocent of the crime of Murder and that I never did any act to cause the death of Mr. Grubbs in Bullock County, Alabama.

I have other evidence which I am preparing to provide before this Court to prove actual innocence, and evidence which I did not have at trial, nor at appeal. I honestly ask for the Judge to consider that under Newly Discovered Evidence, I am not time barred by a Two Year limitation period.

_Terrence Robinson_
TERRANCE ROBINSON

SWORN AND SUBSCRIBED TO BEFORE ME THIS

_____ DAY OF _____ 2000.

_____

NOTARY

IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

Terrance Robinson,                    )
    Petitioner,                      )
          Vs                    )    Case No.CC-94-74.61
State of Alabama                      )
    Respondents.                     )

Motion for hearing and appointment
for Counsel's

Comes now, petitioner, Terrance Robinson, and asking for Counsel's
to be appointed to represent his on his issues, justice requires, and
the end of justice required = on this Motion, that was Granted
10/23/2000. By the Honorable Court.

The trial court granted the petitioner motion for file any additional
materials related to Current Rule 32 .petition.

Petitioner attached his Indictment True Bill all three of them that
was not sign by the Foreman of the Grand Jury, and page from his Transcript
page 242 thru 269.

*Terrance Robinson*
Terrance Robinson

*Set Hearing on Mon. Dec. 11th
Motion for Appointment of An Attorny
is denied. 12-1-00*

*Judge Enslinger*

62

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

Terrance Robinson    )
   Petitioner,   )
    Vs.    ) Case No.CC-94-74.61
State of Alabama   )  Prior Rule 32 Case No. CC-94-74.60
   Respondents

### Motion For Relief From Illegal Conviction And Illegal Sentence Rule 32.1 A (B)(C)(E) Alabama Rules of Court.

Comes now, Petitioner, Terrance Robinson, and filing this motion for Relief from Illegal Conviction and Sentence. As justice so requires and the end of justice required a innocent person to be free from unjustice action from Judicial Court, and the State of Alabama Officials.

1. Petitioner was Granted a motion to filed addition Maternal Related to his Current Rule 32. Filing.

2. Petitioner statesthat Rule 32. 1.(e)(5), adds an element to those which must be shown before a petitioner is entitled to a new trial based on evidence not presented at the Original trial. The added element is the Requirement that the petitioner establisish establish that he is innocent of the Crime for which he was convicted or establis that he Should not have received the Sentence he did.

3. Petitioner states that his relief should be Granted under Rule 32 accordance to the UNITED STATES CONSTITUTION and State of Alabama Constitution 1901. Petitioner have A constitutional civil rights 1st 4th, 5th, 6th, 7th,8th,9th,10th,13th,14th,Amendment Rights.

4. Petitioner was deprived of his amendments, he was denial effective assistance of counsel's Gideon v. Wainright,372 U.S.335,83 S.Ct. 392, 9 L.ed.2d 799 (1963). Petitioner was denial effective assistance of counsel'sPrior to t Trial the right exists at arraingnment. Hamilton v. Alabama.368 U.S. 52, 82 S.Ct. 157, 7 L.ed.2d 114 [1961]

5. Petitioner was denial effective Assistance of Counsel's at preliminary Coleman v. Alabama,399 U.S. 1, 90 S.Ct.1999,26 L.ed.2d 387 (1970).

6. The burder of proof is upon the petitioner.

The United States Supreme Court, in a very recent decision. Strickland V. Washington, U.S.____,104 S.Ct.2052,80 L.ed.2d 674 [1984]. Petitioner,explicitly described burden of proof with regard to this claim. First,petitioner must show that counsel's performance was so deficient as to fall below an objection standard of reasonableness.Counsel's Conduct must be Considered within the context of the facts of the particular case and as of the time of the alleged misconduct.Second, Petitioner Must show that counsel defeicient Performance prejudiced the defense and deprived petitioner of a fair trial.

Prejudice is show when,absent the errors,there is a reasonable doubt Respecting Guilt.

Petitioner was prejudiced by counsel failure to objection to conv consolidation for trial Codefendant.

Petitioner violation came from counsel failure to objection and filed pretrial motions to Rule 13.3(C),this ruled a Required motions to be filed.Also See Rule 18.4(F)(2).The petitioner had a Capital CASE Petitioner was violated under the Jury Instruction on lesser cluded offense

Petitioner has a constitutional right to be probaably indicted. An acused has a constitutional right to an indictment wich puts him on notice of the case the prosecution will present at trial. See Kotteakos v. United States, 328 U.S. 750,66 S.Ct. 1239,90 L.ed.2d 975,976-77(11th Cir.1988); Ex Parte Washington,448 So.2d 404 (Ala 1984).The rationale behind the t rule prohibiting matrerial variances between indictments and proof at trial is twofold. Most importantly,the rule insures "that the accused shall be definitely informed as to the charges against him,so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial." Berger v. United States,3 295 U.S. S.Ct.629,630,79 L.ed.1314(1935). Secondly,the rule protects the accused against subsequent prosecutions for the same offense. Id.The Eleventh

Circuit has established a two -:

step inquiry when considering allegations of veariance between
indictment and proof at trial.
"First,the Court must determine whether a material variance did indeed
occur;and second,whether[the defendant]suffered substantial prejudice
as as a result of the variance." United States v. Starrett,55 F.3d
1525 15 (11th Cir.1995).

Petitioner states that he did not have a Grand Jury to indicted
him accordance to the laws and Rules and Statutes and Sections.

Petitioner was denied a Grand Jury toinvestigates his Case for Capital
Murder or Felony Murder.

See the  copy of the TRUE BILL] TWXXKXXXt
Petitioner was not indicted on two count indictment for Capital Murder
13A-5-40-(a)(17) or Murder 13A-6-2 and 13A-5-40(40)(2)
Petitioner counsel's was uncompletency and failure to objections
to the Grand Jury, and this was prejudiced to the defendants defense
at trial and on direct appeal.

Petitioner states that why the trial was Consolidation  Codefendant
Corey Nunley Criminal Action No. CC_94-74 and Criminal Action No.
CC-94-76 .

Petitioner was violated under §13.1Definitions.
Indictment,Information,and Complaint

Rule 13.1 comtains"definition" of terms which are used in

Rule 13, including definition of "indictment,""information,"and

"complaint."

An "indictment" is defined as "a written statement charging

the defendant or defendants named therein with the commission of

an indictable offense, presented  to the court by a grand jury,

endorsed "A True Bill," and signed by the foreman. An "information"

is "a written STATEMENT.

statement chargingthe defendant or defendants named therein with
the commission of an  indictable offense,made on oath,signed,and
presented to the court by the district attorney,pursuant to Rule 2.2
9 (e),without action by the grand jury.

Rule 12.8(b) states that "[w]hen and indictment is found,it must
be endorsed 'A True Bill' and the indictment must be signed by the
foreman." The defenition of "indictment" in the Rule is not  materially
different from the statutory definition:"An 'indictment'isis
an accusation in writing presented by the grand jury of the county,
charging a person with an indictable offense.
The sdistinction between indictments and presentments is abolished."§15-8-1.
§15-8-1.

Petitioner been denied his rights to be indicted  under the fifth
amendment to the United States Constitution  which makes the common
law rule requiring an indictment mandatory. SMITH V. UNITED STATES,360 U.S.
S. Ct. 991, 3L .ed 2d 1041 (1959)The fifth emendment, which dece
declares that no person shall be held to answer for a  capital or
otherwise infamous crime unless on presentment or indictment of a
grand jury,does not restrict the states in the prosecution of a capital
or infamous  crime.
  Stokeley v. State,254 Ala. 534,49 So.2d 284 (1951).In Alabama,of
course,capital offenses can only be charged by indictment. Pitman
v. State,50 Ala. App. 712,282 So. 2d 332 (Ala. Cr. App. 1973).
Petitioner counsel's was eff ineffective assistance under Rules 13.5(b)
5(b) and (c)(1) . Rules 13.5(b) and (c)(1) make it clear that the peoper
means of  challenging the legality or sufficientcy of the indictment
is by a motion to dismiss under Rule 15.Rule 13.5(c)(2) provides a
requirement that the defect be prejudicial to the defendants d before if
will be fatal to a conviction.

4

66

Petitioner states that under §12.8 Indictment.

Number of grand jurors necessary to indict. Rule 12.8(a) and 12.8(b) are restatements of the requirements os §12-6-204 that at least 12 grand jurors must concur in oder to return an indictment, and that it must be endorese "A True Bill" and signed by the foreman.

The court is trying to present a presentment for the Grand Jury Charge two count indictment:Capital Murder(13A-5-40(a)(17),and Murder (13A-6-2·
Allegations: Count One One Defendant did with intent to cause y the death of another person,cause the death of that person or of another person,to-wit: Fobert Charles Junior Guubbs,by shooting him with a gun,said murder being committed by or throgugh the use of a deadly weapon while the victim,Robert Charles Junior Grubbs,was in a vehicle. Count Two:Defendant did,with intent to cause the death of another parson,cause the death of that person or of another person,to-wit: Robert CharlesJunior Grubbs,by shooting him with a gun.

[Grand Jury No.9].
Petitioner being denial under 12.12 Empaneling the Grand Jury and Petit Juries.

Rule 12.2,(c)

Petitioner was denied his Constitutional Rights under United States and the State of Alabama Constitution to imprartial Grand Jury to investigation the cases of Capital Murder and Felony Murder . Petitioner states under 12.3(d) restates in part present Alabama law and is not exclusive.The function of the grand jury is to make investigations into possible crimes committed within the grand jury's jurisdiction.

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | | |
|---|---|---|
| Terrance Robinson | ) | |
| Defendant | 0 | |
| Vs. | ) | Case No. CC-94-74.61 |
| State of Alabama Officials and | ) | |
| Officers of the Court | ) | |

STATE OF ALABAMA )
COUNTY _Elmore_ )        AFFIDAVIT FOR RELIEF

I, Terrance Robinson, was arrested in Union Springs, Alabama
on a Capital Murder and a felony Murder charge and was indicted on
both charges.

I Terrance Robinson states that I am over the age of eighteen years old
and competency to testify in this matter.

I Terrance Robinson is actual innocent or innocence of the charge
or charges of Murder, and Capital Murder.

The True Bill was insufficient to support a Grand Jury Charge or
Charges for Capital Murder or Felony Murder Under Code of Alabama
1975.
Defendant was denial a Grand Jury in the State of Alabama Court, Union
Ssprings Alabama . Circuit Court of Bullock County

The defendant contends that his counsel's performance was ineffective
for not forcing the state to elect which instance of Murder they
were prosecuting him for .

