# Court of Criminal Appeals
## State of Alabama
### Judicial Building, 300 Dexter Avenue
### P. O. Box 301555
### Montgomery, AL 36130-1555

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-00-1058          Bullock Circuit Court CC-94-74.61

Terrence Robinson v. State

McMILLAN, Presiding Judge

The appellant, Terrence Robinson, was convicted of murder and sentenced to life imprisonment. His appeal of the conviction was affirmed by this Court. He filed his first Rule 32, Ala.R.Crim.P., petition in 1997, alleging (1) ineffective assistance of counsel and (2) prosecutorial misconduct. He filed his second Rule 32 petition on August 11, 2000, arguing that he was not properly notified of the State's intent to consolidate his case with that of his co-defendant, Corey Nunley. The State moved to dismiss, arguing that this was a successive petition. Circuit Judge Burt Smithart denied the petition on the grounds pleaded by the State. On the same day Judge Smithart entered his order, the appellant filed an amendment to his petition in which he added three claims: (1) that he was not advised of his rights as a juvenile offender; (2) that he had newly discovered evidence, specifically, the statement of O'Neal Jackson; and (3) that the indictment against him was "false" because it alleged that he shot the victim. Upon discovering that he had represented Robinson's co-defendant at trial, Judge Smithart set aside his order dismissing the petition. The case was reassigned to District Judge Michael Emfinger. Robinson filed another amendment adding four more claims: (1) that he was denied effective assistance of counsel; (2) that there was a material variance between the indictment against him and the evidence presented at trial; (3) that he was not indicted by a grand jury; and (4) that he was "denied a grand jury to investigates [sic] his case for capital murder or felony murder." Judge Emfinger conducted a hearing on the appellant's petition on December 11, 2000. At the hearing, Robinson argued: (1) that his indictment was void because it had not been signed by the foreman of the grand jury; (2) that he was denied effective assistance of counsel at trial and on appeal; and (3) that he was indicted for both capital murder and murder. After the hearing, Robinson filed another amendment to his petition, again alleging that there was a fatal variance between the indictment and the evidence offered at trial. On January 24, 2001, Judge Emfinger denied the appellant's petition as successive.

In his brief to this Court, Robinson identifies four issues: (1) that his case was illegally consolidated with that of his co-defendant; (2) that the indictment against him was void because there

was a fatal variance between it and the evidence offered at trial; (3) that he was not advised of his juvenile Miranda [v. Arizona, 384 U.S. 436 (1966)] rights;[1] and (4) that the statement of Jackson constituted newly discovered evidence because, he alleges, it was withheld by the State at trial. Because the appellant does not address the other issues previously argued in his petition and the amendments thereto, he is deemed to have abandoned them on appeal.

Robinson previously raised the issue of consolidation on direct appeal. See Robinson v. State, 686 So. 2d 522, 524 (Ala.Crim.App. 1996). Consequently, he is precluded from raising it in a Rule 32 petition. See Rule 32.2(a)(4), Ala.R.Crim.P.

The appellant's claims that the indictment against him was void and that he was not advised of his constitutional rights as a juvenile offender are precluded by Rule 32.2(a)(5), as he could have raised them on appeal but did not.

Robinson's final claim is that O'Neal Jackson's statement to the police constitutes newly discovered evidence. He argues that the State did not notify him of Jackson's testimony and plea bargain agreement. In his brief however, Robinson acknowledges that Jackson's statement was made in 1994, which was prior to his trial. Robinson's contention that he was unaware of this claim is further belied by his argument on direct appeal. Robinson at 524. Moreover, although Robinson has identified his fourth claim as one of newly discovered evidence, it is, in fact, a claim of prosecutorial misconduct. Because Robinson argued prosecutorial misconduct in his previous Rule 32 petition, that claim is barred as successive. See Rule 32.2(b).

In Jones v. State, 724 So. 2d 75 (Ala.Crim.App. 1998), this Court held that the trial court's denial of a Rule 32 petition which is correct for any reason cannot be disturbed on appeal. All of the claims argued by Robinson are procedurally barred, and the trial court properly dismissed the petition.

The judgment of the trial court is affirmed.

**AFFIRMED.**

Baschab, Shaw, and Wise, JJ., concur. Cobb, J., concurs in the result.

---

[1] Although the heading of the appellant's third issue identifies it as being a claim of actual innocence, the argument itself addresses the question of the informing of the rights necessary due to the appellant's juvenile status at the time he was arrested and charged with murder.