IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Terrance ROBINSON, #182958, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>Warden Arnold HOLT, et al., )<br>    Respondents. ) | 2:06-cv-358-WKW |

## RESPONDENTS' SUPPLEMENTAL ANSWER

Come now the Respondents in the above-styled cause, by and through the Attorney General for the State of Alabama, and, in response to this Honorable Court's order to address the issues of procedural default and the federal statute of limitation, argue that Robinson's petition is due to be denied and dismissed with prejudice. In support of this position, Respondents state as follows:

1. In their initial answer, Respondents argued that Robinson did not invoke this Court's jurisdiction because he was attempting to raise an independent claim of actual innocence – an argument (as of this date) not recognized as a valid ground for habeas corpus relief. Without waiving that argument, Respondents now address the issues of exhaustion, procedural default, and the application of the one-year statute of limitation.

2. For purposes of clarity, the Respondents will briefly recap the procedural history of the claim that Robinson pursues before this Court – That newly discovered evidence in the form of a statement provided by witness O'Neal Jackson to law enforcement before Robinson's trial and available to Robinson at trial and relied on him on direct appeal entitles him to relief under a claim of actual innocence.

## PROCEDURAL HISTORY

### A. State proceedings

3. Following a jury trial, Robinson was convicted of murder on July 21, 1995 and sentenced to life imprisonment. Robinson appealed and his conviction became final after the Alabama Court of Criminal Appeals overruled his application for rehearing on August 23, 1996. *Robinson v. State*, 686 So. 2d 522, 523 (Ala. Crim. App. 1996).

4. Robinson filed his first state post-conviction petition in the Bullock County Circuit Court on or about June 6, 1997. (Ex. A, C. 23) He did not argue any grounds in his first post-conviction petition that are related to the claim raised here. The circuit court denied relief on August 14, 1997. Robinson did not appeal the decision.

5. On August 11, 2000, Robinson filed his second Rule 32 petition – the state filing in which he raised the issue argued here. (Ex A, C. 16-18) The circuit court denied the petition on January 24, 2001. (Ex. A, C. 109-10) Robinson appealed, and the Alabama Court of Criminal Appeals affirmed the denial of post-conviction relief in an unpublished decision filed on August 10, 2001. (Ex. B) The court held that Robinson's claim was, at bottom, a claim of prosecutorial misconduct and was barred as successive. (Ex. B at 2) Robinson did not further challenge the decision, so it became final on August 28, 2001, when the Alabama Court of Criminal Appeals issued its Certificate of Judgment. (Ex. C)

6. Robinson filed two additional Rule 32 petitions in the Bullock County Circuit Court on October 14, 2003 and February 14, 2005. He did not argue any grounds related to the claim raised here.

### C. Federal habeas corpus petition

7. Robinson filed the present -- his first -- habeas corpus petition challenging his Bullock County murder conviction on April 14, 2006.

# ARGUMENT

## I. ROBINSON'S "ACTUAL INNOCENCE" CLAIM IS PROCEDURALLY DEFAULTED.

### A. Exhaustion: Robinson did not exhaust his claims for purposes of habeas corpus review.

8. 28 U.S.C. § 2254(b)(1)(A) requires that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that — the applicant has exhausted the remedies available in the courts of the State[.]" Correspondingly, 28 U.S.C. § 2254(c) states that a petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, . . . by any available procedure, the question presented." In speaking to the issue, the United States Supreme Court has ruled that, based on principles of comity,

> [b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). As part of this process, the prisoner must complete one full round of appellate review in the state courts before the claim is exhausted for

4

examination in habeas corpus. *Id.* at 845; *Maharaj v. Secretary for Dept. of Corr.*, 304 F.3d 1345, 1348 (11th Cir. 2002) ("Before bringing a habeas petition in federal court, a petitioner must exhaust all state remedies that are available . . . and the petitioner is not 'deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.'").

9. Robinson raised his "newly discovered evidence" argument in his second state post-conviction petition. After the circuit court denied relief, Robinson appealed the decision. The Alabama Court of Criminal Appeals ruled that the argument lacked merit and was "in fact, a claim of prosecutorial misconduct. Because [he had] argued prosecutorial misconduct in his previous Rule 32 petition, [the state appellate court held] that [the] claim [was] barred as successive." (Ex. B at 2) Thus, the claim was declared barred under an independent and adequate state ground, Rule 32.2(b) of the Alabama Rules of Criminal Procedure. *Cf. Johnson v. Alabama*, 256 F.3d 1156, 1170 (11th Cir. 2001) (recognizing the procedural default of a sufficiency argument under Rule 32.2(a)(5)

because it could have been raised on appeal), *cert. denied*, 535 U.S. 926 (2002).

