IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

TERRANCE ROBINSON, #182 958              *

    Plaintiff,                                      *

        v.                                          *    2:06-CV-358-WKW
                                                                          (WO)

WARDEN ARNOLD HOLT, *et al.*,            *

    Defendants.                                     *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Terrance Robinson, a state inmate, on April 14, 2006. Following a trial in the Circuit Court for Bullock County, Alabama, a jury convicted Robinson of murder on July 21, 1995. The trial court sentenced him to life imprisonment. By operation of law, Robinson's conviction became final on September 6, 1996.

Pursuant to the orders of this court, Respondents filed a supplemental answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because Robinson's conviction became final in September of 1996 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Robinson filed a state post-conviction petition on June 6, 1997. They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Robinson filing the present federal habeas petition. (Doc. No. 12 at pgs. 13-14; *see also* Doc. No. 8, Exh. 1 at pg. 22.); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333- 1335. n.4 (11th Cir. 2001). Upon review of the pleadings filed in this case and applicable case law, it appears that Robinson's § 2254 petition is precluded from review by this court as it was filed outside the pertinent period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgments expires. Robinson was convicted of murder by the Circuit Court for Bullock County, Alabama, on July 21, 1995 and sentenced to life imprisonment. The Alabama Court of Criminal affirmed Robinson's appeal of his conviction on April 19, 1996. Robinson's application for rehearing was denied by the appellate court on August 23, 1996. *See Robinson v. State*, 686 So.2d 522 (Ala. Crim. App. 1996). Robinson did not further appeal his conviction. Since Robinson failed to seek relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking direct review of the 1995 conviction, therefore, lapsed upon expiration of the time

for filing a petition for writ of certiorari with the Alabama Supreme -- fourteen (14) days from the denial of the motion for rehearing. Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Robinson's murder conviction became final on September 6, 1996 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 272 days or eight months and 30 days after Robinson's conviction became final until the filing of a Rule 32 petition in the Circuit Court for Bullock County on June 6, 1997. The trial court denied the petition on August 14, 1997. Robinson did not appeal the denial of his post-conviction petition, and thus, his Rule 32 petition became final on September 26, 1997, after the time for filing an appeal had run. As of the aforementioned date, Robinson had 93 days of the applicable limitation period remaining within which to file a federal habeas petition. The court, therefore, concludes that the time allowed Petitioner for the filing of a federal habeas petition expired on December 29, 1997. Although Petitioner filed a second Rule 32 petition on August 11, 2000, this petition was not pending during the running of the limitation period as it was filed after expiration of this

time period.[2]  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  It is, therefore, clear that the state post-conviction petition filed by Robinson on August 11, 2000 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Robinson filing the instant § 2254 petition on April 14, 2006.  In light of the foregoing, it is

ORDERED that on or before June 27, 2006 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 12th day of June, 2006.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] Robinson's second Rule 32 petition was filed in the state court more than two years after § 2244(d)'s one-year period of limitation had expired. Robinson filed his federal habeas petition more than eight years after the one-year limitation period had expired.