In The United States District Court For The
Middle District Of Alabama, Northern Division



RECEIVED
2006 JUN 28 A 9:31

Terrance Robinson, #182958
    Plaintiff,

Vs.

Warden Arnold Holt, Et. Al.
    Defendants,

Civil Action No. 2:06-CV-358-WKW

## Answer To The Order Dated June 12, 2006

Comes now the plaintiff Terrance Robinson, and respectfully moves this honorable court pursuant to this his answer for the order which was issued on June 12, 2006. This court issued an order for the plaintiff to show cause why his federal habeas petition should not be denied as it was filed outside the one-year limitation period established by 28 U.S.C. § 2244 (d)(1).

The plaintiff submits that his petition before this honorable court is filed pursuant an actual innocence claim, where the court's has determined that a petitioner's claim under 28 U.S.C. § 2244 (d)(1)(A), will be heard if the petitioner can show that he is actually

1.

innocent of the crime and charge that has been placed upon him. The United States Supreme Court has recognized that a habeas petitioner's failure to comply with procedural requirements may be excused in a narrow catagory of cases the Court has deemed fundamental miscarriages of Justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). A fundamental miscarriage of Justice occurs when a constitutional violation probably has caused the conviction of one which is actually innocent of the crime. <u>Schlup v. Delo</u>, 513 U.S. 298, 325 (1995). A claim of actual innocence is a gateway through which a habeas petitioner must past to have his otherwise barred constitutional claim considered on the merits. <u>Schlup v. Delo</u>, id. at 315 (quoting <u>Herrera v. Collins</u>, 506 U.S. 390, 404 (1993). When an individual makes a colorable claim of actual innocence, courts will forgive procedural defaults and hear the habeas petition.

The plaintiff Terrance Robinson was indicted and charged with the shooting death of Robert Charles Junior Brubbs, in violation of § 13A-6-2, but the plaintiff never shot this person. It is a known fact to this Court, and the Circuit Court of Bullock County, that Oneal Jackson shot and attempted

2.

to rob the victim Robert Charles Junior Grubbs, which caused his death. It is also a known fact that Oneal Jackson pleaded guilty to the murder to keep from obtaining a capital murder, and testified that Terrance Robinson had nothing to do with the murder or robbery of the victim. This would mean that the trial court could not indict or charge Terrance Robinson with murder, and he is actually innocent of the crime of murder.

Although the prototypical example of actual innocence is the case where the state has convicted the wrong person of the crime, the exception is equally applicable where, as here, the state has charged a person with the wrong crime, Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992). As the Eighth Circuit recognized in Jones v. Delo, 56 F.3d. 878 (8th Cir. 1995). One is also actually innocent if the state has the right person, but he is not guilty of the crime with which he is charged.

For the above stated reasons, the Plaintiff's claim and petition should be granted, because the plaintiff has not killed anyone as he was indicted and charged for by the state.

Respectfully Submitted,
Terrance Robinson

Done this 23rd day of June 2006;

3.

## Certificate of Service

I hereby certify that a copy of the foregoing has been served on all interested parties, by placing a copy of the same in the United States Mail, postage prepaid and addressed to the following;

Clerk of the United States Middle
    District of Alabama
    P.O. Box 711
    Montgomery, Alabama - 36101-0711

Office of the Attorney General
    11 South Union Street
    Montgomery, Alabama - 36130-0152

Done this 23rd day of June 2006;

Respectfully Submitted,
Terrance Robinson

4.