IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRANCE ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv358-WKW |
| | ) | |
| ARNOLD HOLT, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Terrance Robinson, a state inmate, on April 14, 2006. Following a trial in the Circuit Court for Bullock County, Alabama, a jury convicted Robinson of murder on July 21, 1995. The trial court sentenced him to life imprisonment. By operation of law, Robinson's conviction became final on September 6, 1996. Pursuant to the orders of this court, respondents filed a supplemental answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). Respondents contend that because Robinson's conviction became final in September of 1996 – after the effective date of the statute of limitations – he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Robinson filed a state post-conviction petition on June 6, 1997. They maintain, however, that even allowing a tolling of the limitation period during the pendency of this

Rule 32 petition, the limitation period expired prior to Robinson filing the present federal habeas petition. (Doc. # 12 at pgs. 13-14; *see also* Doc.# 8, Ex. 1 at pg. 22.); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-35. n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and applicable case law, it appears that Robinson's § 2254 petition is precluded from review by this court as it was filed outside the pertinent period of limitation. 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C.§ 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgments expires. Robinson was convicted of murder by the Circuit Court for Bullock County, Alabama, on July 21, 1995 and sentenced to life imprisonment. The Alabama Court of Criminal affirmed Robinson's appeal of his conviction on April 19, 1996. Robinson's application for rehearing was denied by the appellate court on August 23, 1996. *See Robinson v. State*, 686 So.2d 522 (Ala. Crim. App. 1996). Robinson did not further appeal his conviction. Since Robinson failed to seek relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court, and the time for seeking direct review of the 1995 conviction lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme – fourteen (14) days from the denial of the motion for rehearing. ALA. R. APP. P. 39(b). *See Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); *see also* SUP. CT. R. 13.1 (a petition for writ of certiorari may only be filed to review a judgment or order entered by a

state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Robinson's murder conviction became final on September 6, 1996, and the one-year limitation period contained in § 2244(d)(1)(A) began to run on this date. 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 272 days or eight months and 30 days after Robinson's conviction became final until he filed an ALA.R.CRIM.P. 32 petition in the Circuit Court for Bullock County, Alabama on June 6, 1997. The trial court denied the petition on August 14, 1997. Robinson did not appeal the denial of his post-conviction petition, and thus, his ALA.R.CRIM.P. 32 petition became final on September 26, 1997, after the time for filing an appeal had run. As of the aforementioned date, Robinson had 93 days of the applicable limitation period remaining within which to file a federal habeas petition. The court, therefore, concludes that the time allowed Robinson for the filing of a federal habeas petition expired on December 29,1997. Although Robinson filed additional Rule 32 petitions on August 11, 2000, October 14, 2003 and February 14, 2005, these petitions were not pending during the running of the limitation period as they were filed after expiration of the one year limitation period. "[E]ven 'properly filed' state court petitions must be 'pending' [during the one year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot

toll that period because there is no period remaining to be tolled." *Webster*, 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Robinson filing the instant §2254 petition on April 14, 2006.

The court has afforded Robinson an opportunity to demonstrate why the expiration of the limitations period does not foreclose this court from reviewing his habeas petition. Robinson responds that the court may excuse his failure to timely filed his petition because he is actually innocent of the crime of murder. Where the § 2244(d)(1) limitation period has expired and the petitioner is claiming actual innocence, the court must first consider whether the petitioner can show actual innocence. *Arthur v. Allen*, 452 F.3d 1234, 1244 (11th Cir. 2006). A habeas petitioner asserting actual innocence to avoid a procedural bar must show that his conviction "probably resulted" from "a constitutional violation." *Schlup v. Delo*, 513 U.S. 298, 327(1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496(1986)). The petitioner meets the "probably resulted" standard by demonstrating, based on the new evidence, "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327, 329. The "reasonable doubt" standard is not to be determined on the basis of the court's independent judgment, but should be based on the "probabilistic determination about what reasonable, properly instructed jurors would do."

*Id.* at 329. The petitioner must support the actual innocence claim "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.* at 324. A petitioner meets the "threshold showing of innocence" justifying "a review of the merits of the constitutional claims" if the new evidence raises "sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317.

Robinson fails to meet the requisite showing. Primarily, Robinson has failed to adduce any new, reliable evidence. Robinson argues that he did not shoot the victim. These facts are hardly new; they were well known to Robinson at the time of his trial. Moreover, Robinson's claim of actual innocence is meritless. The record before the court shows that Robinson was convicted of murder on the basis of aiding or abetting another person in the commission of the offense. *See* ALA. CODE § 13A-2-23(2). Thus, as a matter of law, Robinson fails to demonstrate actual innocence.

The court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired well before Robinson filed his federal habeas petition. Therefore, Robinson's petition is time-barred, and this court may not address the merits. The court further concludes that the petitioner has failed to show cause why his petition should not be dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied, that this case be

5

dismissed pursuant to 28 U.S.C. § 2244(d), and that the costs of this proceeding be taxed against the petitioner. Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **December 27, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of December, 2006.

                                        /s/Charles S. Coody
                                    CHARLES S. COODY
                                    CHIEF UNITED STATES MAGISTRATE JUDGE