Defendant states that .As this court has a stated:
"In Deason v. State, 363 So.2d 1001 (Ala.1978), The Alabama Supreme
Court condemned the state's practice of charging in one count indictment a
single offense and then presenting evidence of different offenses
that arose out of separate transactions. In addressing the issue
of election, the Court wrote as follows:
'''In Watkins v. State,
36 Ala. App.711,63 So.2d 293(1953), Judg Harwood summed up y the require-
ment:''''''The doctrine of election operates to protect a defendant
from being prosecuted for more than one offense in the same count
of indictment. Where the evidence discloses two or more offenses
growing out of distinct and separate transactions, a court should
grant a timely motion to require the state to elect."
(citation omitted)
'''
....

1

68

The petitioner contends that the trial court erred in submitting the two seprate incidents of Murder and Capital Murder to the jury where none of the incident,to the jury were specified as that upon which a conviction was sought under the indictment at isse. *ISSUE* He argues that the jury recived no guidance or indication whatsoever as to which incidents were the subject of this indictment,and which incidents were admitted merely bacause they were probative of his commission of the offense charged. Petitioner argues specifically that the trial judge should have compelled the State to elect which incident it was seeking to prove under the indictment.

*Terrence Robinson*

Sworn to and Subscribed before me this day
of __7th__ November 2000

My commission expires __3-2-2003__

*Jeff C Burnett*
Notary Public State At Lagre

No. _____

THE STATE

vs.

TERRENCÉ ROBINSON, a/k/a
TERRANCE ROBINSON
FOR
TWO-COUNT INDICTMENT:
Capital Murder (13A-5-40(a)(17) (Vehicle)
Murder (13A-6-2) Plain Murder

Bail in this case is fixed at _____

_____ Dollars.

_____
Judge of the Circuit Court.

DEFENDANT'S ADDRESS:

SID #:

WITNESSES:

Willie James Bethune
807 Madison Street
Eufaula, Alabama  36027

Capt. Wilbert Jernigan
Union Springs Police Dept.
Union Springs, Alabama  36089

No Prosecutor

A TRUE BILL

_____
Foreman of Grand Jury.

G. J. No. ____ 9

WITNESSES CONT.:

Gregory L. Tellis
224 Underwood Avenue
Union Springs, Alabama  36089

Tawanda Shepherd
605 Martin Luther King Blvd.
Union Springs, Alabama  36089

Gary F. Washington
614 Bronson Street
Union Springs, Alabama  36089

Dr. Allan Stilwell
Dept. of Forensic Sciences
Montgomery, Alabama  36124

Presented in open Court by the Foreman of
the Grand Jury, in the presence of 17 the
other members of the Grand Jury, this
day of November A.D., 19 94.

_____
Clerk of the Circuit Court of Bullock Court

Filed this 29th day:
November 19 94

_____
Clerk of the Circuit Court of Bullock Court

70

Presented in open Court by the Foreman of the Grand Jury, in the presence of 17 other members of the Grand Jury, this 2 day of November A.D., 19 94

Clerk of the Circuit Court of Bullock Court

Filed this 29th day of November 19 94

Clerk of the Circuit Court of Bullock

---

No. _____

THE STATE

vs.

TERRENCE ROBINSON, a/k/a
TERRANCE ROBINSON
FOR

TWO-COUNT INDICTMENT:
Capital Murder (13A-5-40(a)(17) (vehals)
Murder (13A-6-2) Plea Muto

WITNESSES:

Willie James Bethune
807 Madison Street
Eufaula, Alabama   36027

Capt. Wilbert Jernigan
Union Springs Police Dept.
Union Springs, Alabama  36089

No Prosecutor

A TRUE BILL

Foreman of Grand Jury.

G. J. No. 9

---

Bail in this case is fixed at

_____ Dollars.

_____
Judge of the Circuit Court.

DEFENDANT'S ADDRESS:

SID #:

WITNESSES CONT.:

Gregory L. Tellis
224 Underwood Avenue
Union Springs, Alabama   36089

Tawanda Shepherd
605 Martin Luther King Blvd.
Union Springs, Alabama  36089

Gary F. Washington
614 Bronson Street
Union Springs, Alabama  36089

Dr. Allan Stilwell
Dept. of Forensic Sciences
Montgomery, Alabama  36124

71

Bail in this case is fixed at

_____ Dollars.

_____
Judge of the Circuit Court.

DEFENDANT'S ADDRESS:

SID #:

WITNESSES CONT.:

Gregory L. Tellis
224 Underwood Avenue
Union Springs, Alabama

Tawanda Shepherd
605 Martin Luther King Blvd.
Union Springs, Alabama

Gary F. Washington
614 Bronson Street
Union Springs, Alabama

Dr. Allan Stilwell
Dept. of Forensic Sciences
Montgomery, Alabama

---

No. _____

THE STATE

vs.

TERRENCE ROBINSON, a/k/a
TERRANCE ROBINSON

FOR

Capital Murder

(13A-5-40(a)(2)    (Bully)

WITNESSES:

Willie James Bethune
807 Madison Street
Eufaula, Alabama  36027

Capt. Wilbert Jernigan
Union Springs Police Dept.
Union Springs, Alabama

No Prosecutor

A TRUE BILL

_____
Foreman of Grand Jury.

G. J. No.  9-A

---

Presented in open Court by the Foreman of
the Grand Jury, in the presence of  17
other members of the Grand Jury, this  29
day of   November    A.D., 19 94

_____
Clerk of the Circuit Court of Bullock Court

Filed this   29th    day
of   November    19 94

_____
Clerk of the Circuit Court of Bullock

72

CASE FILE #: ___B-94-105___     P R E S E N T M E N T     GRAND JURY NO. 9

STATE OF ALABAMA

v.

**TERRENCE ROBINSON**

a/k/a    TERRANCE ROBINSON

RACE/SEX __B/M__   DOB: __07/28/77__

DATE OF OFFENSE: __08/19/94__

AGE AT TIME OF OFFENSE: __17__

VICTIM(S): Robert Charles Junior Grubbs

DEFENDANT'S ATTORNEY:

CASE AGENCY: __Union Springs Police Department__

DATE OF ARREST:

PROPERTY:

OWNER: _____ VALUE: _____

CHARGE: _____ TWO-COUNT INDICTMENT:

Capital Murder (13A-5-40 (a)(17)

Murder (13A-6-2)

WITNESSES: Willie James Bethune

Capt. Wilbert Jernigan

✓ Gregory Lashon Tellis

✓ Tawanda Shepherd

Willie James Mathews

✓ Gary F. Washington

ALLEGATIONS: Count One: Defendant did, with intent to cause the death of another person, cause the death of that person or of another person, to-wit: Robert Charles Junior Grubbs, by shooting him with a gun, said murder being committed by or through the use of a deadly weapon while the victim, Robert Charles Junior Grubbs, was in a vehicle. Count Two: Defendant did, with intent to cause the death of another person, cause the death of that person or of another person, to-wit: Robert Charles Junior Grubbs, by shooting him with a gun.

DO HEREBY CERTIFY THAT THE GRAND JURY RETURNED A _true_ BILL OF INDICTMENT AGAINST THE ABOVE-NAMED DEFENDANT FOR THE OFFENSE(S) OF _Capital Murder/Murder as above_

_Jacqueline Elgin_    _11-28-94_
      FOREPERSON         DATE

DO HEREBY CERTIFY THAT THE GRAND JURY REQUESTS THE COURT TO CONTINUE THE ABOVE-STYLED CASE TO THE NEXT TERM OF GRAND JURY.

      FOREPERSON         DATE

FILE #: _____   **P R E S E N T M E N T**   GRAND JURY NO. 9-A 73

| | |
|---|---|
| TE OF ALABAMA | CHARGE: _____ Capital Murder |
| | (13A-5-40(a)(2) |
| R~CE ROBINSON | _____ |
| /a   TERRANCE ROBINSON | _____ |
| E/SEX B/M   DOB: 07/28/77 | _____ |
| E OF OFFENSE: 08/19/94 | WITNESSES: Willie James Bethune |
| AT TIME OF OFFENSE: 17 | Capt. Wilbert Jernigan |
| TIM(S): Robert Charles Junior Grubbs | Gregory L. Tellis |
| | Tawanda Shepherd |
| | Gary F. Washington |
| ENDANT'S ATTORNEY: | _____ |
| | _____ |
| E AGENCY: Union Springs Police Department | _____ |
| | _____ |
| TE OF ARREST: _____ | _____ |

)PERTY: _____

_____

_____

_____

ER: _____   VALUE: _____

:EGATIONS:  Defendant did, with intent to cause the death of another person,
cause the death of that person or of another person, to-wit: Robert Charles
Junior Grubbs, by shooting him with a gun, said murder being committed during
robbery in the first degree or an attempt thereof committed by the Defendant.

_____

O HEREBY CERTIFY THAT THE GRAND JURY RETURNED A ~true~ BILL OF INDICTMENT
INST THE ABOVE-NAMED DEFENDANT FOR THE OFFENSE(S) OF ___ as above

_____   _____
                FOREPERSON                    DATE

O HEREBY CERTIFY THAT THE GRAND JURY REQUESTS THE COURT TO CONTINUE THE
VE-STYLED CASE TO THE NEXT TERM OF GRAND JURY.

_____   _____
                FOREPERSON                    DATE

# THE STATE OF ALABAMA

## Bullock County

Circuit Court of Bullock County,                    Fall    Term, A.D., 19 94

The Grand Jury of said County charge that, before the finding of this indictment,

TERRENCE  ROBINSON,  a/k/a TERRANCE ROBINSON, whose name to  the  Grand
Jury is otherwise unknown,  did,  with intent to cause the death of an-
other  person,  cause the death of that person or  of  another  person,
to-wit:   Robert  Charles Junior Grubbs,  by or through  the  use  of  a
deadly weapon,  to-wit:  by shooting him with a gun,  while the victim,
Robert Charles Junior Grubbs, was in a vehicle, in violation of Section
13A-5-40(a)(17) of the <u>Code of Alabama, 1975</u>, as amended,

### COUNT TWO

The Grand Jury of said County further charge that before the find-
ing  of this Indictment,  TERRENCE ROBINSON,  a/k/a TERRANCE  ROBINSON,
whose name to the Grand Jury is otherwise unknown,  did with intent  to
cause the death of another person, cause the death of that person or of
another person,  to-wit:  Robert Charles Junior Grubbs, by shooting him
with  a gun,  in violation of Section 13A-6-2 of the <u>Code  of  Alabama,
1975</u>, as amended,

against the peace and dignity of the State of Alabama.

District Attorney, Third Judicial Circuit of Alabama

Page 242

1   you, based on the evidence in this case, to find Corey

2   Nunley guilty of murder, and to find Terrence Robinson

3   guilty of murder, because they did it just as well as the

4   person that actually pulled the trigger, O'Neal Jackson,

5   that killed Junior Grubbs.