10. Robinson did not seek further review of the claim in an application for rehearing filed in the Alabama Court of Criminal Appeals, *see* Ala. R. App. P. 40, and, for that reason, was precluded from seeking review by petition for a writ of certiorari in the Supreme Court of Alabama, *see* Ala. R. App. P. 39. Robinson's failure to pursue one complete round of appellate review in the Alabama appellate courts renders his claim unexhausted. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003), *cert. denied*, 543 U.S. 838 (2004).

### B. Procedural Default: Because Robinson failed to exhaust his claim, it is defaulted from habeas corpus review.

11. Robinson cannot return to state court to exhaust his claim because it has already been adjudicated in a post-conviction proceeding. *See* Ala. R. Crim. P. 32.2(a)(4). In addition, the claim would again be declared successive. *See* Ala. R. Crim. P. 32.2(b). Finally, the claim would be time-barred under the two-year state statute of limitation because the "newly discovered evidence" – of which Robinson was aware at trial and on appeal – was not brought

6

within the applicable statutory period. *See* Ala. R. Crim. P. 32.2(c).

12. Robinson did not exhaust his claim and cannot return to state court for further review of the arguments. In such circumstances, the exhaustion and preclusion rules coalesce into a procedural default of his claim. *See McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure . . . constitutes a procedural bar."), *cert. denied*, 126 S. Ct. 1828 (2006); *see also Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("if the Petitioner failed to exhaust state remedies and the court to which Petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas").

### C. Cause to Excuse Default: Robinson's "actual innocence" claim does not constitute "cause" to excuse his default.

13. To overcome the procedural default, Robinson must allege and prove cause to excuse, and prejudice resulting from, the default of his claims or establish that habeas corpus review would correct a

7

miscarriage of justice. *See Herring v. Secretary, Dept. of Corr.*, 397 F.3d 1338, 1343 (11th Cir. 2005) (citing from *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999), which was, in turn, citing to *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). Robinson asserts that "actual innocence" excuses his procedural default.

14. As explained above, Robinson's "actual innocence" argument was not exhausted in state court. An unexhausted claim cannot be asserted as "cause" to excuse a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000) (unexhausted claim of ineffective assistance of counsel could not serve as "cause" to excuse procedural default); *Hill v. Jones*, 81 F.3d 1015, 1029-31 (11th Cir. 1996), *cert. denied*, 519 U.S. 1119 (1997). It appears that the procedurally defaulted claim might constitute "cause" if Robinson could "demonstrate independent cause and prejudice excusing the default of the . . . claim[.]" *Hill*, 81 F.3d at 1031; *see Edwards*, 529 U.S. at 453. Like Hill, Robinson has not provided any explanation to independently excuse his default.

15. Robinson makes two arguments in support of his claim of actual innocence. First, he alleges a legal innocence – that his indictment was faulty because it did not "show that 12 or more jurors

8

returned" the charging instrument. (Robinson's Petition for Claim Under Actual Innocence at 3) Second, he alleges factual innocence – that he did not actually shoot the weapon that resulted in the death of Charles Junior Grubbs. (Robinson's Petition for Claim Under Actual Innocence at 4-5)

16. According to the United States Supreme Court in *Schlup v. Delo*, 513 U.S. 298, 324-30 (1995), for a habeas petitioner to qualify for an "actual innocence" exception to the procedural bars of the AEDPA, the petitioner must show facts, which were unknown to him at the time of trial, that establish he is factually innocent of the crime for which he is charged. Robinson's first legal argument involving the validity of his indictment does not satisfy the *Schlup* factual innocence requirement; therefore, it does not provide a basis for an exception to his procedural default. *See Johnson*, 256 F.3d at 1171 (recognizing distinction between "actual" or "factual" innocence – which can provide "cause" to excuse a procedural default – and "legal" innocence which does not qualify as "cause").