6          Thank you.

7          COURT'S ORAL CHARGE

8   BY JUDGE ROBERTSON:

9          Ladies and gentlemen, it has come time in

10  the case for me to charge you and tell you what the law is

11  regarding these particular cases.  You have heard two cases

12  tried together today at the same time.  You heard a case

13  against Corey Nunley and Terrence Robinson tried at the

14  same time.  You will have to make decisions in both of

15  those cases.  The indictments are the same in both cases

16  with the exception of the names, and I'll read you the

17  indictment in the case against Terrence Robinson or the

18  count they are traveling on.

19          "The Grand Jury of said County, charge that

20  before the finding of this indictment, Terrence Robinson,"

21  and also in the other indictment they named Corey Nunley,

22  Jr., "Whose name is to the Grand Jury otherwise unknown,

23  did with intent to cause the death of another person cause

24  the death of that person or another person: to-wit: Robert

25  Charles Junior Grubbs, by shooting him with a gun in

Page 243

1   violation of Section 13A-6-2 of the Code of Alabama, 1975,

2   as Amended, against the peace and dignity of the State of

3   Alabama."  Now, that indictment, and that indictment in the

4   other case, charges both of these defendants with the crime

5   of murder.  And, the issue that is presented to you for

6   your consideration and for your determination is, of

7   course, were they guilty, and I'll talk to you later in my

8   charge about the specific crime of murder; but, under the

9   section of law that they are proceeding under, it has three

10  or four different kinds of murder, and one of them is

11  felony murder, and that is what I will talk to you about a

12  little later.  That says if a person is in the process of

13  committing certain felonies, robbery, which is one, and

14  somebody gets killed, that they are responsible.  They

15  would be guilty of murder even though they didn't go there

16  with the express intention of killing them, if they kill in

17  the commission of a felony, in this instance robbery.

18  There is also a statute that talks about aiding and

19  abetting.  It says "Anybody that aids and abets a person

20  committing a felony is also guilty as if he committed the

21  felony himself."  So, the issues that you will be called on

22  to determine is whether or not the deceased, Mr. Grubbs,

23  was killed in the commission of a felony, namely robbery,

24  and, if so, were these gentlemen, that are the defendants

25  in this case, were they guilty of aiding and abetting or

Page 244

1   were they a participant and they aided and abetted in the

2   commission of this crime or the attempted commission of

3   robbery in which a person was killed, but we will talk

4   about that later on.    Before I talk to you about that

5   specific charge I want to tell you some general principles

6   of criminal law that are in effect in this case as well as

7   all other criminal cases.

8                    Now, the lawyers have talked about penalty,

9   and folks in the penitentiary, and folks in the electric

10  chair, and all that kind of stuff.  Well, it would be my

11  duty, the judge's duty, in this case to set whatever

12  sentence these gentlemen got after due consideration would

13  be presented at a sentencing hearing, at which time

14  everybody would have an opportunity to participate.  It is

15  not your duty to sentence, and you should not be concerned

16  with any sentence that either of these defendants may

17  receive should you find them guilty of the crime of which

18  they are charged.

19                    Now, both of these defendants in this case

20  have entered a plea of not guilty.  By that they say, "I'm

21  not guilty of the crime of murder," which is charged in the

22  indictment.  Now, Ladies and Gentlemen, when a defendant is

23  placed on trial and charged with the commission of a crime,

24  the law says that he or she is presumed to be innocent of

25  that offense.  These defendants enter these trials with the

Page 245

1    presumption of innocence in their favor, and it is a fact

2    which is due to be considered by you as evidence and should

3    not be disregarded.  This presumption of innocence remains

4    with the defendant during the trial of the case until the

5    State of Alabama has proved to you beyond a reasonable

6    doubt that the defendant is guilty of the crime with which

7    he or she is charged.

8                    Now, the state, as I have told you, has the

9    burden of proving the guilt of the Defendant beyond a

10   reasonable doubt, and this burden remains on the State

11   throughout the case.  These defendants nor any defendants

12   in any criminal case anywhere are ever required to prove

13   their innocence.  Now, as I have just stated to you, the

14   burden is beyond a reasonable doubt.  Then the question

15   then arises, "Well, what does the words "reasonable doubt"

16   mean?"  Well, reasonable doubt is pretty much

17   self-explanatory, and efforts by judges don't always

18   clarify it, but it may help you some for me to tell you

19   that a doubt which would justify an acquittal in these

20   cases, and that being a finding of not guilty, must be an

21   actual doubt.  If, after considering all of the evidence in

22   this case, you have an abiding conviction of the truth of

23   the charge, then you are convinced beyond a reasonable

24   doubt, and it would be your duty to find the defendant

25   guilty.  The reasonable doubt which entitles a defendant to

Page 246

1   a finding of not guilty is not a conjectural or speculative

2   doubt but a reasonable doubt arising from the evidence and

3   remaining after a careful consideration of the testimony

4   such as reasonable, fair-minded, and conscientious people

5   would have under the circumstances.

6           Now, you will notice that the State is not

7   required to prove the defendants' guilt beyond all doubt

8   but simply beyond all reasonable doubt.  If after comparing

9   and considering the testimony in this case you cannot say

10  that you have an abiding conviction of the defendant's

11  guilt, then you're not convinced beyond a reasonable doubt

12  and you should find the defendants not guilty.

13          Now, I read to you the indictment in these

14  cases.  The indictment in these cases is not evidence

15  against either defendant, it is merely the formal method

16  used under our constitution where a person is charged with

17  a crime and placed on trial.  It provides no proof nor

18  presumption nor inference that the defendant is guilty.

19  Now, in reaching your verdict you should not let any

20  emotion interfere with your decision, not any love or hate

21  or sympathy or pride or prejudice you might have against

22  any of the participants in the trial, whether it be

23  lawyers, whether it be defendants, whether it be witnesses.

24  Let no emotion enter into your findings.  Make your

25  findings based on what the true facts of the case are as

Page 247

1  you find them to be, and apply those true facts to the law

2  as I'm giving it to you now.

3          Now, let's talk for a minute about the crime

4  of murder with which these defendants are charged.  The

5  defendants are charged with murder.  Under the Code of

6  Alabama, Code Section 13A-6-2, and the particular section

7  of the Code under which they are charged or under which I'm

8  charging you, is (a)(3), which is also known as felony

9  murder.  "A person commits the crime of murder if he

10  commits or attempts to commit robbery in any degree."  Now,

11  there are some other felonies but that is the only one I'm

12  going to talk to you about.  "A person commits the crime of

13  murder if he commits or attempts to commit the crime of

14  Robbery in the First Degree, and in the course of the crime

15  or in the furtherance of the crime or in the immediate

16  flight therefrom he is committing or attempts to commit, he

17  or another participant causes the death of any person."

18  Okay.  Let's go over that one more time.  "A person commits

19  the crime of murder if he commits or attempts to commit

20  robbery in any degree, and in the course or furtherance of

21  the immediate flight from that crime he or another

22  participant -- another person in the attempt to commit the

23  crime of robbery causes the death of any person."

24          Okay.  So, what must the State of Alabama

25  have proved to you before you would be entitled to convict

Page 248

1   either of these defendants?  Well, the first thing they

2   must have proved to you is that Robert Grubbs Junior is

3   dead.  Okay.  That is stipulated.  Nobody doubts that.

4   Secondly, that the defendant Corey Nunley and that the

5   defendant Terrence Robinson or that the defendant --

6   remember there are two cases, so you have got to decide

7   this for both gentleman, so the law as I'm giving to you

8   applies to both of them -- first, that Robert Grubbs Junior

9   is dead; that the defendant Corey Nunley or Terrence

10  Robinson either caused the death of him or participated in

11  the crime with the other gentleman that got on the stand by

12  shooting him -- by shooting Robert Grubbs, and that in

13  committing the act which caused the death of Robert Grubbs

14  the defendant or another participant in the crime was

15  acting in the course of and in the furtherance of the crime

16  of, or in the immediate flight of robbery in any degree,

17  and that in doing the act which constituted the commission

18  or the alleged commission of the felony robbery, during the

19  course of which or in the furtherance of which or in the

20  immediate flight of which the death of Robert Grubbs was

21  caused by O'Neal Jackson or any other participants.  A

22  participant in the context of this offense is one who would

23  be legally accountable either as being one of the procured

24  -- one who is procured, induced, or caused or the one doing

25  the procuring or causing or aiding and abetting the

Page 249

1   commission of the alleged offense.

2           Now, in order for you to decide whether the

3   crime of robbery was committed or either attempted to be

4   committed I need to read to you the definition of robbery.

5   "A person commits the crime of Robbery in the First Degree

6   if in the course of committing a theft he uses or threatens

7   the use of imminent force against the person, the owner of

8   the property or any person present with the intent to

9   overcome that person's physical resistance or physical

10  power of resistance, and in doing so he causes serious

11  physical injury to another person."  That is robbery.  So,

12  if you find that any of the three committed robbery on Pete

13  Bethune or attempted to commit robbery on Pete Bethune, and

14  that in the course of committing that robbery or attempting

15  to commit that robbery Robert Junior Grubbs was killed,

16  then anybody -- any participant in that robbery or

17  attempted robbery would be guilty of murder if they either

18  shot the gun or aided or -- had the gun or aided and

19  abetted the person that did the shooting in committing the

20  robbery or attempting to commit the robbery.  So, what that

21  means in this case is, if you find that O'Neal Jackson

22  robbed or attempted to rob Pete Bethune, and during the

23  course of that robbery that he shot and killed Robert

24  Junior Grubbs, and further that either of the defendants

25  aided or abetted in the attempted commission of the

Page 250

1    robbery, then they would be guilty of murder just as if

2    they pulled the trigger.

3                    Now, I want to talk to you about what aiding

4    and abetting means.  What does that mean to aid and abet

5    somebody in the commission of a crime?  Well, "aiding and

6    abetting comprehends all assistance rendered by acts, words

7    of encouragement or support or presents actual or

8    constructive to render any assistance should it become

9    necessary and no particular acts are necessary."  Let me

10   read that to you one more time.  "A person aids and abets

11   another, and aiding and abetting as used in the law

12   comprehends all assistance rendered by acts, words of

13   encouragement or support.".  It can be done by your acts or

14   just by you encouraging him to do it or supporting him in

15   his furtherance of that crime, "or the actual presence or

16   the constructive presence of a participant at the scene in

17   order to render assistance should it become necessary and

18   no particular acts are necessary."  So, that is the law of

19   aiding and abetting.

20                   Now, if you find from the evidence that the

21   State has proved beyond a reasonable doubt each of the

22   elements of the offense of murder as charged, then you

23   should find the defendants guilty of murder.  If you find

24   the State has failed to prove beyond a reasonable doubt any

25   one or more of the elements of murder, as I have just

Page 251

1 explained them to you, then you should find the defendants

2 not guilty.

3                  Now, the lawyers have a right to ask me to

4 read written requested charges to you that they submit, and

5 if they are correct statements of the law, and I haven't

6 said them in my oral charge, I'm duty bound to read those

7 to you.  So, I'll read some written requested charges to

8 you now.

9                  A person acts intentionally with respect to

10 a result or to conduct when his or her purpose is to cause

11 that result or engage in that conduct.