17. While, at first blush, Robinson's second argument seems persuasive, because it was known to Robinson at trial and lacks

9

credence, it does not support an "actual innocence" argument. Robinson contends – like he did in the state courts – that O'Neal Jackson's statement to the police exonerated him. Yet, as explained by the Alabama Court of Criminal Appeals, this information was known to Robinson at trial and did not impact the outcome of his case. More crucial to the issue at hand, Robinson was not found guilty of actually shooting the gun. Instead, his guilt arose from "aid[ing] and abett[ing]" O'Neal Jackson by "handing [him] a gun . . . and stating that he would show [Jackson] how a robbery was done[.]" *Robinson*, 686 So. 2d at 524. These facts completely undercut Robinson's claim of factual innocence to the crime with which he was charged – accomplice liability. *See Johnson*, 256 F.3d at 1172-75 (rejecting petitioner's "actual innocence" argument when adequate evidence existed for jury to find him guilty under accomplice liability).

### D. Procedural Default: Robinson's failure to prove "cause" or to allege any "prejudice" results in a procedural default of his habeas corpus claim.

18. Robinson has not provided any facts to support a claim of prejudice to excuse his default. As a result, because he has "not shown cause or prejudice excusing this default[,]" *Hill*, 81 F.3d at

1031, Robinson's habeas corpus argument remains procedurally defaulted.

## II. ROBINSON'S PETITION IS TIME-BARRED UNDER THE ONE-YEAR STATUTE OF LIMITATION.

19. 28 U.S.C. § 2244(d) applies a one-year statute of limitation to an application for a writ of habeas corpus to an individual incarcerated pursuant to a state court judgment.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

11

20. The legislation enacting the one-year statute of limitation applicable to federal habeas corpus petitions became effective on April 24, 1996. *See Carey v. Saffold*, 536 U.S. 214, 217 (2002) (noting the effective date of the federal limitation period); *Drew v. Dept. of Corr.*, 297 F.3d 1278, 1282 (11th Cir. 2002) (same). In cases where the conviction is obtained following the one-year period, the defendant has one year from the date on which his conviction becomes final to mount a federal challenge. *See* § 2244(d)(2)(A).

21. Robinson did not pursue further review of his murder conviction after the Alabama Court of Criminal Appeals overruled his application for rehearing on August 23, 1996. *Robinson*, 686 So. 2d at 522. He was then accorded 14 days to file a petition for a writ of certiorari in the Supreme Court of Alabama. *See* Ala. R. App. P. 39(b)(3). Robinson declined to seek such review and, for that reason, his conviction became final on the day his time expired for filing a state petition for certiorari: Friday, September 6, 1996.

22. The one-year limitation period began to run the following day, on September 7, 1996, and ran for 272 days, until June 6, 1997, when Robinson filed his first state post-conviction petition. (Ex. A, C.

23) The circuit court denied relief on August 14, 1997. Robinson was then accorded 42 days to appeal the decision, but he declined to do so. *See* Ala. R. App. P. 4(b)(1). As a result, his first Rule 32 petition became final on Friday, September 26, 1997.

23. The statutory period resumed running on September 27, 1997 and ran for an additional 1049 days until Robinson filed his second Rule 32 petition on August 11, 2000. The one-year period expired before Robinson filed his second Rule 32 petition; as a result, the second state post-conviction filing did not toll the statute of limitation. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[a] state court filing after the federal habeas filing deadline [does not] revive" the statute of limitation); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("a state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled'"), *cert. denied*, 534 U.S. 1144 (2002). For that same reason, Robinson's additional two Rule 32 petitions also did not toll the limitation period.

24. In fact, the statutory period expired on Wednesday, December 30, 1997 – 93 days after the statutory period resumed running on

13

September 27, 1997. Robinson did not file the present habeas corpus petition until April 14, 2006 – roughly nine years after the limitation period expired. Because Robinson's petition was filed so long after the statutory period expired, it is due to be dismissed and denied as untimely. *See* § 2244(d)(1)(A); *Tinker*, 255 F.3d at 1333-34 (holding that a petition was time-barred when filed one year and four months after expiration of the one-year limitation period).

        Respectfully submitted,
        Troy King
        *Attorney General*
        By:

        /s/ Stephanie N. Morman
        Stephanie N. Morman (MOR105)
        *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2006, I electronically filed the foregoing with the Clerk of the Court and also served a copy of the foregoing on the Petitioner, by placing said copy in the United States mail, first class, postage prepaid, and addressed as follows:

    Terrance Robinson
    AIS #182958
    Bullock Correctional Facility
    Post Office Box 5107
    Union Springs, Alabama 36089

    /s/Stephanie N. Morman
    Stephanie N. Morman (MOR105)
    Office of the Attorney General
    Alabama State House
    11 South Union
    Montgomery, AL 36130-0152
    Telephone: (334) 242-7300
    Fax: (334) 242-2848
    E-Mail: smorman@ago.state.al.us

140866/94491-001