12                  A person acts knowingly with respect to

13 conduct or to a circumstance which he or she is aware that

14 his or her conduct is of the nature or that the

15 circumstances exists.

16                  The minimum requirement for holding a person

17 criminally liable is there must be at least: (1)

18 performance by that person or a voluntary act; and (2) the

19 voluntary omissionto to perform that an act which he is

20 physically capable of performing.

21                  If a culpable mental state is required on

22 the part of the defendant with respect to any material

23 element of the crime charged, then the crime is said to be

24 one of "mental culpability".  It requires that at the time

25 of voluntary commission of an act or of voluntary omission

Page 252

1  of an act which the person is physically capable of

2  performing, he must have acted: intentionally, knowingly,

3  recklessly, or with criminal negligence.

4          Where the crime charged requires some degree

5  of mental culpability on the part of the defendant, that

6  mental culpability is required as to every essential

7  element of the crime unless the statute defining the crime

8  indicates to the contrary.

9          A person is criminally liable for a result

10  if the result would not have occurred but for his conduct.

11          A person is criminally liable for a result

12  whether the result was caused by solely by the accused

13  person's conduct or was caused by his conduct and another

14  cause acting concurrently, unless the other cause, standing

15  alone, was sufficient to produce the result of the conduct

16  of the accused person was clearly insufficient to do so.

17          I wonder who wrote that law.

18          A person is not legally accountable for the

19  behavior of another person -- excuse me, I'm not going to

20  give that one.

21          If you entertain a reasonable doubt as to

22  any fact or element necessary to constitute the defendant's

23  guilt, it is your duty to give him the benefit of that

24  doubt and return a verdict of not guilty.  Even where the

25  evidence demonstrates a probability of guilt, if it does

Page 253

1    not establish such guilt beyond a reasonable doubt, you

2    must acquit the accused.  This doubt, however, must be a

3    reasonable one; that is, one that is founded on a real

4    tangible substantial basis and not upon mere caprice and

5    conjecture.  It is a doubt that a reasonable man can

6    seriously entertain.

7                     Ladies and Gentlemen of the Jury, if the

8    State has failed in its burden to prove to you beyond a

9    reasonable doubt, based on all the evidence, that Corey

10   Nunley participated in a robbery or a theft of money from

11   Willie James Bethune which resulted in the death of Robert

12   Charles Junior Grubbs, you must acquit him and find him not

13   guilty of the offense charged in the indictment.

14                     I charge the jury that the county in which a

15   witness resides is not a valid factor for you, the jury, to

16   consider in weighing the credibility or believability of

17   the witness.

18                     Ladies and Gentlemen of the Jury, you are

19   the sole judges as to the weight that should be given to

20   all the testimony.   Whenever possible, you should attempt

21   to reconcile all the evidence.

22                     If you are unable to reconcile the evidence,

23   however, then it is your job to weigh the evidence and to

24   give more weight to that evidence which you find to be more

25   believable.  If in making this determination, you should

Page 254

1  leave all personal biases and prejudices outside the

2  courtroom.   You should be concerned solely with the

3  evidence which came forth from the witness stand.

4  You are permitted, however, to consider the

5  witness's demeanor and attitude on the stand, his

6  sincerity, and the credibility of what is said.  If, after

7  considering all the evidence in this case, you have a

8  reasonable doubt growing out of the evidence, you must

9  acquit the defendant.

10  The court charges the jury that, if you

11  believe any witness's testimony has been contradicted in

12  any material part, you could choose to believe all of that

13  witness's testimony.

14  The court chargesthe jury that, if you find

15  from the evidence that any witness has made contradictory

16  statements as to any material facts, you may look at these

17  contradictory statements in order to determine what

18  credence you will give to the testimony as a whole of the

19  said witness.

20  You, the jury, are instructed that proof of

21  contradictory statements or declarations of a material

22  point made by a witness may be sufficient to raise a

23  reasonable doubt in the minds of a jury as to the truth of

24  the testimony of that witness.

25  I charge you, Ladies and Gentlemen, that a

88

Page 255

1  reasonable doubt is sometimes said to be a doubt for which

2  a reason can be given.  It must spying from the evidence of

3  the case and the evidence only.  If after careful

4  consideration of the evidence you have a doubt arising from

5  the evidence or any part of the evidence of the defendant's

6  guilt, if such doubt seems to be reasonable to you, the

7  defendant should be acquitted.

8          I charge you, Ladies and Gentlemen, that the

9  burden is on the State to convince you by the evidence

10  presented in this case the guilt of the defendant to the

11  exclusion of every reasonable doubt.

12          Where there is reasonable doubt as to

13  whether the killing was done with intent, the accused

14  cannot be convicted of murder.

15          If there was reasonable doubt of the

16  accused's guilt upon the whole evidence he must be

17  acquitted.

18          The court charges you, the jury, are the

19  judge of the facts of the case and the credibility of the

20  witnesses who have testified.

21          I charge you that mere speculation,

22  conjecture, or surmise will not authorize you to return a

23  verdict of guilt.

24          I charge you that the mere possibility and

25  submissions -- excuse me, suspicions or guesswork will not

Page 256

1    overcome the presumption of innocence.

2                    Let me see the lawyers outside.

3                        (WHEREUPON, the following

4                         proceedings were held outside the

5                         presence of the jury as follows:)

6            THE COURT:  With that is the State satisfied?

7            MR. WHIGHAM:  State is satisfied.

8            THE COURT:  Is the Defendant Nunley satisfied?

9            MR. SMITHART:  Judge, we would like to ask for

10   additional charges to be given, Charges 12, 13, 14, 15, and

11   16.

12           THE COURT:  Well, I charged that.  13 is

13       reasonable doubt, I think I gave plenty of those on

14       that.  14, already given presumption of innocence.

15       Proof, I have already given that.  I told them that is

16       the evidence.  I already told them that.  16, I have

17       already talked about conjecture.  That is reasonable

18       doubt. I think I have covered that enough.

19           MR. SMITHART:  The only one left would be the

20       charge on the verdict.

21           THE COURT:  I'm going to tell them that when I

22       walk out.

23           MR. SMITHART:  That is all.

24           THE COURT:  Defendant Robinson?

25           MR. BOWDEN:  Satisfied, your Honor.

Page 257

1    MRS. HICKS:  Satisfied.

2    THE COURT:  All right.

3        (THEREUPON, the hearing held out of

4        the presence of the jury was

5        concluded.)

6        (WHEREUPON, the following

7        proceedings were had in the

8        presence of the jury as follows:)

9    THE COURT:  Ladies and Gentlemen, you have

10   heard all the charges, all the testimony, and all the

11   arguments of the lawyers.  It is time now for you to retire

12   and begin your deliberations and reach a verdict. Take the

13   evidence and in an impartial and honest way determine what

14   you believe to be the truth.  If you find that any of the

15   testimony of any witness in this case was willfully false,

16   you may disregard any or all the testimony of that witness.

17   You take the testimony and reconcile it as you can do so

18   from the witnesses, but, as I told you, the credibility of

19   the witnesses is up to you, for you to decide.  As I told

20   you in my first statement to you, take your -- everything

21   in which you in your everyday lives would pass on whether

22   somebody was being truthful with you and determine what the

23   truth is.  And take the evidence with all the reasonable

24   and proper inferences therefrom, and in an impartial and

25   honest way determine what you believe to be the truth,

Page 258

1  apply that truth to the law as I have given it to you and

2  reach a verdict.

3      The first thing you should do is elect one

4  of your number as foreperson, begin your deliberations.

5  And your verdict must be the verdict of each and every one

6  of you.  It must be unanimous, all twelve of you must agree

7  on either a guilty or a not guilty verdict.

8      If you find the State has met its burden of

9  proof, and proved the defendants' guilt beyond a reasonable

10 doubt, the verdict would be, "We, the Jury, find the

11 defendant guilty of murder as charged in the indictment."

12 If, on the other hand, you find the State has failed to

13 meet its burden of proof and hasn't proved all the elements

14 of the crime of murder as charged, "We, the Jury, find the

15 defendant not guilty of murder as charged in the

16 indictment."  You have one form for each defendant.  One

17 form for Mr. Nunley, one form on Mr. Robinson.

18      Retire now and begin your deliberations.

19 You can take a break.  Any of you that need to take one,

20 take it at any time.  Ask the bailiff and he will let you

21 go, and then come back in.  But while anybody is out, don't

22 deliberate or discuss the case.  Don't discuss the case or

23 deliberate unless all twelve of you are in the room to

24 participate.

25      With that you may retire and begin your

Page 259

1  deliberations.

2                  (THEREUPON, the jury retired to

3                  begin their deliberations at the

4                  hour of 5:10 p.m.)

5              JURY VERDICT

6                  (6:25 p.m.)

7          THE COURT:  Okay.  Ladies and Gentlemen, have

8  you reached a verdict in the case of State of Alabama

9  versus Corey L. Nunley, Case Number CC-94-76, and is this

10  your verdict:  "We, the Jury, find the Defendant Corey

11  Nunley guilty of murder as charged in the indictment,"

12  signed Emma Jean Frost, Foreperson?  I'm going to point to

13  each of you and ask if this is your verdict.  If it is,

14  yes; if not, no.

15              Is it yours, ma'am?

16                  (THEREUPON, each of the twelve

17                  jurors nodded their heads up and

18                  down in response to the court's

19                  question.)

20          All right.

21          In the case of the State of Alabama versus

22  Terrence Robinson, Case Number CC-94-74, "We, the Jury,

23  find the Defendant Terrence Robinson guilty of murder as

24  charged in the indictment," signed Imagene Sparks,

25  Foreperson.

Page 260

1    Again, ma'am, is this your verdict?

2              (THEREUPON, each of the jurors

3              nodded their heads up and down in

4              response to the court's question.)

5    THE COURT:  Okay.  Thank you very much.  You

6    have done your city, your county, and the state a service

7    of which we are all appreciative.

8              If you have another case, the cases for

9    tomorrow, Thursday, and Friday are still on.  So, if you

10   have one of those cases we will see you then; if not, you

11   are excused.  And thank you very much for participating.

12             In you need an excuse the clerk will give

13   you an excuse for your job; otherwise, he will mail you

14   your checks later.

15             Thank you very much.

16             (THEREUPON, the jury departed the

17             courtroom at which time the

18             following proceedings were held out

19             of the jury's presence.)

20   COURT'S ADJUDICATION OF GUILT

21   THE COURT:  Mr. Robinson, a jury of your peers

22   has found you guilty of the crime of murder, and the Court

23   does now adjudge you guilty of the crime of murder.

24             Y'all want a presentence report?

25   MR. BOWDEN:  Yes, your Honor.

Page 261

1    THE COURT:   All right.

2        You want the bond raised?

3    MR. WHIGHAM:  Yes, sir.

4    THE COURT:  The bond will be set at $150,000.

5        You are in the custody of the sheriff until

6  you make such bond.

7        Mr. Nunley, a jury of your peers has found

8  you guilty of the crime, and, of course, the court does now

9  adjudge you guilty of the crime of murder.

10       Do y'all want a presentence investigation?

11   MR. SMITHART:   Yes, sir.

12   THE COURT:  All right, sir.  His bond will also

13  be raised to the same amount.

14       Sheriff, he is in your custody, and they

15  will be in your custody until they make bond.

16                 (THEREUPON, court stood adjourned at

17                  the hour of 6:30 p.m.)

18   FRIDAY, JULY 21, 1995 - 9:00 a.m.

19   DEFENDANT COREY NUNLEY SENTENCING

20       WHEREUPON, the following proceedings were

21  had and entered of record as follows, to-wit:

22   THE COURT:  Okay, I call the case of the State

23  of Alabama versus Corey L. Nunley for sentencing.

24       Is the State ready?

25   MR. WHIGHAM: State is ready.

Page 262

THE COURT:  Is the defendant ready?

MR. SMITHART:  Defendant is ready.

THE COURT:  Do you or anyone on your behalf have any legal cause to show which would preclude pronouncement of sentence at this time?

MR. SMITHART:  No, sir, your Honor.

THE COURT:  I'll take any evidence or submissions that you would like to offer.

MR. SMITHART:  Judge, before the court today we have Corey Nunley and his fiance Tracy Owens and his aunt.

Corey at this time would like to tell the court the difference in his life, the changes he has made since the arrest for the offense that he has been convicted of.

Now, speak up loud.

DEFENDANT:  Your Honor, I have my job at Wayne Farms.  I'm working, I'm going to church, and, you know, trying to straighten my life out.  And, when the incident happened I had nothing to do with it, I was just at the wrong place at the wrong time.  And, you know, I didn't have nothing to do with it.  And, then, the D.A., just -- I guess they were looking at me and my other two brothers, you know, like I was real bad.

MR. SMITHART:  Corey, have you had any kind of arrests or convictions since then?

96

Page 263

1      DEFENDANT:  No.

2      MR. SMITHART:  All right.

3          Ms. Taylor, tell the court your relationship

4  to Corey Nunley.

5      MS. TAYLOR:  I was Corey Nunley's aunt.

6      MR. SMITHART:  And you -- do you see Corey on a

7  frequent basis?

8      MS. TAYLOR:  yes.

9      MR. SMITHART:  And, if you could, tell the

10  court why you think that Corey shouldn't be sentenced.

11      MS. TAYLOR:  Your Honor, Corey is a good boy.

12  When he was young he did some things but he learned from

13  them, and this incident here, please, he done changed.  He

14  got a job, he is working more now, he is not a threat to

15  society.   And I'm asking you for leniency on his life.

16  Don't put his life in jeopardy, if you will.

17          They had picked at Corey because they picked

18  at his father.  His father got killed, and he was a mother

19  and father to these kids, and he being more to us now

20  because we have had him from a baby to now, and I live with

21  him.  Corey is a good person.

22          Thank you, your Honor.

23      MR. SMITHART:  Do any of the other family

24  members have anything they want to say to the court?

25          This is Corey's grandmother, Judge.

Page 264

1    State your name, please.

2    MS. NUNLEY:  My name is Bertha Nunley, and I

3    have been had Corey all of his life.  I have been had him

4    since he was about two or three months old.  My son worked

5    in Rockford, Alabama, and he would bring those kids over

6    there to me.  When he would get off work he would come and

7    pick them up, carry them home.   When he gets them over to

8    the school bus he will come back and get them, and it hurts

9    me that they penned this on him.

10    I had to go to the doctor last Wednesday

11    myself.  I was threatening a stroke on account of Corey.

12    Corey, he minds.  He mind me.  Anything I ask him to help

13    me do, he would be right there to help me. I wouldn't have

14    nothing if it hadn't been for Corey, because I'm 80

15    something, and I'm not able to do anything.

16    And I thank you, because I can't stand up

17    long.

18    THE COURT:  Okay, y'all may go back.

19    MR. SMITHART:  Judge, on Corey's behalf we

20    would like to point out to the court since the arrest Corey

21    has spent seven months in the county jail or on public

22    release.  He got a job and started the GED program, and

23    made stringent efforts to turn his life around.  He has got

24    juvenile problems that I know that Corey is aware of, and

25    we think that the evidence at trial was minimal for the

98

Page 265

1    conviction of him, and we would like to ask the court to be

2    lenient on him.

3            THE COURT:  What does the State say?

4            MR. WHIGHAM:  The court heard the evidence in

5    the case.   The restitution in this case is $4,194.19 for

6    funeral expenses for Robert Junior Grubbs.  The court did

7    hear the evidence in the case.  And although there has been

8    no remorse for the death of Junior Grubbs by any of these

9    defendants that were involved in this case, at least one of

10   them did come forward and admit he had done wrong, and

11   pled, and was sentenced by this court.  I don't think that

12   -- Corey Nunley still denies the wrongdoing today, after a

13   jury of his peers had convicted him, and I don't think he

14   deserves any mercy of this court, and the State recommends

15   life.

16           MR. SMITHART:  Judge, in response to that, you

17   know, I think it has been clear all along that Corey wasn't

18   the shooter.  He was on the peripheral, really, involved in

19   it at all, hanging out with the wrong people at the wrong

20   time and not something that warrants a life sentence.

21           THE COURT:  Well, the court heard the evidence,

22   it agrees with the finding of the jury that he is guilty.

23   He shows absolutely no remorse for any of his actions, he

24   has not admitted any kind of guilt or wrongdoing, he

25   doesn't even believe he did anything wrong.

Page 266

1    No legal cause having been shown which would

2  preclude pronouncement of sentence, it is the sentence of

3  law, and the judgment of this court, that you be, and you

4  hereby are now sentenced to pay restitution in the amount

5  of $4,194.19, victim's comp fine in the amount of $50, that

6  you be, and you hereby are sentenced to a term of

7  imprisonment for the balance of your life.

8    You have a right to appeal this conviction

9  should you desire to do so.

10    He is in the custody of the sheriff.

11  DEFENDANT TERRENCE ROBINSON SENTENCING

12    THE COURT:  I call the case of the State of

13  Alabama versus Terrence Robinson for sentencing.  Is the

14  State ready?

15    MR. WHIGHAM:  State is ready.

16    THE COURT:  Is the defendant ready?

17    MR. BOWDEN: Defendant is ready.

18    THE COURT:  Do you or anyone on your behalf

19  have any legal cause to show which would preclude

20  pronouncement of sentence.

21    MR. BOWDEN:  No legal cause, your Honor.

22    THE COURT:  Any evidence or submissions that

23  you would like to make?

24    MR. BOWDEN:  All right, your Honor.  At the

25  request of the defendant I would like for his grandfather

Page 267

1    to be able to speak to the court.

2             You go ahead and state your name.

3        MR. TARVER:  Moses Tarver.

4        MR. BOWDEN:  Mr. Tarver, would you speak to the

5    judge now and tell him what you would like for him to hear

6    on behalf of your grandson.

7        MR. TARVER:  Judge, your Honor, this is my

8    grandson, and I want you to have mercy on him, please.  He

9    has been a lot of help to me, and I don't know what

10   happened or nothing.  I know nothing about that, but what I

11   wanted to ask you, you have mercy, if mercy be found, and I

12   believe that mercy can be found.  And, you do this thing --

13   our grandson has been here for years, ever since he was

14   raised from a little person, and I'm begging for my

15   grandson, to have mercy on him.

16        MR. BOWDEN:  Thank you, Mr. Tarver.  I believe

17   -- is that your mother?  I believe his mother would like to

18   speak to you now, your Honor, if you would like.

19        MS. SWANSON:  Judge, my name is Diane Swanson.

20   And I beg for you to have mercy on my son, and I think that

21   if he have another chance in life that he would be a much

22   better person.  And I don't think he really did the

23   offenses of what the people accused him of doing, and I

24   tried my best to do the best I could to raise him.

25        THE COURT:  I'm sure you did, and I'm sorry he

Page 268

1   turned out this way, I really am.  I'm sorry he turned out

2   this way.

3           MR. BOWDEN:  Thank you, ma'am.  I'm sure the

4   judge will honor your request.

5           Your Honor, I would like to say one thing on

6   behalf of the defendant.  Since he has been in jail down

7   here, the district attorney requested that one of his

8   members of his office I believe contacted Terrence to help

9   with an investigation they needed to be seeing about in the

10  Bullock County jail.  Terrence agreed to comply with that

11  request.  He did assist them doing what was asked of him

12  through the D.A.'s office, and I would like to point out

13  that he has cooperated in jail, and has been of assistance

14  to the D.A. in another case, and I would also like to ask

15  that you have mercy on him.

16          THE COURT:  Do you want to say anything,

17  Terrence?

18          DEFENDANT:  I'm being sentenced for a crime

19  which I didn't commit.

20          THE COURT:  I can't forgive you for something

21  you didn't do.  If you didn't do it, it doesn't involve

22  forgiveness.

23          Mr. D.A., do you have anything?

24          MR. WHIGHAM:  I have the restitution in this

25  case is the same as it is in the other one, that the cost

1   of funeral expenses is $4,194.19.  The court has heard the

2   evidence in the case, and there is no need to go back over

3   it.  Terrence did provide the pistol that was used, there

4   is no dispute in any of the evidence in regards to that,

5   that he provided the pistol that was used to kill Mr.

6   Robert Junior Grubbs.  Just as I mentioned in the other

7   case, nobody has shown remorse about the death of Mr.

8   Grubbs throughout the trial of this case, and the

9   sentencing in this case or anything else, and we would for

10   the State recommend life.

11       THE COURT:  No legal cause having been shown

12   which would preclude pronouncement of sentence, it is the

13   sentence of law, and the judgment of this court, that you

14   be, and you hereby are ordered to pay restitution in the

15   amount of $4,194.19, $50 Victim's Comp fine, court costs,

16   attorney fees, and you are hereby sentenced to a term of

17   life in the penitentiary.

18       You have a right to appeal this should you

19   desire to do so.  You're in the custody of the sheriff.

20       (THEREUPON, court stood adjourned.)

21       * * * * *

22

23

24

25

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | |
|---|---|
| TERRANCE ROBINSON, | ) |
| | ) |
| PETITIONER, | ) |
| | ) |
| VS. | ) CASE NO.: CC-1994-074.61 |
| | ) (Prior Rule 32 Case No. |
| | ) CC-94-74.60) |
| STATE OF ALABAMA, | ) |
| | ) |
| RESPONDENT. | ) |

## ORDER TO TRANSFER INMATE

A hearing having been set before this Court for Monday December 11, 2000, at 9:00 a.m., on a Motion for Hearing filed by the Petitioner, Terrance Robinson, **IT IS THEREFORE ORDERED** that the Sheriff of Bullock County, Alabama and the Department of Corrections arrange and provide for the transfer of inmate Terrance Robinson, AIS No. 182958, from B-Dorm, Elmore, Alabama to the Bullock County Courthouse in Union Springs, Alabama on Monday, December 11, 2000 at 9:00 a.m. for said hearing.

Done and Ordered this 1st of December, 2000.

Michael O. Emfinger
Sitting By Special Appointment

cc: District Attorney Boyd Whigham
    Sheriff Charles Hudson
    Department of Corrections

IN THE CIRCUIT COURT OF BullocK COUNTY, ALABAMA:

TERRENCE ROBINSON
PETITIONER

VS:

STATE OF ALABAMA
RESPONDANTSDet, al.



CASE NO CC-94: 74.61

## MOTION TO AMEND RULE 32 PETITION

Comes now the petitioner by and through himself (pro-se) moves this honoeable court for a amendment to his rule 32 petition and add the following grounds.

#1. the petitioner claims that there is a variance between the indictment and the proof that was submitted at his trial.

#2. the petitioner claims that because of such variance the circuit court was without jurisdiction to except the jury verdict of guilt and pronounce judgement and sentence.

## GROUNDS OF PETITION

A. count 1 of the indictment reads: the grand jury of said county charge that before the finding of this indicment, TERRENCE ROBINSON, whose name is otherwise unknown, did, with the intent to cause the death of the persdn or of the person, to wit, ROBERT CHARLSE JUNIOR GRUBBS, by or through the ruse of a deadly weapon, to wit, by shooting him with a gun, while the victim robert charlse junior grubbs was in the vehicle, in violation of section 13A-5-40 (A) (17) code of alabama.

B. count 2 of the indictment reads: the grand jury of said county further charge that before the finding of this indictment, TERRENCE ROBINSON, WHOSE NAME IS OTHERWIUSE UNKNOWN TO THE GRAND JURY, DID WITH THE INTENT TO CAUSE THE DEATH OF ANOTHER PERSON, CAUSE THE DEATH OF THAT PERSON, TO WIT, ROBERT CHARLSE JUNIOR GRUBBS, BY OR THROUGH THE USE OF A DEADLY WEAPONY TO WIT, BY SHOOTING HIM WITH A GUN, WHILE

THE VICTIM, ROBERT CHARLSE GRUBBS JUNIOR, WAS IN THE VEHICLE, IN VIOLA-
TION OF SECTION 13A - 5- 40 (A)) (17) CODE OF ALABAMA.

ARGUMENT #1. THE PETITIONER WAS CHARGED WITH VIOLATION OF TITLE 13A-
6-2- of the code of alabama. which reads; a person commits the crime of
murder if, (1) WITH INTENT TO CAUSE THE DEATH OF THAT PERSON OF ANOTHER
PERSON, OR (2) UNDER THE CIRCUMSTANCES MANIFESTING A EXTREME INDIFFERENCE
TO HUMAN LIFE, he recklessly engages in conduct which creates a grave
risk of death to a person other than himself, and thereby causes the
death of another person.
the petitioner claims that because he was found guilty under this code
he was held to answer to a charge which is not contained in the indict-
ment.
count 1 and count 2 offthe indictment charges that TERRENCE ROBINSON
DID COMMIT THE CRIME OF MURDER WITH A GUN.  but, the evidence proof
at trial only proof that TERRENCE ROBINSON RECKLESSLY ENGAGED IN CON-
DUCT WHICH CREATED AN EXTREME INDIFFERENCE TO A HUMAN LIFE.

    THE PETITIONER WAS INDICTED UNDER 13A-6-2 A(of the code of alabama
but found gulty under 13 A- 6- 2 (B) of that code which is not contained
in the indictment.
the petitioner claims that the evidence introduced at trial only proved
that he (TERRENCE ROBINSON ) had given one of the individual a weapon
supposely used in this crime with no prior evidence that the petitioner
participated, nor, did he know of the intentions of the codefendant in
this crime.

the petitioner states that the codefendant (ONEAL JACKSON) has admitted to shooting the victim in this case. (SEE ONEAL JACKSON STATEMENT). therefore the state of alabama has failed to proof the charged which is contained in the indictment charging that the defendant (TERRENCE ROBINSON COMMITTED THE CRIME OF MURDER BY SHOOTING THE VICTIM WITH A GUN.

EXPARTE V. WASHINGTON 448 so 2d 404 (1984). as pointed out there is several indifferences between intentional murder (13a-6-2(A(1), and reckless murder, 13A-6-2-a(2). one is that kind of culpalibility differs in that 13a-6-2-(A)(1) requires intentional conduct and 13a-6-2(a) (2) requires reckless conduct. under 13 a-1-9 (A) (4) reckless murder could be considered an included offense of intentional murder, the indicted offense, if, it is differed from the indicted offense only because it requires a lesser kind of culpalability.

however, there is another difference. if only a lesser type of culpability is shown, reckless, the offense is MANSLAUGHTER section 13A -6-2 A (2) REQUIRES a showing that the defendant conduct was directed at human life in general an opposed to a particular individual. [THIS ADDITIONAL DIFFERENCE BETWEEN THE OFFENSE HE WAS INDICTED FOR, INTENTIONAL MURDER]. and universal malice murder precludes the latter from being an included offense, since it can be established only by a showing  of facts not requireed in order to be convicted of intentional murder. (13A -6-2-(A)(1).

the petitioner was indicted under 13a-6-2-(a) of the code of alabama which states that the petitioner committed the crime of murder by, shooting the victim with a gun, however the petitioner was found guilty of section 13a-6-2-(B) of the code of alabama, which is not contained

in the indictment. 13-6-2(B) READS: a person commits the crime of murder
if, whcih he engages in conduct which manifest a extreme indifference to
human life. therefore the petitioner is illegally incarcerated on a
charge which is not contained in the indictment, the petitioner should
have been indicted and found guilty of 13A-6-2-(B). THE PETITIONER  IN-
DICTEMENT SHOULD HAVE READ: TERRENCE ROBINSON DID COMMIT THE CRIME OF
MURDER BY ENGAGING IN CONDUCT THAT MANIFESTED A EXTREME INDIFFERENCE
TO HUMAN LIFE, OR THAT HE ENGAGED IN CONDUCT THAT CREATED A GRAVE RISK
OR DEATH TO A PERSON OTHER THAN HIMSELF, AND THEREBY CAUSED THE DEATH OF
ANOTHER PERSON,

SECTION 13a-6-2- (A) (2). ALSO REATINS AS MURDER THE RECKLESSLY ENGA-
GING IN CONDUCT WHICH CREATES A GRAVE RISK OF DEATH UNDER CIRCUMSTANCES
"MANIFESTING" EXTREME INDIFFERENENCES TO HUMSN LIFE", WHICH IS DIFFERENT
FROM A POSITIVE INTENT TO KILL, AND WHICH ESSENTIALLY RESTATES EXIDTING
LAW, SECTION 13-1-70. of the code of alabama.

   where a act causing the death was specifically aimed at a inflicted
upon a particular person and none other, the person perpertrator could
properly be convicted of first degreee murder. state v. mitchell, 29
wash. 2d 468.
the evidence in this case when viewed in light most favorable to the
prosecution,.reveals that the defendant acts and omissions were spe-
cifically directed at a particular victim and no other, the jury found
the petitioner gulty of murder, count 2 of the indictment, the review
of the record proofs that the evidence produced at trial is insufficient
to support the conviction of intentional murder,

SEE: NORTHINGTON V. STATE 413 so 2d 1169(AND  EXPARTE V. WASHINGTON 448 so 2d 404).

THE PETITIONER WAS INDICTED UNDER 13a-6-2(A) of the code of alabama which states that a person commits the crime of murder by intent and with a weapon. however, the petitioner was found guilty under 13a-6-2 (B) of the code of alabama which is not contained in the indictment.

THE PETITIONER HOPE AND PRAY THAT THIS HONORABLE COURT WOULD TAKE JUDICIAL NOTICE OF THE GROUNDS OF THIS PETITION AND GRANT TO HIM WA WHATEVER RELIEF THIS COURT FIND NECESSARY WITHOUT FURTHER DELAY.

SWORN AND SUBSCRIBED BEFORE ME THIS THE ___2nd___ DAY OF JANUARY 2001. MY COMMISSION EXPIRES _____ 8th _____ ,DAY OF __Nov.__ , __2003__ .

TERRANCE ROBINSON
P.O. BOX 56
ELMORE ALABAMA, 36025

NOTARY PUBLIC STATE AT LARGE

109

# IN THE CIRCUIT COURT FO BULLOCK COUNTY, ALABAMA

TERRANCE ROBINSON,     )
                           )
     Petitioner,      )
                           )
Vs.                  )     CASE NO. CC-94-74.61
                           )     (Prior Rule 32 Case No. CC-94-74.60
STATE OF ALABAMA,      )
                           )
     Respondent.     )

## ORDER

This matter coming on to be heard on December 11, 2000, on the Court's order dated September 11, 2000, a copy of which is attached hereto as Exhibit "A". Petitioner Terrance Robinson appeared before this court on December 11, 2000, and made arguments concerning the allegations contained in his Rule 32 petition and the State of Alabama was represented by District Attorney, Boyd Whigham.

The Court reviewed the complete file and takes Judicial notice of the contents of said file.

The Court finds from the arguments of the Petitioner on December 11, 2000, and the allegations contained in the Rule 32 Petition filed August 11, 2000, that the Petitioner has failed to present any evidence that would be jurisdictional as provided by Rule 32.1(b).

The Court further finds that the Petitioner has presented no newly discovered evidence that would meet the requirements of Rule 32.1(e). The Court further finds that the affidavit of the Petitioner dated September 14, 2000, fails to present any newly discovered evidence.

The Court further finds that the Petitioner was allowed to argue before the Court on December 11, 2000, any and all matters to which the Petitioner believed would support his petition and even with this the Petitioner failed to over come the preclusions of remedy as provide by Rule 32.2.

It is therefore **ORDERED and ADJUDGED** that the Petition be precluded pursuant to the provisions of Rule 32.2 (b). All issues are **DISMISSED** pursuant to Rule 32.2 A.R. Cr. P.

**ORDERED and ADJUDGED** this 24th day of January , 2001.

Michael O. Emfinger
Setting by Special Appointment
As Circuit Judge

EXHIBIT 11

111

# IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

TERRANCE ROBINSON,          )
                            )
        Petitioner,         )
                            )
vs.                         )        CASE NO. CC-94-74.61
                            )        (Prior Rule 32 Case No. CC-94-74.60
STATE OF ALABAMA,           )
                            )
        Respondent.         )

## ORDER

This matter coming before this Court on Petitioner's Motion for Judge To Set Aside and Vacate

Order, dated August 25, 2000, and the Court having reviewed the Order and other documents in the

Courts file, makes the following finding of fact and conclusions of law:

The Court finds that the Judge to whom this Petition was directed, Burt Smithart, and the Judge

signing the Order, dated August 25, 2000, was counsel for a Co-Defendant, in the trial of this case, Corey

Nunley, Case Nos. CC-94-76 and CC-94-77.

The Court did not consider the potential conflict at the time of reviewing the Petition prior to

signing the Order, dated August 25, 2000.

The Court finds that the Order, dated August 25, 2000, should be set aside for the reasons set

forth above and not for the reasons set forth by the Petitioner in his Motion To Set And Vacate Order.

The Court further finds that the Petition filed August 11, 2000 and the allegation and arguments set

forth in Motion For Judge To Set Aside And Vacate Order, be assigned to the District Judge of

Bullock County, Michael Emfinger, for his consideration.

It is **THEREFORE ORDERED and ADJUDGED** that the Order dated August 25, 2000,

is hereby set aside for the reasons set forth above.

It is further **ORDERED** that District Judge Michael Emfinger shall consider the Petition

filed August 11, 2000 and any allegations contained in the Motion To Set Aside Order, and make

appropriate ruling upon consideration of the Petition, response by the State, and all other matters

112

contained in the Court file, and said District Judge shall consider all other matters that might come before the Court in regard to Terrance Robinson, Case Nos. CC-94-74.60, CC-94-74.61.

**ORDERED** this __11th__ day of September, 2000.

Burt Smithart, Circuit Judge
Third Judicial Circuit

cc: Judge Michael Emfinger
    District Attorney Boyd Whigham
    Clerk of Courts, Wilbert Jernigan
    Terrance Robinson

In The Court Of Criminal Appeals

State Of Alabama

TERRENCE ROBINSON ,

Appellant

Vs.

State Of Alabama,

Appellee                              Case No. CC-94-74

## Notice Of Appeal:

The appellant in the above styled action hereby gives notice of appeal to the Court of Criminal Appeals from the decision rendered in this action on JAN 24, 2001 whereas the Trial Judge dismissed appellant's petition.

Dated this 20 day of FEB 2001

TERRENCE ROBINSON

*Terrence Robinson*

## Certificate Of Service:

I hereby certify that I have served all parties with a true and correct copy of the foregoing by the same being placed in the U.S. mail all postage paid.

Dated this 20 day of FEB 2001

*Terrence Robinson*

| State of Alabama Unified Judicial System<br><br>Form ARAP-1C     8/91 | **REPORTER'S TRANSCRIPT ORDER — CRIMINAL**<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number |
|---|---|---|

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

[✓] CIRCUIT COURT   [ ] DISTRICT COURT   [ ] JUVENILE COURT OF   _Bullock County_   COUNTY

_TERRENCE ROBINSON_ , Appellant

v.   [✓] STATE OF ALABAMA   [ ] MUNICIPALITY OF _____

| Case number: _CC-94-74_ | Date of Judgment/Sentence/Order: |
|---|---|
| Date of Notice of Appeal:<br>Oral: _____  Written: _Feb 20, 2001_ | Indigent Status Granted:  [✓] Yes   [ ] No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

_N/A_                    _N/A_                    _N/A_

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(C)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                          COURT REPORTER(S)

A. [ ] **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. [ ] **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, A.R.Cr.P.)

C. [ ] **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, A.R.Cr.P.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. _Rule 32 Petition_ | _12-11-00_ | _UNKNOWN_ |
| E. | | |
| F. | | |
| G. | | |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceeding that the case are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(C)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_Terrence Robinson_                    _Feb 20, 2001_

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to:   (1) Clerk of the Court of Criminal Appeals.   (2) the District Attorney (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

*115*

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br><br>_____ - _____ |
|---|---|---|

**A. GENERAL INFORMATION:**

☑CIRCUIT COURT ☐DISTRICT COURT ☐JUVENILE COURT OF   **Bullock County**   COUNTY

**Terrence Robinson** , Appellant

V.   ☑STATE OF ALABAMA   ☐MUNICIPALITY OF _____

| Case Number<br>**CC-94-74** | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| Number of Days of Trial/Hearing                   Days | Date of Notice of Appeal<br>Oral: | **Written: Feb 20, 2001** |
| Indigent Status Requested:  ☐ Yes  ☐ No | Indigent Status Granted: ☑ Yes ☐ No | |

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.    If no attorney, will appellant represent self?   ☑ Yes  ☐ No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)<br>**N/A** | Telephone Number |
|---|---|
| Address                                    City | State          Zip Code |

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant   **Corey Nunley** | Case Number   **CC-94-76 CC-94-77** |
|---|---|
| Codefendant   **O'Neal Jackson** | Case Number   **N/A** |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

| 1 ☐ State Conviction | 4 ☐ Pretrial Order | 7 ☐ Juvenile Transfer Order | 10 ☐ Other (Specify) |
|---|---|---|---|
| 2 ☑ Post-Conviction Remedy | 5 ☐ Contempt Adjudication | 8 ☐ Juvenile Delinquency | _____ |
| 3 ☐ Probation Revocation | 6 ☐ Municipal Conviction | 9 ☐ Habeas Corpus Petition | _____ |

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

| 1 ☐ Capital Offense - § **13A5-40** | 6 ☐ Trafficking in Drugs - § _____ | 11 ☐ Fraudulent Practices - § _____ |
|---|---|---|
| 2 ☐ Homicide - § **13A 6-2** | 7 ☐ Theft - § _____ | 12 ☐ Offense Against Family - § _____ |
| 3 ☐ Assault - § _____ | 8 ☐ Damage or Intrusion | 13 ☐ Traffic - DUI - § _____ |
| 4 ☐ Kidnapping/Unlawful | to Property - § _____ | 14 ☐ Traffic - Other - § _____ |
| Imprisonment - § _____ | 9 ☐ Escape - § _____ | 15 ☐ Miscellaneous (Specify): |
| 5 ☐ Drug Possession - § _____ | 10 ☐ Weapons/Firearms - § _____ | _____ - § _____ |

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?   ☐ Yes  ☑ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?   ☑ Yes  ☐ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.   **Feb 20, 2001**
   (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?   ☑ Yes  ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?   ☑ Yes  ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

| Form ARAP- 26 (back)   8/91 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT |
|---|---|

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 8 | 2 | 00 | Rule 32 Petition | 1 | 24 | 01 |
| 2 | 20 | 01 | Notice of Appeal | | | |
| 2 | 20 | 01 | Motion for Judge to set Aside And | | | |
| | | | vacate order Date 24, Jan 2001 | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

Appellant field his petition for Relief from Conviction or setence 8-2-00, Appellee feeld A " Motion to Deny on 8-23-00, Appellant field A Response And objection to Motion 8-25-00,

The court Summarily Dismissed on 1-24-01, Appellant field A Notice of Appeal And motion for Judge to set Aside And vacate order Date 20, Feb 2001.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. *(Attach additional pages if necessary.)*

Whether Vel non, the court Erred in Summarily dismissing Jurisdiction Issues on appeal?   [Yes they Erred], As:

1.) Illegal Consolidation

2.) Indictment / void

3.) Newly Discovered Evidence

4.) Court without Jurisdiction to Render Judement

5.) Actoal Innocence

**K. SIGNATURE:** Terrence Robinson

Feb 20, 2001                    Terrence Robinson    #182958

Date                            Signature of Attorney/Party Filing this Form

# NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
## BY THE TRIAL COURT CLERK

TERRENCE ROBINSON _____    V.    [X] **STATE OF ALABAMA**
**APPELLANT'S NAME**                    [ ] **CITY OF** _____
*(as it appears on the indictment)*                              **APPELLEE**

[X] **CIRCUIT**    [ ] **DISTRICT**    [ ] **JUVENILE COURT OF** _____ **COUNTY**
**CIRCUIT/DISTRICT/JUVENILE JUDGE:** Honorable Michael O. Emfinger

**DATE OF NOTICE OF APPEAL:** February 20, 2001
(NOTE: If the appellant is incarcerated and files notice of appeal, this date should be the date on the certificate of service, or if there was no certificate of service, use the postmark date on the envelope.)

**INDIGENCY STATUS:**
Granted Indigency Status at Trial Court:                [X] Yes [ ] No
Appointed Trial Counsel Permitted to Withdraw on Appeal:    [ ] Yes [X] No
Indigent Status Revoked on Appeal:                      [ ] Yes [X] No

**DEATH PENALTY:**
Does this appeal involve a case where the death penalty has been imposed?    [ ] Yes [X] No

**TYPE OF APPEAL:** (Please check the appropriate block.)
[ ] State Conviction        [ ] Pretrial Appeal by State    [ ] Juvenile Transfer Order
[X] Rule 32 Petition        [ ] Contempt Adjudication       [ ] Juvenile Delinquency
[ ] Probation Revocation    [ ] Municipal Conviction        [ ] Habeas Corpus Petition
[ ] Mandamus Petition       [ ] Writ of Certiorari          [ ] Other(specify)

**IF THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC.) OR FROM ANY OTHER ORDER ISSUED BY THE TRIAL JUDGE, COMPLETE THE FOLLOWING:**

**TRIAL COURT CASE NO.:** CC-1994-074.61

**DATE ORDER WAS ENTERED:** JANUARY 24, 2001        **PETITION:** [X] Dismissed  [ ] Denied  [ ] Granted

**IF THIS IS AN APPEAL FROM A CONVICTION, COMPLETE THE FOLLOWING:**
**DATE OF CONVICTION:** _____    **DATE OF SENTENCE:** _____
**YOUTHFUL OFFENDER STATUS:**
Requested: [ ] Yes [ ] No    Granted: [ ] Yes [ ] No
**LIST EACH CONVICTION BELOW:** *(attach additional page if necessary)*
1.    Trial Court Case No. _____    CONVICTION: _____
      Sentence: _____
2.    Trial Court Case No. _____    CONVICTION: _____
      Sentence: _____
3.    Trial Court Case No. _____    CONVICTION: _____
      Sentence: _____

**POST-JUDGMENT MOTIONS FILED:** (complete as appropriate)

| | Date Filed | Date Denied | Continued by Agreement To *(Date)* |
|---|---|---|---|
| [ ] Motion for New Trial | | | |
| [ ] Motion for Judgment of Acquittal | | | |
| [ ] Motion to Withdraw Guilty Plea | | | |
| [ ] Motion in Arrest of Judgment | | | |
| [ ] Other | | | |

**COURT REPORTER(S):** _____
**ADDRESS:** _____

**APPELLATE COUNSEL:** _____
**ADDRESS:** _____

**APPELLANT: (IF PRO SE)** AIS# 182958
**ADDRESS:** Terrence Robinson
Fountain 3800, Atmore  36503

**APPELLEE (IF CITY APPEAL):** _____
**ADDRESS:** _____

I certify that the information provided above is accurate to the best of my knowledge and I have served a copy of this Notice of Appeal on all parties to this action on this 22nd day of February , 2001 .

*Wilbert M. Jernigan*
**CIRCUIT COURT CLERK**

AP 12-3 Letter of Transmittal of Notice of Appeal to the Court of Criminal Appeals by Trial Clerk    Printed and for Sale by Roberts & Son. Birmingham

## LETTER OF TRANSMITTAL OF NOTICE OF APPEAL TO
## THE COURT OF CRIMINAL APPEALS BY
### TRIAL CLERK

TERRANCE ROBINSON

      Appellant

      V.

STATE OF ALABAMA

      Appellee

Offense **RULE 32 PETITION**

Sentence **Dismissed**

Notice of Appeal **February 20, 2001**
      Date Filed

Judgement Entry **January 24, 2001**
      Date Entered

[   ]   Oral notice of appeal has been given prior to or on the date of entry of the judgment of conviction in this cause,

[ X ]   Written notice of appeal has been filed on the date indicated hereon (within 42 days from the entry of judgment or the order overruling a post conviction motion),

A certified copy of the entry of record of the oral notice of appeal or the written notice of appeal is forwarded herewith for filing with the Court of Criminal Appeals.

I certify that I have served a copy of this letter of transmittal along with a copy of the notice of appeal on each of the following:

    1.   Court Reporter (Name and address) _Kelli Mills, Union Springs, Al_
    2.   Defendant
    3.   Defendant's appellate counsel. (Name and address)
    4.   District Attorney
    5.   Attorney General

DATED this __26th__ day of _____MARCH_____, XX 2001____.

_Wilbert M. Jernigan_
        Circuit Clerk

# CERTIFICATE OF COMPLETION AND
## TRANSMITTAL OF RECORD ON APPEAL
### BY TRIAL CLERK

__TERRANCE ROBINSON_____    TO: The Clerk of the Court of
'Appellant                   Criminal Appeals of Alabama
v.

                     Case No. __CC-1994-74.61_____

State of Alabama
Appellee           Date of Notice of Appeal __02-20-01__

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of __119__ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this __26th__ day of _MARCH__, XXX2001

*Wilbert M. Jernigan*
Circuit Clerk

__BULLOCK_____
County

COPY

1

1 | IN THE THIRD JUDICIAL CIRCUIT
  | IN AND FOR BULLOCK COUNTY, ALABAMA
2 |
  |
3 | TERRENCE ROBINSON, AIS # 182958
  |      Petitioner,
  |                           Circuit Court
4 | Vs.                       Case No. CC-1994-74.61
  |
5 | STATE OF ALABAMA,
  |      Respondent.
6 |
7 |
8 |      * * * * * * * * * * * * * * * * * * * *
  |      REPORTER'S OFFICIAL TRANSCRIPT ON APPEAL
9 |      * * * * * * * * * * * * * * * * * * * *
10 |
11 |
12 |      Rule 32 proceedings taken in the above-styled
13 | cause in the Bullock County Courthouse, Union Springs,
14 | Alabama, on December 11, 2000, before the Honorable
15 | Michael O. Emfinger.
16 |
17 |
   |                    **APPEARANCES**
18 |
19 | ON BEHALF OF THE PETITIONER:
   |      Terrence Robinson,
   |      Pro Se
20 |
21 | ON BEHALF OF THE STATE:
   |      Boyd Whigham,
   |      District Attorney
22 |
23 |              **OFFICIAL COURT REPORTER**
   |                 Kelli W. Mills
24 |               408 N. Prairie Street
   |           Union Springs, Alabama  36089
25 |                  (334) 738-3284

1          (In open court.)

2          THE COURT:  This is Case Number CC-1994-74.61.

3      Your request for counsel was denied.  You were

4      brought here today to set forth your petition and

5      the grounds for it.

6          MR. ROBINSON:  Yes, sir.

7          THE COURT:  Swear the witness.

8          (Mr. Robinson was placed under oath.)

9          THE COURT:  Yes, sir.

10         MR. ROBINSON:  I had filed a Rule 32 because in

11     my indictment I had two counts, one count for

12     capital murder and one count for felony murder, and

13     both would equal -- is supposed to be one

14     indictment; right?  So to the First Amendment --

15     Fifth Amendment, due process to equal procedure and

16     law and fair trial and sentencing, which I feel

17     like I got too much time for what they say I did,

18     but I ain't did nothing, though.

19         THE COURT:  You got too much time for what you

20     did, but you didn't do anything?

21         MR. ROBINSON:  For what they say I did.  I

22     didn't do anything.

23         THE COURT:  What new evidence do you have to

24     show that?

25         MR. ROBINSON:  My new evidence on my 32 on my

1    indictment right here on the true bill from the

2    grand jury, nobody signed it right there on my

3    indictment.  It is in my appeal what I had sent up

4    there.

5    THE COURT:  You raised that on appeal, though,

6    didn't you?

7    MR. ROBINSON:  Yes, sir.

8    THE COURT:  Okay.

9    MR. ROBINSON:  On the Sixth Amendment I had the

10   right to counsel who represented me at trial and on

11   direct appeal; right?  My counsel didn't represent

12   me properly.

13   THE COURT:  What specifically did they not do?

14   MR. ROBINSON:  He tried -- Me and Corey got

15   tried together, and we were supposed to have been

16   tried separate.

17   THE REPORTER:  Corey?

18   MR. ROBINSON:  Corey Knight.

19   THE COURT:  You raised that in your appeal,

20   didn't you?

21   MR. ROBINSON:  Yes, sir.

22   THE COURT:  Have you got another basis?

23   MR. ROBINSON:  Huh-uh.  That's the issue I

24   raised in my Rule 32.  I went to trial on capital

25   murder, but the jury found me guilty of murder,

1    though.

2        And I filed again.  In his testimony, he copped

3    out 30 years saying he had killed the dude, and

4    then they still tried me and Corey for capital

5    murder saying we had killed them, and that's a

6    violation right there.

7        THE COURT:  You raised that in appeal, didn't

8    you?

9        MR. ROBINSON:  Yes, sir.

10       THE COURT:  What is it that's new?  You

11   allege that you have got some new evidence that you

12   didn't raise in appeal.  What is that?

13       MR. ROBINSON:  About my indictment right here

14   and they ain't signed this, my indictment, on the

15   true bill in the formal grand jury, but they didn't

16   sign it.  And then I have got two counts on the

17   indictment; one for capital murder and one for

18   murder, and it ain't supposed to have but one.

19       THE COURT:  Okay.  But you raised those on

20   appeal, didn't you?

21       MR. ROBINSON:  This is the new evidence right

22   here.

23       THE COURT:  You filed this.  I have a copy of

24   this; right?

25       MR. ROBINSON:  Yeah.

1    THE COURT:  Mr. Whigham, do you have anything?

2    MR. WHIGHAM:  Judge, we have responded in

3    writing to this motion, and basically we stand on

4    what we have responded to in writing, the petition

5    to file a Rule 32 petition, dated June 6, 1997.

6    The state filed a response on August 11, 1997.

7    They are attached to the Record.  The Court

8    dismissed that petition on August 14, 1997.  And

9    the petition filed on August 11, 2000 is a

10   successive petition, and it is precluded under Rule

11   32.2B.

12   The Petitioner alleges jurisdictional issues

13   and newly discovered evidence on page 5 of his

14   petition, but to invoke the provisions of Rule

15   32.1B, circumvent Rule 32.2 preclusions,

16   unfortunately he does not state any issue that is

17   jurisdictional, and he presents no newly discovered

18   evidence.  And there is nothing new in this

19   petition than what the Court has previously ruled

20   on.

21   The judge ruled on that, but then he did set it

22   aside in an order.  The State responded to that,

23   too, and now we are here in regards to the set

24   aside order.  It is the State's position that the

25   order that was set aside is in fact proper law and

1     the way it should be ruled on, and we submit that

2     to the Court.

3          THE COURT:  Mr. Robinson, do you have anything

4     else?

5          MR. ROBINSON:  I believe the charges have been

6     dropped against me, though.

7          THE COURT:  I understand you may feel that way.

8          MR. ROBINSON:  I have been locked up six years,

9     going on seven years for something I did not do.

10         THE COURT:  I have reviewed the evidence in the

11    case, Mr. Robinson.  There was ample evidence to

12    convict you.  You have raised issues on appeal.

13    I'm today asking you for any new evidence that you

14    have.  And if that's everything, that's fine, and

15    I'll rule on it with that.

16         MR. ROBINSON:  Huh?

17         THE COURT:  I said, if that's all you have got,

18    I'll give you a ruling on it.

19         MR. ROBINSON:  All that I sent you, yes, sir.

20         THE COURT:  You are here today to tell me

21    anything else you want to tell me about it.

22         MR. ROBINSON:  Everything is in the ruling

23    right there.

24         THE COURT:  So you are telling me you don't

25    have anything new?

1         MR. ROBINSON:  I don't have anything else.

2         THE COURT:  All right.  I'll submit it and give

3    you a ruling on it.

4         (End of proceedings.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP 13 | CERTIFICATE OF COMPLETION<br>REPORTER'S TRANSCRIPT | Page Number<br><br>8 |
|---|---|---|

**TO:    The Clerk of the Court of Criminal Appeals**
**P. O. Box 301555**
**Montgomery, Alabama 36130-1555**

Fax: (334) 242-4689

**Criminal Appeals Case Number**         CR ____ - _____

_Terrence Robinson_         v. _State of Alabama_
**Appellant's Name**                              **Appellee**

On appeal from the:    [X] Circuit Court of
                                    [ ] District Court of    _Bullock_ County
                                    [ ] Juvenile Court of

**FILED IN OFFICE**

**Trial Court Case Number** _CC.1999.74.61_

**Notice of Appeal Date** _Feb 20, 2001_

CLERK-REGISTER, BULLOCK CO., ALA.

I, _Kelli W. Mills_ , certify that I have this date completed an
filed with the clerk of the trial court an original and three copies of a true and correct transcript of all proceeding
in the above referenced case that were reported by me and were specifically designated by the appellant f
inclusion on the Reporter's Transcript Order.  The transcript, which is numbered serially in the upper right-han
corner of each page, begins with a copy of the Reporter's Transcript Order and an index of both the exhibits an
the testimony of the witnesses.  The original transcript concludes with the original of this notice and the copies
the transcript conclude with copies of this notice.  The page number appearing in the upper right-hand corner
this certificate is the last page of my portion of the transcript in this case.

Done this the _20th_ day of _March_ , _2001_.

_[signature]_
**Court Reporter**

**FILING AND SERVICE OF THIS FORM:    Pursuant to Rule 11(b), A.R.App.P., the court reporter should file a copy**
**this certificate with the Clerk of the Court of Criminal Appeals and should serve copies of the certificate on couns**
**for the appellant or the appellant if he or she is not represented by appellate counsel, the attorney general and th**
**district attorney, unless the appeal is from a municipal appeal, in which event a copy of the form should be served**
**the municipal prosecutor rather than the attorney general and district attorney.**